Joseph W. Cotchett (36324)
Philip L. Gregory (95217)
Steven N. Williams (175489)
Adam J. Zapala (245748)
Toriana S. Holmes (282600)
Mark F. Ram (294050)
Joyce M. Chang (300780)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
pgregory@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com
tholmes@cpmlegal.com
mram@cpmlegal.com
jchang@cpmlegal.com

*Attorneys for Plaintiffs John William Kiefer, III, Matthew Mitchell, Susan Gonzalez-Pender, and Terese Russell*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: QUALCOMM ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 17-MD-2773-LHK<br><br>**NOTICE OF MOTION AND MOTION TO APPOINT COTCHETT, PITRE & MCCARTHY, LLP AS INTERIM CO-LEAD PLAINTIFFS' COUNSEL**<br><br>Hon. Lucy H. Koh<br><br>Hearing Date: May 11, 2017<br>Hearing Time: 1:30 p.m. |

**Motion to Appoint Cotchett, Pitre & McCarthy, LLP as Interim Co-Lead Counsel**
**Case No. 17-md-2773-LHK**

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 11, 2017, at 1:30 p.m. or as soon thereafter as the matter may be heard before the Honorable Lucy H. Koh of the United States District Court, Northern District of California, Courtroom 8, 280 South 1st Street, San Jose, California, Plaintiffs John William Kiefer III, Matthew Mitchell, Susan Gonzalez-Pender, and Terese Russell, will move and hereby move the Court for an order appointing Cotchett, Pitre & McCarthy, LLP ("CPM") to serve as Interim Co-Lead Plaintiffs' Counsel for the proposed Classes.

This motion is brought under Federal Rule of Civil Procedure 23(g) and the Court's April 13, 2017 Order Setting Schedule for Appointment of Interim Class Counsel and Consolidated Amended Complaint and Response (ECF No. 3). CPM satisfies all of the criteria under Rule 23(g), as well as those identified by plaintiffs in the April 12, 2017 Joint Status Conference Statement (ECF No. 2). Specifically, CPM: (1) has extensive knowledge and experience prosecuting complex litigation and antitrust class actions; (2) is willing and able to commit to a time-consuming process; (3) is able to work cooperatively and efficiently with others; (4) has access to sufficient resources to prosecute this action in an efficient and timely manner; (5) is committed to prioritizing the interests of the putative classes over its own interests; (6) performed extensive work identifying and investigating potential claims in this action; and (7) has a proposal for attorneys' fees and costs that will serve the classes' interests.

This motion is based on this notice, the accompanying memorandum of points and authorities, and the declaration of Steven N. Williams and the exhibits attached thereto, and any additional argument or evidence the Court may consider at the hearing.

Dated: April 28, 2017                           Respectfully Submitted,

By:   */s/ Steven N. Williams*

Joseph W. Cotchett (36324)
Philip L. Gregory (95217)
Steven N. Williams (175489)
Adam J. Zapala (245748)
Toriana S. Holmes (282600)

| | |
|---|---|
| 1 | Mark F. Ram (294050) |
| 2 | Joyce M. Chang (300780) |
|   | **COTCHETT, PITRE & McCARTHY, LLP** |
| 3 | 840 Malcolm Road, Suite 200 |
|   | Burlingame, CA 94010 |
| 4 | Telephone: (650) 697-6000 |
|   | Facsimile: (650) 697-0577 |
| 5 | jcotchett@cpmlegal.com |
|   | pgregory@cpmlegal.com |
| 6 | swilliams@cpmlegal.com |
|   | azapala@cpmlegal.com |
| 7 | tholmes@cpmlegal.com |
|   | mram@cpmlegal.com |
|   | jchang@cpmlegal.com |

*Attorneys for Plaintiffs John William Kiefer, III, Matthew Mitchell, Susan Gonzalez-Pender, and Terese Russell*

# TABLE OF CONTENTS

Page

I. STATEMENT OF THE ISSUE TO BE DECIDED ........................................................... 1

II. INTRODUCTION .............................................................................................................. 1

III. ARGUMENT ...................................................................................................................... 1

    A. CPM Has Extensive Knowledge and Experience Prosecuting Indirect Purchaser Antitrust Class Actions ........................................................................ 2

