Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Jeff D. Friedman (173886)
Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
shanas@hbsslaw.com

Marc M. Seltzer (54534)
Kalpana D. Srinivasan (237460)
Steven G. Sklaver (237612)
Amanda Bonn (270891)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
mseltzer@susmangodfrey.com
ksrinivasan@susmangodfrey.com
ssklaver@susmangodfrey.com
abonn@susmangodfrey.com

*Attorneys for Plaintiffs Thomas McMahon & Sarah Key*

[Additional Counsel listed in Signature Block]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE QUALCOMM ANTITRUST LITIGATION | Case No. 17-MD-02773-LHK<br><br>NOTICE OF MOTION AND MOTION TO APPOINT HAGENS BERMAN SOBOL SHAPIRO LLP AND SUSMAN GODFREY LLP INTERIM CO-LEAD COUNSEL<br><br>Date:  May 11, 2017<br>Time:  1:30 p.m.<br>Dept:  Courtroom 8 - 4th Floor<br>Judge: Hon. Lucy H. Koh |

010177-12  659537 V1

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................1

II.   ARGUMENT ..............................................................................................................2

    A.   Hagens Berman and Susman Godfrey Will Use the Same Efficiency Measures that They Use to Achieve Exceptional Results – Including those in *Animation Workers* ..................................................................................................2

        1.   Efficient & Non-Duplicative Use of Attorneys .............................................3

        2.   Lead Attorneys ...............................................................................................3

        3.   Young Attorney Promise ................................................................................5

    B.   Susman Godfrey and Hagens Berman Have Specialized Expertise in the Unique Issues Raised by this Case ............................................................................6

    C.   Hagens Berman and Susman Godfrey Consistently Obtain Superior Results in Class Action Litigation in this District ....................................................................8

    D.   Hagens Berman and Susman Godfrey Have Done Original Work to Develop Claims of Class Members and Have the Necessary Resources to Litigate the Case by Themselves ..................................................................................................10

III.   CONCLUSION ..........................................................................................................10

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on May 11, 2017 at 1:30 pm in the courtroom of the Honorable Lucy H. Koh of the United States District Court of the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, CA 95113, plaintiffs will and hereby do move the Court pursuant to Federal Rules of Civil Procedure 23 for an order appointing Interim Co-Lead Class Counsel for the Plaintiff Class in the above-captioned actions. Specifically, plaintiffs request that the Court appoint Hagens Berman Sobol Shapiro LLP and Susman Godfrey L.L.P as Plaintiffs' Interim Co-Lead Class Counsel.

This motion is based on this notice and motion, the accompanying memorandum of points and authorities in support of the motion, the concurrently filed Declarations of Steve W. Berman and Kalpana Srinivasan, and the Proposed Order lodged concurrently herewith.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Hagens Berman Sobol Shapiro LLP and Susman Godfrey LLP propose a leadership structure of our two firms: full stop. We will litigate the entire case with a tight-knit team of attorneys with deep experience litigating antitrust cases, patent cases, and cases at the intersection of patent and antitrust law. There will be no executive committees, layers of firms, or work farmed out on an ad hoc basis to the myriad of lawyers at the dozens of different firms who have filed cases. Attorneys who oversee the document review will know the facts – leading to successful, well-written and supported briefs. Small numbers of attorneys will take related depositions, accumulate working knowledge of the facts (and previous testimony), and hone questioning and the development of consistent themes during cross-examination. These and other synergies and efficiencies will only be obtained by a small, coherent team of attorneys dedicated to this case. Our leadership structure is what putative class members deserve – effective representation with minimal duplication and without wasted effort.

In addition to nationally recognized experience and decades of antitrust success, Susman Godfrey and Hagens Berman have a depth of experience with patent law unmatched by any other firm applying for lead counsel. This specialized expertise will be a substantial benefit to the Class and the Court. Our attorneys have repeatedly tried patent infringement cases to verdict – no other firm has a comparable base of knowledge. This knowledge includes an understanding of the complicated intersection between the respective domains of patent and antitrust. Susman Godfrey's Joe Grinstein and Amanda Bonn are currently litigating *Oliver v. SD-3C*, an ongoing case in this District that – much like this one – alleges that vertically integrated firms abused their patent rights in intellectual property markets to foreclose competition in downstream consumer product markets.

