Kalpana Srinivasan (237460)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3006
Email: ksrinivasan@susmangodfrey.com

Steven N. Williams (175481)
COTCHETT, PITRE
& MCCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: swilliams@cpmlegal.com

*Plaintiffs' Interim Co-Lead Counsel*

KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
ASIM M. BHANSALI - # 194925
abhansali@keker.com
EUGENE M. PAIGE - # 202849
epaige@keker.com
JUSTINA SESSIONS - # 270914
jsessions@keker.com
DAVID W. RIZK - # 284376
drizk@keker.com
ALEXANDER B. DRYER - # 291625
adryer@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant
QUALCOMM INCORPORATED

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: QUALCOMM ANTITRUST LITIGATION | Case No. 17-md-2773-LHK |
| | JOINT CASE MANAGEMENT STATEMENT |
| This Document Relates To: | DATE:   May 25, 2017 |
| ALL ACTIONS | TIME:   1:30 p.m. |
| | CTRM:   Courtroom 8, 4th Floor |
| | JUDGE:   Hon. Lucy H. Koh |

Pursuant to Federal Rule of Civil Procedure 16, Civil Local Rules 16-9 and 16-10, the Standing Order for All Judges of the Northern District of California, and the Court's Order of April 13, 2017 (Dkt. No. 3), and in advance of the Case Management Conference set by the Court for Thursday, May 25, 2017, at 1:30 p.m., Plaintiffs[1] and Defendant Qualcomm Incorporated ("Qualcomm") have met and conferred and hereby submit this Joint Case Management Statement.

## I.       JURISDICTION AND SERVICE

The parties agree that this Court has subject matter jurisdiction over these consolidated actions pursuant to Sections 4 and 15 of the Clayton Act (15 U.S.C. §§ 15 and 26), and under 28 U.S.C. §§ 1331, 1337, and 1367.   There are no issues pending regarding personal jurisdiction.   Qualcomm does not plan to contest venue in this district.   Qualcomm has been served except in the matter of *Hall, et al. v. Qualcomm Inc.*, Case No. 17-CV-2274.

## II.      FACTS

Plaintiffs' Statement:   Plaintiffs allege that Qualcomm has abused its dominant position in the markets for certain types of baseband processors and the associated licensing of intellectual property concerning the operability of cellular devices.   Specifically, Qualcomm committed to licensing its intellectual property on fair, reasonable, and nondiscriminatory ("FRAND") terms in order to have it accepted into the relevant cellular standards, but then violated FRAND principles and the antitrust laws by imposing anticompetitive terms in in its licensing agreements with Apple, Samsung, LG, and others. Plaintiffs allege that Qualcomm's anticompetitive conduct has caused consumers to pay higher prices for cellular devices purchased in the United States.

Qualcomm's Statement:   Qualcomm has invented, and continues to invent, technologies that are fundamental to modern cellular communications systems—including technologies reflected in both standard-essential patents (SEPs) and non-standard essential

---

[1] Unless otherwise specified, "Plaintiffs" refers to the named plaintiffs in these consolidated actions.

patents (NEPs). Qualcomm, through separate business units, sells components for cellular devices, such as baseband processors, and licenses its SEPs and NEPs to original equipment manufacturers (OEMs).  Qualcomm's licensing practices provide the cellular ecosystem with access to its patented technologies and do not lead to "unreasonable" royalties or violate Qualcomm's FRAND commitments.  Existing complaints lead Qualcomm to believe that Plaintiffs' forthcoming Consolidated Amended Complaint ("CAC") will fail to state a claim under the antitrust laws, and Qualcomm anticipates filing a motion to dismiss the CAC.

Moreover, the Plaintiffs in these cases, who are all indirect purchasers that bought cellular handsets through a multitude of separate channels, cannot establish that any conduct by Qualcomm affected the price that they paid for those handsets.  Furthermore, beyond the merits of Plaintiffs' damages claims, the many different channels though which handsets are purchased and the many factors that contribute to handset pricing impede the ability of these Plaintiffs to prove damages in a common way, as required for class certification.

**III.    LEGAL ISSUES**

Plaintiffs' Statement:

- Whether Qualcomm has unlawfully maintained monopoly power in one or more markets for baseband processors in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

- Whether Qualcomm's licenses and other agreements with its customers constitute unreasonable restraints of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

- Whether Qualcomm's course of conduct, licenses, and other agreements with customers violate the Cartwright Act, Cal. Bus. & Prof. Code §§ 16700, *et seq.* and the laws of other states.

- Whether a class should be certified under Federal Rule of Civil Procedure 23.

2

Qualcomm's Statement: The specific legal issues will depend on what Plaintiffs allege in their CAC; based on the various complaints filed, Qualcomm believes the legal issues may include (but are not limited to) the following:

- Whether, given their remoteness from Qualcomm, Plaintiffs can assert an antitrust claim against Qualcomm under any otherwise applicable law.