    B. CPM Is Willing And Able To Commit To A Time-Consuming Process. ............... 6

    C. CPM Has A Proven Ability To Work Cooperatively And Efficiently With Others. .................................................................................................................... 7

    D. CPM Has Sufficient Resources To Prosecute This Action In An Efficient And Timely Manner. .............................................................................................. 8

    E. CPM Is Committed To Prioritizing The Interests Of The Putative Classes Over Their Own. ..................................................................................................... 9

    F. CPM Performed Extensive Work Identifying And Investigating Potential Claims In This Action. ............................................................................................. 9

    G. Fee, Time, and Cost Controls ............................................................................... 10

IV. CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Yahoo! Inc. Customer Data Security Breach Litig.*,
  No. 16-md-02752-LHK (N.D. Cal. Feb. 9, 2017) ...........................................................................2

**Other Authorities**

*Manual for Complex Litig.* § 10.221 (4th ed. 2004) ........................................................................1

**Rules**

Fed. R. Civ. P. 23(g) .......................................................................................................................1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    STATEMENT OF THE ISSUE TO BE DECIDED**

Whether Cotchett, Pitre & McCarthy, LLP should be appointed Interim Co-Lead Counsel for the putative plaintiff classes pursuant to Federal Rule of Civil Procedure 23(g).

**II.   INTRODUCTION**

Plaintiffs John William Kiefer III, Matthew Mitchell, Susan Gonzalez-Pender and Terese Russell respectfully submit this memorandum in support of their motion for an order appointing Cotchett, Pitre, & McCarthy, LLP ("CPM") as Interim Co-Lead Counsel for the Plaintiff Classes pursuant to this Court's April 13, 2017 Order Setting Schedule for Appointment of Interim Counsel. ECF No. 3. The primary concern in appointing leadership in a complex action "is achieving efficiency and economy without jeopardizing fairness to the parties." *Manual for Complex Litig.* § 10.221 (4th ed. 2004). This goal is best achieved by appointing CPM Interim Co-Lead Counsel with Hausfeld LLP ("Hausfeld") and Louise H. Renne of Renne Sloan Holtzman Sakai LLP ("Renne Sloan") as liaison counsel.

CPM has substantial expertise and experience leading the prosecution of indirect purchaser antitrust class actions, a demonstrated dedication to complex and lengthy litigation, an established record of working cooperatively and efficiently with others, the resources necessary to prosecute this action vigorously, a proven commitment to prioritizing the interests of consumer class members and justice over their own interests, thoroughly investigated Qualcomm's patent licensing practices, a substantial presence in this District, and an attorney fee, time, and cost control proposal that will serve the interests of the class. Moreover, CPM and Hausfeld have successfully led the prosecution of other complex antitrust class actions together. For the reasons set forth below, CPM satisfies the factors outlined in Fed. R. Civ. P. 23(g) and the criteria identified by the plaintiffs in the Joint Status Conference Statement (ECF No. 2 at 4) for appointment of interim lead counsel.

**III.  ARGUMENT**

This Court has in previous orders set forth the "chief criteria" for appointment of Interim Lead Class Counsel: (1) knowledge and experience in prosecuting complex litigation, including

---

Law Offices
COTCHETT, PITRE &
MCCARTHY, LLP

**Motion to Appoint Cotchett, Pitre & McCarthy, LLP as Interim Co-Lead Counsel**
**Case No. 17-md-2773-LHK**                                                                                        1

antitrust indirect purchaser class actions; (2) willingness and ability to commit to a time-consuming process; (3) ability to work cooperatively and efficiently with others; (4) access to sufficient resources to prosecute this action in an efficient and timely manner; and (5) commitment to prioritizing the interests of the putative classes. *See, e.g.*, *In re Yahoo! Inc. Customer Data Security Breach Litig.*, No. 16-md-02752-LHK, ECF No. 44 at 1 (N.D. Cal. Feb. 9, 2017) (Order Selecting Lead Plaintiffs' Counsel and Plaintiffs' Executive Committee) ("These criteria largely track the four factors a district court must consider under Rule 23(g)(1)(A)"). In the April 12, 2017 Joint Status Conference Statement, plaintiffs agreed that an additional relevant factor for the Court's consideration was work performed by counsel in identifying or investigating potential claims in the action. ECF No. 2 at 4

### A. CPM Has Extensive Knowledge and Experience Prosecuting Indirect Purchaser Antitrust Class Actions

CPM has substantial experience litigating indirect purchaser antitrust class actions, as well as other complex actions. CPM has been at the forefront of private antitrust enforcement, successfully leading the prosecution of antitrust cases, including those involving computer components, consumer electronics, and automotive parts. Its extensive and successful leadership experience includes cases in this District and federal courts across the country. *See* Declaration of Steven N. Williams ("Williams Decl.") ¶¶ 4-11, Ex. A (CPM Firm Resume at 5-14).