By contrast, we understand the Hausfeld & Co. LLP and Cotchett Pitre & McCarthy LLP firms may plan to use a very different model,[1] where each of the firms that filed a total of 34

---

[1] On April 18, 2017, attorneys from Hagens Berman attended a meeting of plaintiffs' counsel who had filed actions in this litigation. The meeting was attended by approximately 40 plaintiff attorneys. At this meeting, Jeff D. Friedman, stated that Hagens Berman and Susman Godfrey intended to apply for co-lead counsel of the class for this litigation. In response, Michael Hausfeld of

1  different actions would potentially be assigned piecemeal work, and the firms' differing experience,

2  styles, and strategic approaches would be applied to a multitude of day-to-day assignments.[2] This

3  decentralization of work assignments in a case against only one defendant would likely lead to

4  inefficiencies and duplication of work with a crowd of attorneys handling overlapping assignments.

5  Bottom line: The Court is faced with two very different methods of managing this case. We

6  respectfully submit our approach is far better for class members; and has been very successful in

7  representing class members in comparable litigation in this district and elsewhere. If appointed,

8  Hagens Berman and Susman Godfrey will work tirelessly to secure an outstanding result for the

9  class. And, as detailed below, the class would be best served by this appointment based on the firms'

10 knowledge and expertise in patent litigation and our firms' track record of a higher percentage

11 recovery for the class than other firms.

12 **II.     ARGUMENT**

13 The Hagens Berman and Susman Godfrey team is best suited to represent the class because

14 we (1) will litigate this case with a dedicated team of attorneys within our two firms and use the

15 same efficient procedures in the *Animation Workers* matter, yielding tremendous results for the class;

16 (2) possess specialized expertise in patent law, and have handled cases involving the intersection

17 between antitrust and patent law, and other distinctive issues raised by this case; (3) have

18 consistently achieved superior results in antitrust class actions; and (4) did original work developing

19 plaintiffs' claims and possess sufficient resources to litigate this case.

20 **A.     Hagens Berman and Susman Godfrey Will Use the Same Efficiency Measures that They Use to Achieve Exceptional Results – Including those in *Animation Workers***

21

22 Hagens Berman and Susman Godfrey are committed to litigating this case efficiently with a

    tight, dedicated team of attorneys, whose collective and individual qualifications are set forth in the
23

24 ───────────────────────────────

   Hausfeld and Joseph Cotchett of Cotchett Pitre stated their belief that no two firms alone could
25 litigate this case and instead indicated that a much larger group of firms would be necessary. Mr.
   Hausfeld and Mr. Cotchett indicated that they were interested in the possibility of working with each
26 of the attorneys that were present at the meeting.

27 [2] Most of these actions were filed jointly by multiple plaintiffs' law firms and therefore the
   number of involved firms would far exceed thirty-four. We note that we do not question the
28 qualifications of either the Hausfeld or Cotchett Pitre firms.

Declarations of Steve W. Berman and Kalpana Srinivasan.[3] Hagens Berman and Susman Godfrey will implement from the outset of this litigation the following measures, many of which were also used for the benefit of the class in *Animation Workers*.

### 1.     Efficient & Non-Duplicative Use of Attorneys

Plaintiffs' proposed co-lead counsel have agreed as a general rule to the following measures to ensure cost effective prosecution of these actions: 1) primary responsibility for specific tasks will be assigned to a single firm, and when appropriate, a single attorney; 2) only one attorney will attend most fact depositions; 3) no more than one lawyer from each firm will attend discovery hearings; 4) no more than one lawyer from each firm will attend significant hearings except that the lawyer taking the lead at the hearing may also bring a more junior lawyer; 5) only one attorney from each firm will participate in meet and confer sessions with Qualcomm. Counsel will be pleased to implement any other efficiency-enhancing measures that the Court may deem appropriate.