- Whether Plaintiffs, who are indirect purchasers, can bring a claim for damages against Qualcomm under the Clayton Act under the U.S. Supreme Court's decision in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

- Whether, and to what extent, particular plaintiffs can assert a claim against Qualcomm under the laws of a state other than the state where they purchased a cellular device.

- Whether the Cartwright Act and/or any other state law under which Plaintiffs may assert a claim reaches single-firm conduct.

- Whether Plaintiffs can establish a relevant product market and Qualcomm's power in such market(s).

- Whether Plaintiffs can establish anticompetitive acts by Qualcomm affecting such market(s).

- Whether Plaintiffs can establish that the pro-competitive justifications for Qualcomm's actions are insufficient to support the challenged conduct.

- Whether Plaintiffs suffered antitrust injury and, if so, whether Plaintiffs suffered damages, including whether the price Plaintiffs paid for cellular devices would have been lower but for Qualcomm's alleged violations of the law(s) under which Plaintiffs are able to establish a claim.

- Whether Plaintiffs can meet their burden of showing that certification of a class is appropriate under Fed. R. Civ. P. 23:

  o Whether the named Plaintiffs are bringing claims and are subject to defenses that are typical of the absent class members they seek to represent

3

STATUS CONFERENCE STATEMENT

4964843v1/015494
1167146.03

    o  Whether the named Plaintiffs would fairly and adequately represent the interests of the class they seek to represent

    o  Whether there are questions of law or fact common to the class and whether or not individualized issues predominate over the common questions

    o  Whether a class action is superior to other methods for adjudicating the Plaintiffs' claims

    o  Whether Plaintiffs can prove damages (if any) by using a common methodology across the class

## IV.    MOTIONS

There are no pending motions at this time. Based on the complaints filed so far, Qualcomm anticipates filing a motion to dismiss when the CAC is filed.

## V.    AMENDMENT OF PLEADINGS

Pursuant to the Court's Order Setting Schedule for Appointment of Interim Class Counsel and Consolidated Amended Complaint and Response (Doc. 3), Plaintiffs will file a Consolidated Amended Complaint no later than June 26, 2017.

## VI.    EVIDENCE PRESERVATION

The parties have agreed to preserve all evidence that may be relevant to these actions. The parties have also familiarized themselves with the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), as well as the Northern District of California's Checklist for ESI Meet and Confer.

## VII.    DISCLOSURES

The parties have agreed to serve the information required by Fed. R. Civ. P. 26(a)(1) by June 26, 2017.  The parties stipulate that Fed. R. Civ. P. 37(c)(1) sanctions will not be sought and should not be imposed if initial disclosures are supplemented in a timely fashion under Fed. R. Civ. P. 26(e).

4

STATUS CONFERENCE STATEMENT

VIII.   **DISCOVERY**

    A.      **Discovery Propounded to Date**

    No discovery has been propounded as part of this litigation to date.

    B.      **Timing of Discovery Commencement**

    <u>Plaintiffs' Statement:</u>  Plaintiffs believe discovery should begin immediately with the production by Qualcomm to Plaintiffs of documents that Qualcomm previously produced to investigating government agencies and regulators.  Plaintiffs have requested that Qualcomm immediately produce the documents (and associated privilege logs) they provided to and correspondence with government agencies—including the FTC, Korea Fair Trade Commission, Chinese National Development & Reform Commission, Japanese Fair Trade Commission, Taiwanese Fair Trade Commission, European Commission—in connection with their investigations of Qualcomm's licensing practices of the technology at issue in this case. Such production will be neither burdensome nor costly, as it requires little more than making a copy of the discs or storage devices on which such productions are already contained. Producing these documents now will avoid unnecessary delay in conducting and may assist Plaintiffs in tailoring their follow-on discovery efforts.  Plaintiffs request that the documents described above—with the exception of any third-party documents the production of which requires notice to such third parties—be provided to Plaintiffs by Qualcomm no later than two days after the entry of the Protective Order.  Any third-party documents covered by Qualcomm's confidentiality obligations to such third parties should be produced promptly following the completion of the notice and objection process that will be outlined in the Protective Order.

    Additionally, Plaintiffs seek from the FTC third-party materials from its investigation of Qualcomm, FTC File No. 141-0199.  The government is in possession of third-party documents from its investigation which it will produce to Plaintiffs by an order, direction or ruling of this Court, subject to the entry of a Protective Order.

1    Plaintiffs further request that Qualcomm produce unsealed versions of the Apple

2    complaint, and its counter complaints against Apple and the Apple contract manufacturers by

3    June 8.   To the extent any third-party information in these pleadings is covered by

4    Qualcomm's confidentiality obligations to such third-parties, this information should be

5    provided promptly following the completion of a notice and objection process that will be

6    outlined in the Protective Order.