CPM's reputation is one reason large institutional investors and public entities, such as the California State Teachers' Retirement System and The Regents of the University of California, have selected CPM as counsel in some of their most important cases. Williams Decl., ¶ 12.[1] CPM

---

[1] *See In re Worldcom, Inc. Securities Litig.*, 02 Civ. 3288 (DLC) (S.D.N.Y.); *The Regents of the University of California v. Salomon Smith Barney, Inc.*; *Regents of the Univ. of California v. Superior Court,* 165 Cal.App.4th 672 (2008); *California State Teachers' Retirement System v. Qwest Communications*; *California State Teachers' Retirement System v. AOL Time Warner*; *In re Libor-Based Financial Instruments Antitrust Litig.*, No. 11 MDL 2262 (NRB) (S.D.N.Y.) (representing the Counties of San Mateo and San Diego, the cities of Richmond and Riverside, East Bay Municipal Utility District, and other public entities); *In re Municipal Derivatives Antitrust Litig.*, MDL No. 1950 (S.D.N.Y.) (representing Los Angeles and numerous public entities); *People of the State of California v. Atlantic Richfield*, Santa Clara Sup. Ct., No. 1-00-CV-788657 (representing the People of the State of California along with ten California cities and counties).

has been named to the *National Law Journal's* "Litigation Boutiques Hot List" and the "Plaintiffs' Hot List". *Id.* CPM has been named to the *National Law Journal's* list of Elite Trial Lawyers several times. California's leading legal publication, The *Daily Journal*, has named CPM one of the top law firms in Northern California. *Id.*

### Cotchett, Pitre & McCarthy Team led by Steven N. Williams

No firm or individual applicant in this case has more experience or success in prosecuting indirect purchaser class actions than Cotchett, Pitre & McCarthy, including Joseph W. Cotchett, Steven N. Williams, and team. *See* Williams Decl., ¶¶ 13-28, Ex. A. Mr. Williams and CPM have repeatedly been appointed as lead class counsel in indirect purchaser antitrust cases by federal courts and have a proven track record of success in those cases. Williams Decl., ¶4, Ex. A at 5-14, 20-23. Mr. Williams and CPM presently serve as co-lead counsel for the end-payor plaintiff class in **In re Automotive Parts Antitrust Litigation**, MDL No. 2311 (E.D. Mich.) ("*Auto Parts*"), one of the largest price-fixing cases ever. Williams Decl., ¶ 4. The end-payor class in the *Auto Parts* case has already recovered over $615 million in settlements, making it one of the largest indirect purchaser recoveries in history. *Id.* Other antitrust class actions, including indirect purchaser actions, in which Mr. Williams and CPM have served as either lead counsel or co-lead counsel include: **In re Lithium Ion Batteries Antitrust Litigation**, No. 13-md-2420-YGR (N.D. Cal.); **In re Capacitors Antitrust Litigation**, No. 14-cv-03264-JD (N.D. Cal.); **In re Resistors Antirust Litigation**, No. 15-cv-03820-JD (N.D. Cal.); **In re Domestic Airline Travel Antitrust Litigation**, No. 15-1404 (CCK) (MDL No. 2656) (D. D.C**.**); **In re Broiler Chicken Antitrust Litigation,** No. 16-cv-8637 (TMD) (N.D. Ill.); **In re Transpacific Passenger Air Transportation Antitrust Litigation**, No. 07-cv-5634-CRB (N.D. Cal.); **Precision Associates Inc. v. Panalpina World Transport (Holding) Ltd.**, No. 08-cv-000442 (JG) (VVP) (E.D.N.Y.); **In re Static Random Access Memory (SRAM) Antitrust Litigation**, No. 07-CV-01819-CW (N.D. Cal.); **In re Flash Memory Antitrust Litigation**, No. 07-0086-SBA (N.D. Cal.); and **In re: Plasma Derivative Protein Therapies Antitrust Litigation**, No. 10-cv-05686 (MDL No. 2109) (N.D. Cal.). Williams Decl., ¶ 4. In addition to being appointed to many lead counsel positions, CPM has played an active role as Executive Committee, Steering Committee, and Committee Chair in a number of