### 2.     Lead Attorneys

Our firms are committed to encouraging diversity in our practices. Diversity in MDL proceedings has received increased attention in recent years, with many judges seeking to make appointments "that are consistent with the diversity of our society and the justice system."[4] One of the proposed standards and best practices for large and mass-tort MDLs asks transferee judges to "take into account whether the leadership team adequately reflects the diversity of legal talent available and the requirements of the case."[5] Recommended best practices ask judges to appoint a diverse group, taking into account gender, race and national origin, age, and sexual orientation, while also being "mindful of creating a team with diversity of experience, balancing the benefits of selecting leadership members who have worked well together in the past."[6] With these goals in mind,

---

[3] Declaration of Steve W. Berman in Support of Motion to Appoint Hagens Berman Sobol Shapiro LLP and Susman Godfrey LLP Interim Co-Lead Counsel ("Berman Decl."), Ex. A; Declaration of Kalpana D. Srinivasan in Support of Motion to Appoint Hagens Berman Sobol Shapiro LLP and Susman Godfrey LLP Interim Co-Lead Counsel, Ex. A.

[4] Berman Decl., Ex. B (Resolution on Diversity in Trial Court Appointments, National Association of Women Judges).

[5] *Id.*, Ex. C (Standards and Best Practices for Large and Mass-Tort MDLs).

[6] *Id.*

we propose one attorney from each firm: Steve Berman and Shana Scarlett from Hagens Berman and Kalpana Srinivasan from Susman Godfrey be named as lead attorneys.

    Steve Berman is the founding partner of Hagens Berman and the nationwide managing partner of its ten offices. Mr. Berman brings to this case a vast wealth of experience that is almost unmatched in the plaintiffs' bar. Mr. Berman has served as lead or co-lead counsel in antitrust, securities, consumer, products liability, and employment class actions, and complex litigations throughout the country, including in MDL actions too numerous to count. Mr. Berman was co-lead counsel in the *In re Visa Check/Mastercard Antitrust Litig.*,[7] with only one other firm, a case which settled on the eve of trial for over $3 billion in cash and over $20 billion in injunctive relief, making it one of the largest antitrust settlements in history. Mr. Berman was the lead trial lawyer in *In re Pharmaceutical Industry Average Wholesale Price Litigation*,[8] where he tried the class case against four manufacturers and successfully argued the appeal from the trial before the First Circuit. Mr. Berman was also the lead counsel in *New England Carpenters v. First DataBank*[9] on behalf of a nationwide class of private payors that purchased prescription brand name drugs. Hagens Berman achieved a $350 million settlement eleven days before trial was scheduled to start. *In In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*,[10] Judge James V. Selna *sua sponte* identified Mr. Berman as a presumptive co-lead counsel when Judge Selna was assigned the Toyota MDL. The Toyota MDL settled for over $1.4 billion, one of the largest class settlements in the history of automobile litigation in this country.

    Kalpana Srinivasan is a partner in the Los Angeles office of Susman Godfrey L.L.P. and a member of the firm's Executive Committee. She has substantial expertise in litigating and trying patent and other intellectual property matters. She served as co-lead counsel in the patent and trade secret ITC action over wearable devices in the International Trade Commission[11] and a patent case

---

[7] No. 96-cv-05238 (E.D.N.Y.).
[8] MDL No. 1456 (D. Mass.).
[9] No. 05-11148-PBS (D. Mass.).
[10] No. 8:10ML2151 JVS (FMOx) (C.D. Cal.).
[11] *Certain Activity Tracking Devices, Systems, and Components Thereof* (Inv. No. 337-TA-963).