7    The parties have agreed that a Rule 26(f) conference will be held within 21 days after

8    the filing of a consolidated complaint.   However, Plaintiffs believe that production of the

9    documents described above will be helpful in focusing both the Rule 26(f) conference and

10   subsequent discovery efforts.   Plaintiffs will serve requests for the production of documents

11   prior to the Rule 26(f) conference in order to make the conference more productive, and will

12   serve other written discovery after the Rule 26(f) conference.   Plaintiffs will agree to forego

13   early discovery under FRCP 34 if Qualcomm agrees to make a substantial production of

14   documents responsive to Plaintiffs' document requests and serve substantive interrogatory

15   responses on the day its responses to the document requests become due (30 days after the

16   Rule 26(f) conference).

17   Contrary to Qualcomm's suggestion, there should not be a complete stay of discovery

18   before Plaintiffs file the consolidated complaint.   It is efficient—not premature—for

19   Qualcomm to provide Plaintiffs with readily ascertainable and available documents

20   previously produced to government regulatory agencies immediately.   For example,

21   production of such documents will be helpful in focusing both the Rule 26(f) conference and

22   subsequent discovery efforts.   Early production of documents provided to regulatory agencies

23   may also obviate or limit the need for Plaintiffs to later amend the consolidated complaint.

24   Indeed, the clear trend among district courts, including those in this Circuit, in large complex

25   antitrust cases, is to order the early production of documents produced by defendants to

26   government regulators even before the consolidated complaint is filed.   *In re Lithium Ion*

27   *Batteries Antitrust Litigation*, No. 13-md-02420, 2013 U.S. Dist. LEXIS 72868, *25-32 (N.D.

6

28   STATUS CONFERENCE STATEMENT

1   Cal. May 21, 2013) ("*Batteries*") (requiring production of DOJ documents before

2   consolidated amended complaints were filed); *In re Resistors Antitrust Litig.*, No. 5:15-cv-

3   03820 (N.D. Cal. 2016) ("*Resistors*"), ECF No. 112, Minute Entry ("All DOJ documents are

4   to be voluntarily produced to Plaintiffs by 4/29/2016. The Consolidated Amended Complaint

5   shall be filed by 5/27/2016"); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales*

6   *Practices & Prods. Liab. Litig.*, No. 10-ML-02151 (C.D. Cal. June 1, 2010) ("*Toyota*"), ECF

7   No. 180, "Order No. 3", at 2 (ordering production of documents already produced to the

8   government prior to the filing of the consolidated complaint). For these reasons, the Court

9   should order Qualcomm to produce to Plaintiffs documents previously provided to

10  government regulatory agencies before the Rule 26(f) conference, as explicitly authorized by

11  Rule 26(d)(1) (allowing for discovery before the parties have conferred as required by Rule

12  26(f) "when authorized . . . when authorized . . . by stipulation, or by court order.").

13          Qualcomm's Statement:  Plaintiffs' request for immediate discovery—before they

14  have filed a consolidated amended complaint setting forth the purported markets and claims at

15  issue and before the parties have held their Rule 26(f) conference—is premature.  Consistent

16  with this Court's past practice in complex class actions, Plaintiffs should not receive

17  discovery until their operative complaint is filed.  Even so, Qualcomm is not seeking "a

18  complete stay of discovery," while Plaintiffs file a consolidated amended complaint.  As set

19  forth below, Qualcomm is prepared to begin the third party notice process immediately.  And,

20  Qualcomm will also endeavor to produce unsealed versions of its complaints against Apple

21  and the contract manufacturers as soon as practicable in view of the third-party notice issues.

22  While that is happening on an expedited basis, Qualcomm proposes that the parties otherwise

23  follow the Federal Rules, and begin discovery, with the production of *relevant* materials from

24  government investigations in response to properly served written discovery from Plaintiffs, no

25  later than 14 days after the consolidated amended complaint is filed.  This is consistent with

26  the default timing under Federal Rule of Civil Procedure 26(d)(1), which provides that, unless

27  otherwise authorized, "[a] party may not seek discovery from any source before the parties

28  

7

STATUS CONFERENCE STATEMENT

4964843v1/015494
1167146.03

1   have conferred as required by Rule 26(f)."  It is also consistent with this Court's handling of

2   prior MDL proceedings.  In the *Yahoo* data breach litigation, for example, the Court opened

3   fact discovery on the day that the Consolidated Amended Complaint was filed.  *See, e.g.*, *In re*

4   *Yahoo! Inc. Customer Data Security Breach Litig.*, No. 5:16-md-02752-LHK, Dkt. No. 68

5   (N.D. Cal. May 4, 2017) (Case Management Scheduling Order).  Similarly, in the *Anthem*

6   litigation, the Court officially opened fact discovery shortly before the deadline to file a

7   Consolidated Amended Complaint, and even one week after the Consolidated Amended

8   Complaint was filed, Defendants produced just a limited set of documents in response to

9   Plaintiffs' initial set of document requests.  *See In re Anthem Data Breach Litig.*, No. 5:15-

10  md-02617-LHK, Dkt No. 357 (N.D. Cal. Nov. 6, 2015) (Joint Discovery Status Conference

11  Report).  This is the usual sequencing of events, and it makes most sense here.  Indeed,

12  Plaintiffs concede that the parties have agreed to hold a Rule 26(f) conference after the filing

13  of the Consolidated Amended Complaint.