other class actions. *Id.* ¶ 6.  Some cases in which CPM currently serves, or has served, as committee member are *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, MDL No. 2724 (E.D. Pa.); *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. 02-cv-1486-PJH (MDL No. 1486) (N.D. Cal.); *In re Cathode Ray Tube (CRT) Antitrust Litigation*, No. 07-cv-05944-SC (MDL No. 1917) (N.D. Cal.); *In re Optical Disk Drive (ODD) Antitrust Litigation*, No. 3:10-md-02143-RS (MDL No. 2143) (N.D. Cal.); and *In re Parking Heaters Antitrust Litigation*, No. 15-mc-00940-JG-JO (E.D.N.Y). Williams Decl., ¶¶ 7-11.

Mr. Williams serves on the Advisory Committee of the Cartel and Criminal Practice Committee of the American Bar Association and is an officer of the California State Bar Antitrust Executive Committee. Williams Decl., ¶ 18. Mr. Williams participated in drafting California's electronic discovery statute as a member of the California Discovery Subcommittee. *Id.*  For additional cases successfully prosecuted by Mr. Williams and CPM, refer to pages 5-14 (CPM's Antitrust Cases) and 20-23 (Mr. Williams' Biography) of Exhibit A to Mr. Williams' Declaration.

### Joseph W. Cotchett

CPM Senior Partner Joseph W. Cotchett, as stated by the National Law Journal, is considered by plaintiffs and defense attorneys to be one of the foremost trial attorneys in the country, having tried more than 100 cases to verdict in jurisdictions across the country.  Mr. Cotchett was named Antitrust Lawyer of the Year in 2011 by the State Bar of California Antitrust and Unfair Competition Section, and has tried more antitrust cases to verdict than any lawyer presently before this Court.  Mr. Cotchett is the author of several books, including Federal Courtroom Evidence.  He is known nationally as the trial lawyer for 23,000 plaintiffs in the *Lincoln Savings & Loan Association/American Continental Corp.* case involving Charles Keating, winning one of the largest jury verdicts in U.S. history, $3.3 billion.  *See* Williams Decl., ¶¶ 20-23.  Mr. Cotchett's biography is located in fuller form at pages 15-19 of Exhibit A to Mr. Williams' Declaration.

### Philip L. Gregory

CPM Partner Philip L. Gregory has over thirty-five years of experience litigating complex class actions.  Mr. Gregory currently serves as interim co-lead counsel in *In re Lenovo Adware*

*Litigation*, No. 15-md-02624-RMW (N.D. Cal.). He served as lead co-counsel in *Neil v. Zell*, No. 08-cv-06833 (RRP) (N.D. Ill.), an employment class action arising out of the 2007 leveraged buy-out of the Tribune Company, and as Plaintiffs' Liaison Counsel in *In re Apple Computer, Inc., Derivative Litigation*, No. C-06-4128-JF (N.D. Cal.). Mr. Gregory currently serves, and has also served, as primary counsel for plaintiffs in numerous multi-plaintiff actions in state and federal courts in California.

### Adam J. Zapala

CPM Partner Adam J. Zapala has successfully served in several leadership positions on behalf of plaintiffs in numerous complex antitrust class actions.  Mr. Zapala's precision and deep understanding of antitrust laws have been essential to the successful litigation and resolution of many antitrust and business matters.  Mr. Zapala was at the forefront of securing approximately $290 million in settlements with defendants for the benefit of the class in the case *Precision Associates Inc. v. Panalpina World Transport (Holding) Ltd.*, No. 08-cv-000442-BMC-PK.  Mr. Zapala was named to the 2016 Northern California Rising Stars List.

### Toriana S. Holmes

CPM Associate Toriana S. Holmes prosecutes and defends complex business and consumer disputes in the antitrust, securities, and bankruptcy fields.  Ms. Holmes currently represents public entities in a coordinated proceeding against bond insurers that allegedly violated antitrust laws by conspiring to maintain a discriminatory dual credit rating system.  *AMBAC Bond Insurance Cases*, JCCP No. 4555 (San Francisco Super. Ct.).