involving allocation of data over wireless networks, *GPNE v. Apple*.[12] Ms. Srinivasan also has specialized experience in areas relevant to this case: she previously represented MicroUnity over its media processor technology patent in a case against Qualcomm[13] and represented ZiiLabs, a subsidiary of the Singapore-based media company Creative Technologies Ltd., for claims related to its graphics processing patents.[14] Ms. Srinivasan also has handled significant class action matters, including in intellectual property disputes. She served as a co-lead counsel for Flo & Eddie (of the '70s rock group The Turtles) and a class of owners of pre-1972 sound recordings in a class action against Sirius XM on an issue of first impression. The parties reached a proposed settlement the day before trial in a deal valued at up to $73 million for the class.[15] Ms. Srinivasan also is co-lead counsel representing a class of songwriters and publishers in claims that Spotify infringed their copyrights.[16] Ms. Srinivasan was recently named one of The Daily Journal's "California Lawyer Attorneys of the Year" for her class action work, received the Trailblazer Award by the South Asian Bar Association of Southern California in March 2017, and The Recorder included her on its 2016 Women Leaders in Tech Law.

Together, Mr. Berman and Ms. Srinivasan bring both the diversity aspired to by many courts, with the experience necessary to run an MDL of this size. Supported by teams of litigators at both firms, this proposal ensures that the class will have vigorous, qualified and efficient representation.

### 3. Young Attorney Promise

Counsel pledge to fulfill this Court's expressed desire for young attorneys to have meaningful opportunities in court (with appropriate supervision).[17] There is no better proof of this than counsel's prior experience with this Court. In the *GPNE v. Apple* patent case tried to this Court, Susman Godfrey's two junior associates examined the primary technical expert witnesses and argued

---

[12] No. 5:12-cv-02885 (N.D. Cal.). The case was tried to verdict before this Court.
[13] No. 2:11-cv-00052 (E.D. Tex.).
[14] No. 2:14-cv-00203 (E.D. Tex.).
[15] No. 2:13-cv-05693 (N.D. Cal.).
[16] No. 1:16-cv-08412 (S.D.N.Y.).
[17] If a senior lawyer attends a hearing with a young lawyer for supervision only, the senior lawyer will not bill for her or his time, consistent with the other proposed commitments described above.

significant motions. Likewise, in *Animation Workers*, Susman Godfrey associate John Schiltz – a 2013 law school graduate – argued multiple motions before this Court, including an issue of first impression regarding the scope of the crime-fraud exception in a civil antitrust action.

**B.     Susman Godfrey and Hagens Berman Have Specialized Expertise in the Unique Issues Raised by this Case**

While this litigation poses unique challenges, Hagens Berman and Susman Godfrey possess the specialized expertise necessary to (1) grapple with the complicated intersection of patent and antitrust law that Qualcomm's anticompetitive practices occupy; (2) prove that Qualcomm's supracompetitive prices were actually passed through to indirect purchasers; (3) successfully coordinate with the ongoing *FTC* and *Apple* actions. *See* Fed. R. Civ. P. 23 (g)(1)(A)(iii) (noting the court "must consider . . . counsel's knowledge of the applicable law").

First, while most, if not all, of the firms vying for interim lead counsel position can point to experience handling antitrust matters, this case sits at the nexus of patent and antitrust law. Interim lead counsel will be forced to grapple with issues such as FRAND licenses, patent exhaustion doctrine, and complex questions about where "the scope of the patent monopoly" and "consequently antitrust law immunity" ends and the "improper use of a patent monopoly" and an antitrust violation begins.[18]

The class will therefore be best represented by counsel with significant patent experience. No firm seeking a leadership position in this case can match Susman Godfrey's expertise in patent litigation. Most recently, on April 24, 2017, Susman Godfrey obtained a $50.3 million jury verdict in a patent infringement action for its client Green Mountain in the District of Delaware. Susman Godfrey partners Kalpana Srinivasan, Joe Grinstein, Amanda Bonn, and Oleg Elkhunovich have tried to verdict patent cases in venues across the country, including in this District. *E.g.*, *UniRAM v. TSMC* (N.D. Cal.), *ViaSat v. Loral* (S.D. Cal.), *Function Media v. Google* (E.D. Tex.), *PACT v. Xilinx* (E.D. Tex.), *DataQuill v. ZTE* (E.D. Tex.), *Certain Television Sets*, (International Trade Commission), and *Certain Activity Tracking Devices* (International Trade Commission). These same attorneys have handled numerous major patent cases that have been resolved before trial, including

---

[18] *Fed. Trade Comm'n v. Actavis, Inc.*, _U.S._. 133 S.Ct. 2223, 2231 (2013).