14          Furthermore, the timing that Qualcomm proposes also allows Qualcomm to meet its

15  obligations to third parties and assess relevance in view of the consolidated amended

16  complaint.  Qualcomm has obligations to third parties, to whom it must provide notice prior to

17  producing discovery that includes their confidential information. Qualcomm cannot provide

18  that notice until after the protective order in this matter is entered.  Much of the requested

19  materials that was produced in foreign investigations and to the FTC[2] contain such

20  confidential information of third parties, as do the unredacted version of the Apple

21  counterclaim and contract-manufacturer complaint that Plaintiffs seek.  Plaintiffs' proposal

22  that Qualcomm attempt to excise confidential third-party material from the voluminous

23  documents it  produced to the FTC and other agencies, and then produce them to Plaintiffs

24  within two days of entering a protective order is neither workable nor efficient.  Segregating

25  _____

26  [2] Plaintiffs' Statement claims that the FTC is in possession of documents, which "it will produce to Plaintiffs by
    an order, direction or ruling of this Court"; and, throughout this Joint Statement, Plaintiffs have made various
    representations about the FTC's positions.  Qualcomm has not been included in any discussions between

27  Plaintiffs and the FTC, has no knowledge of those parties' negotiations, and does not join in Plaintiffs' assertions
    about the FTC's positions.

28  STATUS CONFERENCE STATEMENT

1   this third-party confidential material in such short order is likely to be impossible.  A much

2   more efficient procedure is simply to begin providing notice to third parties on an expedited

3   basis, and then work out any confidentiality issues as promptly as possible.  Qualcomm will

4   act promptly in producing this information and will begin providing notice promptly after a

5   protective order is entered and will respond to document requests or other written discovery

6   within the time provided by the Rules.  Adhering to the usual discovery procedures under the

7   Rules is also appropriate here because there may be certain categories of productions that are

8   wholly outside the scope of Plaintiffs' consolidated amended complaint, particularly given the

9   number of foreign investigations from which Plaintiffs have requested documents, which

10  involved unique issues under relevant foreign laws.  Even the FTC investigation relates to

11  global markets while this indirect purchaser action is inherently domestic.  Having Plaintiffs

12  file their consolidated amended complaint prior to production allows this relevance

13  assessment to be made.

14          **C.      Scope of Anticipated Discovery**

15          <u>Plaintiffs' Statement:</u>  Plaintiffs will seek documentary and testimonial discovery from

16  Qualcomm regarding, among other things, Qualcomm's supply and licensing agreements;

17  negotiations with actual and prospective customers and licensees; Qualcomm's policies and

18  practices related to product sales; Qualcomm's policies and practices related to licensing; the

19  development and adoption of cellular standards; Qualcomm's commitments to license

20  standard essential patents on fair, reasonable, and non-discriminatory terms; baseband

21  processor markets; Qualcomm's market power, barriers to entry and expansion in baseband

22  processor markets; and the effects of Qualcomm's policies on competitors and consumers.

23          Plaintiffs also intend to seek documentary and testimonial discovery from non-parties,

24  including Qualcomm's current and former customers and licensees, and other non-parties that

25  are or have been engaged in the design, manufacture, and sale of cellular communications

26  equipment; non-parties that are or have been engaged in the design, manufacture, or sale of

27

28

STATUS CONFERENCE STATEMENT

4964843v1/015494
1167146.03

1  baseband processors; non-party holders of declared standard-essential patents; and cellular
2  network operators.

3         <u>Qualcomm's Statement:</u>  Qualcomm anticipates that this case will require substantial
4  discovery that is distinct from the anticipated discovery in the FTC case.  Qualcomm intends
5  to seek discovery from many, if not all, Plaintiffs who filed complaints, concerning the
6  locations, dates, prices, other terms, and reasons for their purchases of cellular telephones,
7  their individual preferences (if any) regarding cellular telephone brands, features, and
8  performance, the dates and terms of their contracts (if any) with cellular telephone service
9  providers, and their preferences (if any) regarding cellular telephone service providers'
10  brands, features, and performance.

11         Qualcomm also intends to seek discovery from third parties, including cellular
12  telephone OEMs, resellers, distributors, and entities from which consumers purchase cellular
13  telephones (*e.g.*, wireless carriers, retail stores); manufacturers (and former manufacturers) of
14  cellular telephone handsets and/or components; and entities that own and/or license standards-
15  essential cellular telephone patents.