### Joyce M. Chang

CPM Associate Joyce Chang has fiercely litigated a number of complex antirust class actions.  Ms. Chang has meticulously and extensively been involved with all forms of discovery and motion practice.  Ms. Chang continues to be at the forefront of investigating and litigating claims on behalf of the end-payor plaintiff class in *In re Automotive Parts Antitrust Litigation*, MDL 2311 (E.D. Mich.) ("Auto Parts"), one of the largest indirect purchaser cases ever.

### Mark F. Ram

CPM Associate Mark F. Ram focuses his practice on the prosecution of indirect purchaser

antitrust and consumer class actions. Mr. Ram's current caseload includes *In re Broiler Chicken Antitrust Litigation* (N.D. Ill.); *In re Capacitors Antitrust Litigation* (N.D. Cal.); *In re Resistors Antitrust Litigation* (N.D. Cal.); *In re Vizio Consumer Privacy Litigation*, MDL No. 2963 (C.D. Cal.). Having previously served as a law clerk to Judges John E. Munter (Ret.) and Mary E. Wiss in the Complex Litigation Department at the San Francisco Superior Court, Mr. Ram is well-versed in case management strategies and creative procedural maneuvers designed to bring complex cases to early and efficient resolution.

### B. CPM Is Willing And Able To Commit To A Time-Consuming Process.

CPM is willing and able to prosecute this litigation to its successful conclusion, no matter how long it takes. Williams Decl., ¶ 29. The firm's record of pursing complex cases over many years demonstrates the veracity of this statement. For instance, CPM has actively prosecuted cases in the *Auto Parts* MDL since 2011, achieving settlements worth more than $615 million on behalf of end-payor consumers. MDL No. 2311 (E.D. Mich.). And CPM is willing to take class action cases to trial, having successfully tried a number of class actions to a jury verdict. *See* Williams Decl., ¶ 29. In 2011, CPM went to trial in one of the earliest class actions tried under the Private Securities Litigation Reform Act, winning a jury verdict of $64.6 million on behalf of the class. *Simpson v. Homestore.Com, Inc.*, 2:01-cv-11115 (C.D. Cal.). The same year, CPM won a $151.7 million jury verdict on behalf of a class victimized by a Ponzi scheme. *Massoyan v. HL Leasing, Inc.*, Fresno Super. Ct., No. 09-CECG 01839. In 2013, Joseph Cotchett, Nancy Fineman, and their team at CPM, secured a ground-breaking $1.15 billion judgment against the lead paint industry after a two-month trial in Santa Clara Superior Court. *People of the State of California v. Atlantic Richfield*, Santa Clara Sup. Ct., No. 1-00-CV-788657 ("*Lead Paint*"). The *Lead Paint* verdict was the result of 13 years of hard fought litigation, including multiple trips to the California Court of Appeal and the Supreme Court of California, and stands as the only successful trial against the lead paint industry for creating a public nuisance threatening the health and well-being of children. *See*, *e.g.*, *County of Santa Clara v. Atlantic Richfield*, 50 Cal.4th 35 (2010), 161 Cal.App.4th 1140 (2008), 137 Cal.App.4th 292 (2006). *See* Williams Decl., ¶ 29.

### C. CPM Has A Proven Ability To Work Cooperatively And Efficiently With Others.

CPM attorneys have a track record of professionalism and collegiality in working with courts and their staff, government entities and lawyers, other plaintiff groups, and defense counsel and their clients.  Williams Decl., ¶ 30.  They understand that professional and courteous relations among counsel working on behalf of the same proposed class, as well as with opposing counsel, are essential to the conduct and management of complex litigation such as this one.  *Id.*  As demonstrated by repeated appointments by federal courts in this District and throughout the country to lead complex class actions, CPM has earned the confidence of courts as a law firm capable of effectively and efficiently managing complex antitrust class actions. CPM has experience working with most of the other plaintiffs' firms in this action and is honored and proud to have earned their respect and the opportunity to work cooperatively with those firms in case after case.  *Id.*, ¶ 33.