1   Mr. Grinstein's handling of the *MicroUnity* patent litigation (which included a settlement with Intel
2   publicly reported at $300 million).

3   Susman Godfrey is also experienced in litigating antitrust cases that incorporate intellectual
4   property components (including Mr. Grinstein and Ms. Bonn's current work in the *Oliver* SD Card
5   antitrust case). Marc Seltzer served as a Court-appointed Chair of the plaintiffs' executive committee
6   in *In re Pillar Point Partners Antitrust Litigation*, an early textbook case on the intersection of patent
7   and antitrust law. *Pillar Point* involved a claim that patent pooling arrangement was anti-competitive
8   and illegal under the antitrust laws. Mr. Seltzer also served as lead counsel for plaintiffs in *Tessera*
9   *Technologies v. Hynix Semiconductor* (Superior Court of California, County of San Francisco), an
10  antitrust case which involved alleged illegal concerted action to refrain from licensing Tessera's
11  patented technologies. The case was settled after summary judgment was denied. Mr. Seltzer was co-
12  trial counsel in *Masimo Corp. v. Tyco Healthcare Group* (Central District of California), which the
13  alleged wrongful conduct involving patent rights. Mr. Seltzer has been named one of the world's
14  leading antitrust attorneys by Global Competition Review, a Law 360 "Class Action MVP" (one of
15  only three nationwide), and is on the Advisory Board of the American Antitrust Institute.

16  Hagens Berman also has a dedicated patent litigation practice on behalf of intellectual
17  property owners and has brought patent infringement actions against numerous leading companies
18  including Oracle, AT&T, Salesforce, Samsung, and LG. Hagens Berman attorneys have tried
19  numerous patent cases to verdict.

20  Second, to recover damages, the putative class of indirect purchasers must show that
21  Qualcomm's supracompetitive prices charged on components of products, such as mobile handsets,
22  were passed through to consumer purchasers. Qualcomm will undoubtedly argue that the
23  supracompetitive prices were not passed through because of intervening players in the transaction
24  chain, including both OEMs and wireless network operators. Hagens Berman has specialized
25  expertise on this complicated economic issue. It successfully certified a comparable class of indirect
26  purchasers of optical disk drives after extensive briefing (two rounds of class certification) involving
27  the economic question of pass-through for a component of computers. The Hagens Berman team
28  worked closely with economists to develop econometric models that established that the

supracompetitive prices caused by a cartel's price fixing was passed through a complex, global distribution chain to indirect purchaser plaintiffs.

Third, Class Counsel will be coordinating efforts with the ongoing *FTC* and *Apple* proceedings in order to most efficiently litigate the case. The attorneys from Hagens Berman have significant experience coordinating complex civil litigation with parallel governmental litigation. In *In re Electronic Books Antitrust Litigation*, Mr. Berman, acting as co-lead counsel, coordinated extensively with the Antitrust Division of the U.S. Department of Justice and 33 State Attorneys General. The three groups collaborated throughout discovery, with the governmental plaintiffs trusting Proposed Co-Lead Counsel to depose key witnesses, negotiate discovery of transactional data, and lead other critical matters. As Judge Denise Cote summarized: "Class counsel were very cooperative with the Department of Justice and the states in this coordinated litigation. Everyone has benefited from that, both the defendants, the Court and consumers."[19]

### C. Hagens Berman and Susman Godfrey Consistently Obtain Superior Results in Class Action Litigation in this District

Class members should be represented by the Counsel that will get them the best results. *See* Fed. R. Civ. P. 23 (g)(1)(A)(ii). This team of attorneys has consistently won compensation for class members that far surpass outcomes in comparable litigation.