16         **D.**    **Protective Order**

17         The parties anticipate providing a stipulated protective order to the Court no later than
18  May 26, 2017. Plaintiffs request that Qualcomm provide Plaintiffs with unredacted version of
19  filings lodged under seal in the FTC Action no later than two days following the entry of the
20  Protective Order in this action. Qualcomm is willing to do so, subject to any limitations
21  imposed by the Protective Order in the FTC case.

22         <u>Plaintiffs' Statement:</u>  Plaintiffs contend the same protective order governing the FTC
23  matter should apply here.  The FTC also favors such a protocol.  Qualcomm has not identified
24  any material deviations from the FTC order that are required and would warrant having
25  separate orders.

26         <u>Defendants' Statement:</u>  Qualcomm is examining the FTC protective order to
27  determine if any changes are required for private litigation and has agreed to provide

28  STATUS CONFERENCE STATEMENT

Plaintiffs with a proposed protective order promptly, with the expectation that the parties could submit a stipulated protective order no later than May 26, 2017, as set forth above.

### E.     Proposed Limitations or Modifications to the Discovery Rules

*Depositions.* The parties agree that relief from the limitation on the number of depositions set forth in Rule 30(a)(2) is necessary and appropriate and will meet and confer and propose to the Court a stipulated deposition protocol to govern depositions in this action.

*Document Subpoenas to Non-Parties.* The parties agree as follows with respect to non-parties producing materials in response to Fed. R. Civ. P. 45 document subpoenas in this action. The issuing party shall request that non-parties simultaneously produce materials to both Plaintiffs and Qualcomm. If, notwithstanding such request, the non-party does not produce the materials to both sides, the issuing party shall provide a copy of all materials to the other side within three business days after receipt of the materials from the non-party, subject to any limitations in the Protective Order. If a party modifies or extends the time to respond to a Fed. R. Civ. P. 45 document subpoena (whether orally or in writing), it shall simultaneously notify the other party of that that extension, modification, or explanation, including providing copies of any written agreements regarding modification or extension.

*Authenticity Presumptions.* Documents produced by non-parties from the nonparties' files shall be presumed to be authentic within the meaning of Fed. R. Evid. 901. Documents produced by Qualcomm either in response to document requests in this action or in the course of the FTC's pre-Complaint investigation, FTC File No. 141-0199, shall be presumed to be authentic within the meaning of Fed. R. Evid. 901. If a party serves a specific good-faith written objection to the authenticity of a document that it did not produce from its files, the presumption of authenticity will no longer apply to that document. Any objection to a document's authenticity must be provided with (or prior to) the exchange of objections to trial exhibits. The parties will promptly meet and confer to attempt to resolve any objections. The Court will resolve any objections that are not resolved through this means or through the discovery process.

11

STATUS CONFERENCE STATEMENT

4964843v1/015494
1167146.03

*Expert Discovery*. The parties agree that expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein. Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials: (i) any form of communication or work product shared between any of the parties' in-house or outside litigation counsel and such party's expert(s) or consultant(s), or between any of such party's experts or consultants themselves; (ii) any form of communication or work product shared between an expert and persons assisting the expert; (iii) expert's notes, unless they are expressly relied upon and/or cited in support of an opinion or fact; or (iv) drafts of expert reports, analyses, or other work product. The parties shall disclose the following materials in connection with all expert reports: (a) a list by Bates number of all documents relied upon by the testifying expert(s); (b) copies of any materials relied upon by the expert not previously produced or otherwise generally available; and (c) for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

*Service*. Service of any documents not filed via ECF, including pleadings, discovery requests, subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by email to all attorneys for the receiving party; the parties will provide each with "service lists" that can be used to serve documents. In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery, the serving party will telephone or email the other side's principal designee when the materials are sent to provide notice that the materials are being served. For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

*Coordination with the FTC Action.* The parties and FTC agree to use their best efforts to coordinate discovery between this action and the FTC Action. The parties will meet and

STATUS CONFERENCE STATEMENT

4964843v1/015494
1167146.03

1    confer, and with direction from the Court, include the FTC, concerning the particulars of, and

2    appropriate scope of, coordination and cross-production of discovery between the FTC Action

3    and this action. The parties anticipate that there will be overlapping discovery in this action

4    and efforts to coordinate depositions.

5        *Coordination with the* Apple *Action.*

6        <u>Plaintiffs' Statement:</u>  Plaintiffs believe that the parties should make efforts to meet

7    and confer with counsel for the parties in the related *Apple* action now pending in the

8    Southern District of California regarding coordination in an effort to minimize duplication of

9    discovery.

10       <u>Qualcomm's Statement:</u>  Qualcomm believes that the scope and sheer number of non-

11   overlapping issues between the *Apple* case and this MDL proceedings counsel strongly

12   against a general practice of discovery coordination.  However, Qualcomm is open to

13   considering coordination where discovery overlaps in specific instances.