CPM has a proven track record of successfully working as co-lead counsel with Hausfeld. Williams Decl., ¶ 31.  Judge Charles R. Breyer stated that CPM and Hausfeld's efforts in *In re International Air Transportation Surcharge Antitrust Litigation*, produced "an outstanding settlement in which a group of lawyers from two firms coordinated the work . . . and brought an enormous expertise and then experience in dealing with the case." No. 06-cv-01793-CRB (N.D. Cal. Jan. 29, 2009) (Hr'g Tr. 5:20-25, 7:11-12).  Together, CPM and Hausfeld, as Judge Breyer put it, are "more than competent.  They are outstanding." *Id.*  CPM and Hausfeld's prior joint successes as co-lead counsel include:

- ***In re International Air Transportation Surcharge Antitrust Litigation***, No. 06-cv-01793-CRB (N.D. Cal.): As Co-Lead Counsel, CPM and Hausfeld secured a settlement of over **$200 million** in an MDL alleging price-fixing of air passenger tickets by Virgin Atlantic Airways, Ltd. and British Airways plc.

- ***In re Transpacific Air Passenger Transportation Antitrust Litigation***, No. 07-cv-05634-CRB (N.D. Cal.): CPM and Hausfeld are co-lead counsel in this ongoing action which alleges a conspiracy to impose surcharges on transpacific air travel. CPM and Hausfeld have already achieved more than **$39 million** in settlements from nine defendants; defeated a summary judgment motion; and won an appeal of the summary judgment order where the Ninth Circuit held that the filed rate doctrine did not immunize defendants from liability. *Wortman v. All Nippon Airways*, -- F.3d --, 2017 WL 1363805 (9th Cir. Apr. 14, 2017).

CPM and Hausfeld also serve as co-lead counsel prosecuting *In re Domestic Airline Travel Antitrust Litigation*, MDL No. 2656 (D. D.C.), where they have already defeated a motion to dismiss the class' claim that four of the nation's largest airlines conspired to artificially stabilize or reduce seating capacity in the industry. Williams Decl., ¶ 32. These past successes demonstrate that the firms can effectively work together and that the classes' interests will be served best by CPM and Hausfeld's appointment as co-lead counsel in this case.

CPM is committed to a case management structure in which the contributions of other capable lawyers and law firms are welcomed and utilized. Williams Decl., ¶ 33. CPM recognizes, and intends to draw on, those plaintiffs' counsel with skill sets that are best suited to the needs of the case. *Id.* Many of the plaintiffs firms in this case have significant experience in antitrust and consumer class actions that will benefit the classes and CPM has every intention of including those firms for the benefit of the classes. *Id.* These firms will assist with document review, deposition taking and defense, motion practice, and trial. *Id.* Work will be performed only at the direction of Co-Lead Counsel. *Id.*

> **D.     CPM Has Sufficient Resources To Prosecute This Action In An Efficient And Timely Manner.**

CPM has the resources and experience to litigate complex cases of this magnitude and, as history has demonstrated, is committed to expending the time, energy, and financial resources necessary to lead this litigation in the best interests of the plaintiff classes. Williams Decl., ¶34. CPM has over 30 attorneys, and offices in Burlingame, Los Angeles, and New York. *Id.*, ¶ 35. CPM's attorney and paralegal resources will ensure that the case will be staffed appropriately and efficiently so that senior attorneys are not performing junior attorney work, and junior attorneys are not performing paralegal work. *Id.*

In successfully prosecuting class actions, CPM routinely advances the significant costs of litigation and has demonstrated an ability and willingness to dedicate its substantial resources to vigorously prosecute the claims of putative class members. Williams Decl., ¶ 36. CPM is prepared to commit the resources necessary to effectively and vigorously prosecute this case to a successful conclusion. *Id.*, ¶ 34. The firm has managed many large, complex and expensive

cases, such as *Lead Paint*, which was litigated for thirteen years before the firm secured the landmark $1.15 billion judgment. *Id.*, ¶ 29. This is but one representative example of CPM's ability to commit to a complex, time-consuming process. CPM's Resume, attached as Exhibit A to Mr. Williams' Declaration, sets forth the firm's long history and experience litigating expensive, long, and financially risky cases.