Hagens Berman and Susman Godfrey, together with their co-lead counsel, Cohen Milstein, achieved $168.5 million in settlements, subject to final approval, in the *Animation Workers* litigation currently pending before this Court. This is an average class member recovery of $16,823 – more than double the class member recovery achieved in the comparable *High Tech Employee* litigation even though neither the United States Department of Justice nor plaintiffs' attorneys in *High Tech* chose to pursue claims against most of the defendants in the *Animation Workers* litigation.[20]

---

[19] Fairness Hearing Transcript at 15:18-21, *In re Elec. Books Antitrust Litig.*, No. 1:11-md-02293 (S.D.N.Y. Nov. 21, 2014), ECF No. 686.

[20] Notice of Motion and Motion for Attorneys' Fees, Expenses, and Service Awards, *In re Animation Antitrust Litigation*, No. 14-cv-04062-LHK (N.D. Cal. Apr. 10, 2017), ECF No. 385.

1   Counsel's efficiencies limited their lodestar to only $9 million despite vigorous defense by a who's

2   who of defense firms, including Keker & Van Nest and Williams & Connolly.[21]

3   Acting as sole lead counsel in *ODD*, Hagens Berman has obtained $180 million in

4   settlements so far for a class of indirect purchasers, with claims still pending against defendants with

5   25 percent of the market. Even after seven years of hard fought litigation, Hagens Berman's lodestar

6   was only $24 million.[22] By comparison, a class of direct purchasers, represented by 36 different

7   firms, recovered $75 million in total settlements for the entire market while producing a lodestar of

8   $27 million after 5 years (two years less) of active litigation on the case.[23]

9   Hagens Berman, acting as co-lead counsel, recently reached a landmark $208 million

10  settlement for student athletes to remedy the NCAA's anticompetitive refusal to allow member

11  institutions to provide student athletes with the full cost of attendance.[24] In comparable litigation, a

12  student athlete class received only injunctive relief for the NCAA's anticompetitive refusal to

13  provide compensation for the student athletes' likenesses.[25]

14  Hagens Berman, following its own investigation, initiated litigation against Apple and major

15  book publishers that led to $560 million in recovery for purchasers of electronic books.[26] Consumers

16  recovered more than 200 percent of their estimated damages, far exceeding the partial recovery

17  usually received by plaintiff consumers in antitrust class actions.

---

[21] *Id.*

[22] Indirect Purchaser Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards, *In re Optical Disk Drive Antitrust Litig.*, No. 3:10-md-02143 (N.D. Cal. Oct. 5, 2016), ECF No. 1963.

[23] Both Hausfeld and Cotchett Pitre were among the 36 firms who submitted declarations for attorney fees on the case. Direct Purchaser Plaintiffs' Notice of Motion and Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Incentive Awards, *In re Optical Disk Drive Antitrust Litig.*, No. 13-md-02143 RS (N.D. Cal. Mar. 16, 2015), ECF No. 1535.

[24] Notice of Motion and Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, *In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, No. 14-md-2541 CW (N.D. Cal. Feb. 3, 2017), ECF No. 560.

[25] *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, 802 F.3d 1049, 1079 (9th Cir. 2015).

[26] Plaintiffs' Motion for Final Approval of Apple Settlement and Distribution Plan, *In re Elec. Books Antitrust Litig.*, No. 11-md-02293 DLC (S.D.N.Y. Nov. 14, 2014), ECF No. 675.

**D.     Hagens Berman and Susman Godfrey Have Done Original Work to Develop Claims of Class Members and Have the Necessary Resources to Litigate the Case by Themselves**

Hagens Berman and Susman Godfrey have worked assiduously to develop the claims of Class members. *See* Fed. R. Civ. P. 23(g)(1)(A)(i).