14       **F.**    **Report on Planned Stipulated E-Discovery Order**

15       The parties will discuss a Stipulated Electronically Stored Information (ESI)

16   [Proposed] Order and will make a joint proposal to the Court to be entered in this action. To

17   the extent the FTC is amenable to participating in such discussions, the parties would aim to

18   include the FTC in the ESI order proposal and to have the proposed order filed in this action

19   and the FTC action.

20       **G.**    **Proposed Discovery Plan**

21       The parties' respective proposals regarding the timing of discovery are set forth in

22   Section XVII (Proposed Case Schedule) below.

23       **H.**    **Current Discovery Disputes**

24       There are no discovery disputes at this time; however, as noted above, the parties

25   disagree regarding the timing (and potentially, scope) of production as it relates to materials

26   previously produced to regulatory agencies.

27   **IX.**    **CLASS ACTIONS**

28

1    Plaintiffs propose that a class be certified pursuant to Federal Rules of Civil Procedure

2    23(a), 23(b)(2), and 23(b)(3) and to file a motion for class certification as set forth in

3    Plaintiffs' proposed schedule.   Qualcomm has noted in the list of legal questions above a

4    number of questions that it believes would have to be decided in order to certify a class.

5    **X.     RELATED CASES**

6    In addition to the consolidated class cases in this MDL, there is *Federal Trade*

7    *Commission v. Qualcomm Incorporated*, Case No. 17-cv-220, pending in this Court, and the

8    *Qualcomm v. Apple,* Case 3:17-cv-00108-GPC-MDD action pending in the Southern District

9    of California.

10    Plaintiffs' Statement:  Plaintiffs believe *Qualcomm v. Compal Electronics, Inc., et al.*,

11    Case 3:17-cv-01010-WQH-JMA, pending in the in the Southern District of California, should

12    be deemed a related case.

13    Qualcomm's Statement:  Qualcomm disagrees with Plaintiffs as to the *Compal* matter,

14    which does not concern antitrust claims.

15    **XI.    RELIEF**

16    Plaintiffs, on behalf of themselves and all others similarly situated, seek damages to

17    the maximum extent authorized by applicable federal and state law, including treble damages,

18    rescission, and restitution.   Plaintiffs also seek injunctive and declaratory relief, as well as

19    attorneys' fees and costs.

20    **XII.   SETTLEMENT AND ADR**

21    No settlement discussions have taken place. The parties have discussed ADR and do

22    not believe that it is appropriate at this time.

23    **XIII.  CONSENT TO MAGISTRATE FOR ALL PURPOSES**

24    The parties do not consent to a magistrate judge conducting all further proceedings in

25    this case.

26    **XIV.   OTHER REFERENCES**

27

28

14

STATUS CONFERENCE STATEMENT

4964843v1/015494
1167146.03

The parties do not believe this case is suitable for reference to binding arbitration or a special master.

## XV.    NARROWING OF ISSUES

The parties will consider issues that can be narrowed by agreement or by motion, as well as potential means to expedite the presentation of evidence at trial.

## XVI.   EXPEDITED TRIAL PROCEDURE

The parties agree that this case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64.

## XVII.  PROPOSED CASE SCHEDULE

The parties' respective proposals regarding the case schedule are set forth in Exhibit A, attached hereto.

Plaintiffs' Statement:  Plaintiffs believe it would be most efficient for this case to proceed on a parallel track with the FTC action.

Plaintiffs' scheduling proposal envisions a class certification briefing and hearing to be complete before summary judgment briefing, avoiding any one-way intervention rule issues.

Qualcomm's suggestion that having merits expert reports be due before class certification puts the cart before the horse is incorrect.  To the contrary, class certification experts and their reports are likely to overlap with experts on merits issues in this case.

As to trial, Plaintiffs  believe the Court and the parties should continue to discuss the structure and scope of trial as this matter proceeds with all deadlines leading up to trial matching the FTC action.

Qualcomm's Statement: Qualcomm has proposed dates all the way to trial for the Court's consideration because Plaintiffs have done so, but given the nature of this proceeding, including the fact that the pleadings are currently unsettled and the substantial issues around class certification, Qualcomm believes that a more practical approach would be to set a schedule now that goes through class certification proceedings, and, if necessary, set a CMC

15

1    after litigation of the pleadings, to consider whether further dates should be set. This stepwise

2    approach appears to be the method the Court has adopted in prior MDL proceedings. *See, e.g.,*

3    *In re Anthem Data Breach Litig.*, No. 5:15-md-02617-LHK, Dkt. No. 326 (N.D. Cal. Oct. 25,

4    2015) (Case Management Scheduling Order); *In re Yahoo! Inc. Customer Data Security*

5    *Breach Litig.*, No. 5:16-md-02752-LHK, Dkt. No. 89 (N.D. Cal. May 4, 2017) (Case

6    Management Scheduling Order). In the event the Court elects to determine a full schedule

7    instead, Qualcomm respectfully requests that the Court adopt its proposed dates for the

8    reasons set forth below.