### E.  CPM Is Committed To Prioritizing The Interests Of The Putative Classes Over Their Own.

For over 45 years, CPM has been dedicated to prosecuting and defending socially just actions. Williams Decl., Ex. A at 2. The core of the firm is its people and their dedication to principles of law and commitment to justice. Williams Decl., ¶ 37. Consistent with these principles and commitments, Mr. Williams and CPM recognize that their ability to protect and prioritize the interests of the proposed classes is of paramount importance to the role of Interim Class Counsel. *Id.* As demonstrated by CPM's experience and successes in antitrust class actions highlighted above, along with the myriad other successes (and those litigation losses not advertised), CPM has a long history of exposing itself to the risk of significant financial loss in the interest of achieving substantial justice on behalf of plaintiffs and class members. Williams Decl., ¶ 37, Ex. A at 5-20.

### F.  CPM Performed Extensive Work Identifying And Investigating Potential Claims In This Action.

CPM conducted a thorough analysis of Qualcomm's patent licensing practices. Williams Decl., ¶ 38. CPM investigated the factual allegations and researched and analyzed potential legal claims that could be brought on behalf of consumers. *Id.* This investigation has included the facts at issue in the Korean Fair Trade Commission's ("KFTC") decision fining Qualcomm $854 million for anticompetitive conduct in connection with its licensing practices. *Id.* The KFTC's fine confirmed what CPM had learned through its investigation. CPM attorneys further investigated the factual underpinnings of the KFTC's fine, and researched, analyzed, and evaluated the potential claims that could be brought against Qualcomm. *Id.*

The Federal Trade Commission commenced its enforcement action on January 17, 2017.

(*Federal Trade Commission v. Qualcomm, Inc.*, No. 17-cv-00220.) Rather than rushing to the courthouse on the heels of the FTC action, and rather than merely copying the first-filed consumer complaint,[2] CPM continued to meticulously and extensively investigate Qualcomm's licensing practices, and continued to refine their analysis of the claims to bring (and the legal theories upon which to rest them) on behalf of their clients. Williams Decl., ¶ 39; *Kiefer v. Qualcomm, Inc.*, No. 17-cv-0766 (complaint filed by CPM on February 16, 2017). CPM's deliberate and measured approach will undoubtedly serve the classes' best interests. *Id.*

### G. Fee, Time, and Cost Controls

CPM is cognizant of this Court's prior rulings concerning attorneys' fees in class actions, and is committed to litigating the case efficiently and economically, and its lawyers intend to use their experience in similar cases to streamline litigation. Williams Decl., ¶ 40. CPM attorneys are well-versed in using case management strategies to focus litigation. *Id.* If appointed, CPM and Hausfeld intend to implement a timekeeping and cost reporting protocol that will require all plaintiffs' counsel to maintain a daily record of their time and expenses incurred in connection with this litigation and provide monthly reports for review by CPM and Hausfeld. *Id.*, ¶ 41. Should the Court request it, CPM and Hausfeld will provide *in camera* submissions of time records for the Court's review on a regular basis. *Id.* And if appointed Interim Co-Lead Counsel, CPM and Hausfeld will propose for the Court's approval a protocol and standard for recoverable attorneys' fees and costs. *Id.*, ¶ 42. Finally, CPM is headquartered in this District and as such the class will not have to pay for the time and expenses to fly lawyers in for hearings, depositions, and meetings. And because CPM regularly practices in this District, it is fully familiar with the Local Rules and practices of this Court. *Id.*, ¶ 43.

### IV. CONCLUSION

Plaintiffs respectfully submit that CPM and Hausfeld are the most appropriate choice for Interim Co-Class Counsel to best serve the interests of the proposed classes. CPM supports the application of Louise H. Renne of Renne Sloan for appointment as liaison counsel.

Dated: April 28, 2017                                     Respectfully Submitted,

---

[2] *Bornstein v. Qualcomm, Inc.*, No. 5:17-cv-00234, filed by Hausfeld on January 18, 2017.

By:    */s/ Steven N. Williams*

Joseph W. Cotchett (36324)
Philip L. Gregory (95217)
Steven N. Williams (175489)
Adam J. Zapala (245748)
Toriana S. Holmes (282600)
Mark F. Ram (294050)
Joyce M. Chang (300780)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
pgregory@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com
tholmes@cpmlegal.com
mram@cpmlegal.com
jchang@cpmlegal.com

*Attorneys for Plaintiffs John William Kiefer, III, Matthew Mitchell, Susan Gonzalez-Pender, and Terese Russell*