Our firms have entered into representation agreements with plaintiffs from 23 different states that allow indirect purchaser claims and, if appointed as interim co-lead counsel, will include in the consolidated complaint separate state law claims on behalf of each representative. No other complaint asserts as many individual state law claims on behalf of identified representatives. Hagens Berman and Susman Godfrey have also done original work to further develop the claims of class members. Susman Godfrey was the first firm to bring a Section 1 Sherman Act claim – a theory that they developed through consultation at their own expense with a leading expert in the field of antitrust. Hagens Berman, using in-house attorneys fluent in Korean, has translated significant portions of the complete Korean Fair Trade Commission Resolution at its own expense in order to develop further evidence of Qualcomm's consistent pattern of anticompetitive conduct. Hagens Berman has also engaged in discussions with leading experts on FRAND economics to develop the theoretical framework for understanding Qualcomm's pervasive anticompetitive conduct.

Hagens Berman and Susman Godfrey also have sufficient monetary resources to bear the burden of expenses that will need to be advanced far before any recovery. Hagens Berman, acting as sole lead counsel, litigated *ODD* for six years and spent millions in expenses before recovering any monetary compensation. Susman Godfrey routinely represents plaintiffs in extremely expensive patent cases on contingency basis, including cases tried to verdict such as *Pact v. Xilinx* and *Function Media* where the firm advanced millions of dollars in expenses.

### III.     CONCLUSION

For the forgoing reasons, plaintiffs respectfully submit that the Court should appoint Hagens Berman and Susman Godfrey as Plaintiffs' Interim Co-Lead Class Counsel.

DATED: April 28, 2017                             HAGENS BERMAN SOBOL SHAPIRO LLP


By    s/ Steve W. Berman
         STEVE W. BERMAN

|   |   |   |
|---|---|---|
| 1 |   |   |
| 2 |   | 1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 623-7292 |
| 3 |   | Facsimile: (206) 623-0594<br>steve@hbsslaw.com |
| 4 |   |   |
| 5 |   | Jeff D. Friedman (173886)<br>Shana E. Scarlett (217895) |
| 6 |   | Rio Pierce (298297)<br>HAGENS BERMAN SOBOL SHAPIRO LLP |
| 7 |   | 715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>Telephone: (510) 725-3000 |
| 8 |   | Facsimile: (510) 725-3001<br>jefff@hbsslaw.com |
| 9 |   | shanas@hbsslaw.com<br>riop@hbsslaw.com |
| 10 | DATED: April 28, 2017 | SUSMAN GODFREY L.L.P. |
| 11 |   |   |
| 12 |   | By ___s/ Kalpana D. Srinivasan___ |
| 13 |   |    KALPANA D. SRINIVASAN |
| 14 |   |   |
| 15 |   | Marc M. Seltzer (54534)<br>Steven G. Sklaver (237612) |
|   |   | Amanda Bonn (270891) |
| 16 |   | Oleg Elkhunovich (269238)<br>1901 Avenue of the Stars, Suite 950 |
| 17 |   | Los Angeles, CA 90067-6029<br>Telephone: (310) 789-3100 |
| 18 |   | Facsimile: (310) 789-3150<br>mseltzer@susmangodfrey.com |
| 19 |   | ksrinivasan@susmangodfrey.com<br>ssklaver@susmangodfrey.com |
| 20 |   | abonn@susmangodfrey.com<br>oelkhunovich@susmangodfrey.com |
| 21 |   | Joseph Grinstein |
| 22 |   | jgrinstein@susmangodfrey.com<br>SUSMAN GODFREY L.L.P. |
| 23 |   | 1000 Louisiana, Suite 5100<br>Houston, TX 77002-5096 |
| 24 |   | Telephone: (713) 651-9366<br>Facsimile: (713) 65-6666 |
| 25 |   | *Attorneys for Plaintiffs Thomas McMahon* |
| 26 |   | *and Sarah Key* |
| 27 |   |   |
| 28 |   |   |

MOTION TO APPOINT HAGENS BERMAN AND SUSMAN
GODFREY LLP INTERIM CO-LEAD COUNSEL                     -11-
- Case No.: 17-cv-00442-LHK