9         Qualcomm's proposed schedule is compact, and comports with the traditional

10   sequencing of events in a class action: litigation of class certification, quickly followed by

11   expert discovery, and then dispositive motions. That ordering is widely practiced for a

12   reason—it is workable and efficient. By contrast, Plaintiffs' reordering of events is

13   unworkable and will require the parties to redo work and re-litigate issues repeatedly,

14   ultimately slowing down the process. Serving merits expert reports and filing dispositive

15   motions prior to class certification puts the cart before the horse. Without a defined class, the

16   expert analysis and dispositive motion briefing will be unfocused and likely unproductive.

17   Plaintiffs' proposed schedule virtually guarantees that the parties will have to redo expert

18   reports and re-litigate summary judgment and *Daubert* in the event a class is certified. Thus,

19   while Qualcomm agrees that coordination between these class cases and the FTC action is

20   generally desirable, ignoring the substantive and procedural differences between them in an

21   effort to force them artificially onto the same timeline will inevitably result in waste and,

22   ultimately, delay. To protect the Court's own schedule and time and resources, as well as

23   those of the parties, Qualcomm urges that the schedule follow the traditional order of events

24   in class actions. The proposed schedule tracks the order of events the Court has adopted in

25   other MDL class actions, *see, e.g.*, *In re Anthem Data Breach Litig.*, No. 5:15-md-02617-

26   LHK, Dkt Nos. 326, 695 (Case Management Scheduling Orders), and the amount of time is

27   consistent with, or shorter than, other MDL class actions in this court. *Id.*

16

28   STATUS CONFERENCE STATEMENT

Finally, Qualcomm notes that the interplay between the trial schedules in this action and the FTC action could (depending on the result and timing of the result in the FTC action) implicate Qualcomm's Seventh Amendment right to a jury trial on the legal and factual issues presented in this matter.  Qualcomm's proposed schedule avoids this issue by setting the jury trial in this action very shortly after the bench trial in the FTC action.  Provided a final judgment in the FTC action does not issue until after the jury's verdict in this action, Qualcomm's Seventh Amendment right to a jury trial on the issues in this action will remain intact.  Qualcomm is prepared to brief these issues in detail at the appropriate time.

**XVIII. TRIAL**

This case will be decided by a jury trial.

Plaintiffs' Statement:  Plaintiffs currently estimate the trial in this case to last 10 days.

Qualcomm's Statement:  Qualcomm currently estimates the trial in this case to last 15 days.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil Local Rule 3-15, Qualcomm has filed its Certificate of Interested Entities or Persons, which states that as of the date of filing, Qualcomm Incorporated has no parent corporation, and no publicly held corporation owns 10% or more of its stock, and that no party other than the named parties has a "financial interest" as defined in the Civil Local Rule.

**XX. PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI. OTHER ISSUES**

The parties believe that the following procedures will facilitate the expeditious, economical, and just resolution of this action:

**A.     Quarterly Status Conferences**

17

4964843v1/015494
1167146.03

A complex antitrust class action presents special case management issues, in particular the efficient and timely completion of discovery.  Given the issues likely to arise in the course of litigating this matter, the Plaintiffs believe that these actions would benefit from quarterly status conferences in person or by telephone on dates and at times convenient for the Court. *See* Manual for Complex Litigation, Fourth §11.22 (2004).  While Qualcomm has no objection to quarterly status conferences if the Court believes that such conferences would be helpful, Qualcomm believes that discovery disputes can be efficiently and expeditiously handled through the standard motions practice procedures, with referral to Magistrate Judge Cousins as appropriate.  To the extent status conferences are held quarterly or at other intervals, the parties would propose jointly filing a Status Conference Report seven days in advance of a scheduled Status Conference setting forth what issues, if any, there are for discussion with or resolution by the Court.

Dated:  May 22, 2017

By:  /s/ *Kalpana Srinivasan*

Kalpana Srinivasan
Marc M. Seltzer
Steven G. Sklaver
Amanda Bonn
Oleg Elkhunovich
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3006
Email: ksrinivasan@susmangodfrey.com
Email: mmseltzer@susmangodfrey.com
Email: ssklaver@susmangodfrey.com
Email: abonn@susmangodfrey.com
Email: oelkhunovich@susmangodfrey.com

STATUS CONFERENCE STATEMENT

4964843v1/015494
1167146.03

Joseph Grinstein
SUSMAN GODFREY L.L.P.
1000 Lousiana Street # 5100
Houston, TX 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
Email: jgrinstein@susmangodfrey.com

By:  /s/ Steven N. Williams

Steven N. Williams
Joseph W. Cotchett
Joyce M. Chang
Mark F. Ram
Toriana S. Holmes
COTCHETT, PITRE & MCCARTHY
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: swilliams@cpmlegal.com
        jcotchett@cpmlegal.com
        jchang@cpmlegal.com
        mram@cpmlegal.com
        tholmes@cpmlegal.com

*Plaintiffs' Co-Lead Counsel*

By:  /s/ Steve W. Berman

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 268-9320
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

*Plaintiffs' Steering Committee*

By:  /s/ Robert A. Van Nest

Robert A. Van Nest
Asim M. Bhansali

19

4964843v1/015494
1167146.03

Eugene M. Paige
Justina Sessions
David W. Rizk
Alexander Dryer
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188


*Counsel for Defendant Qualcomm Incorporated*

STATUS CONFERENCE STATEMENT

4964843v1/015494
1167146.03

1

**EXHIBIT A**

2

| Scheduled Event | Plaintiffs' Proposal | Scheduled Event | Qualcomm's Proposal |
|---|---|---|---|
| Qualcomm Produces materials provided to the FTC and other regulatory agencies | June 8, 2017 | Consolidated Amended Complaint ("CAC") | June 26, 2017 |
| Consolidated Amended Complaint ("CAC") | June 26, 2017 | Rule 26(f) Conference Deadline | July 10, 2017 |
| Rule 26(f) Conference Deadline | July 17, 2017 | Qualcomm To Produce FTC Materials Responsive to Plaintiffs' Discovery Requests | July 17, 2017 |
| Qualcomm's Response to the CAC | August 10, 2017 | Qualcomm's Response to the CAC | Aug. 10, 2017 |
| Plaintiffs' Opposition to Qualcomm's Motion to Dismiss the CAC | September 25, 2017 | Plaintiffs' Opposition to Qualcomm's Motion to Dismiss the CAC | Sept. 25, 2017 |
| Qualcomm's Reply in Support of Motion to Dismiss the CAC | October 17, 2017 | Qualcomm's Reply in Support of Motion to Dismiss the CAC | Oct. 17, 2017 |
| Hearing on Motion to Dismiss the CAC | November 9, 2017, at 1:30pm | Hearing on Motion to Dismiss the CAC | Nov. 9, 2017, at 1:30 p.m. |
| Close of Fact Discovery | March 30, 2018 | Close of Fact Discovery | June 15, 2018 |
| Plaintiffs' Opening Expert Reports | April 20, 2018 | Plaintiffs' Motion for Class Certification including expert declarations and challenges thereto | Mot.: June 22, 2018 Opp'n: July 20, 2018 Reply: Aug. 10, 2018 |
| Plaintiffs' Motion for Class Certification | May 3, 2018 | Hearing on Motion for Class Certification | Aug. 27, 2018 |
| Qualcomm's Expert Reports | May 25, 2018 | Plaintiffs' Expert Reports | Oct. 8, 2018 |
| Qualcomm's Opposition to Motion for Class Certification | June 8, 2018 | Qualcomm's Expert Reports | Nov. 12, 2018 |
| Plaintiff's Rebuttal Expert Reports | June 29, 2018 | Plaintiffs' Rebuttal Report | Nov. 26, 2018 |
| Plaintiffs' Reply in support of Motion for Class Certification | July 6, 2018 | Close of Expert Discovery | Dec. 3, 2018 |

21

| | | | |
|---|---|---|---|
| Hearing on Motion for Class Certification | July 19, 2018, at 1:30pm | Last Day to File Dispositive Motions and *Daubert* Motions | Jan. 14, 2019 |
| Close of Expert Discovery | July 20, 2018 | Summary Judgment and *Daubert* Oppositions | Feb. 11, 2019 |
| Last Day to File Dispositive Motions and *Daubert* Motions | August 10, 2018 | Summary Judgment and *Daubert* Replies | Mar. 4, 2019 |
| Summary Judgment and *Daubert* Oppositions | September 10, 2018 | Hearing on Dispositive Motions | Mar. 18, 2019 |
| Summary Judgment and *Daubert* Replies | September 28, 2018 | Final Pretrial Conference | April 29, 2019 at 1:30 p.m. |
| Hearing on Dispositive Motions | October 18, 2018, at 1:30pm | Trial | May 6, 2019 at 9:00 a.m. |
| Final Pretrial Conference | December 13, 2018, at 1:30pm | | |
| Trial | For further discussion and coordination by the parties, the Court and the FTC | | |

4964843v1/015494
1167146.03

1

**FILER'S ATTESTATION**

2        I, Kalpana Srinivasan, am the ECF User whose ID and password are being used to file

3    this Status Conference Statement.  In compliance with Civil Local Rule 5-1(i)(3), I hereby

4    attest that counsel whose e-signature appears above has concurred with this filing.

5                                /s/ *Kalpana Srinivasan*

6                                Kalpana Srinivasan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

STATUS CONFERENCE STATEMENT