CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
Willard K. Tom (*pro hac vice*)
willard.tom@morganlewis.com
Donn P. Pickett (SBN 72257)
donn.pickett@morganlewis.com
Geoffrey T. Holtz (SBN 191370)
geoffrey.holtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest (SBN 84065)
rvannest@keker.com
Asim M. Bhansali (SBN 194925)
abhansali@keker.com
Eugene M. Paige (SBN 202849)
epaige@keker.com
Justina Sessions (SBN 270914)
jsessions@keker.com
David W. Rizk (SBN 284376)
drizk@keker.com
Alexander Dryer (SBN 291625)
adryer@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant
QUALCOMM INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-CV-00220-LHK-NMC<br><br>**DECLARATION OF GARY A. BORNSTEIN**<br><br>Courtroom: 7, 4th Floor<br>Judge: Hon. Nathanael M. Cousins |
| IN RE QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-MD-02773-LHK-NMC |

**DECLARATION OF GARY A. BORNSTEIN**

I, Gary A. Bornstein, hereby declare as follows:

1. I am a partner at Cravath, Swaine & Moore LLP, counsel of record for Defendant Qualcomm Incorporated ("Qualcomm") in *Federal Trade Commission v. Qualcomm Incorporated*, Case No. 17-cv-00220-LHK-NMC ("FTC Action"), and *In re Qualcomm Antitrust Litigation*, Case No. 17-md-02773-LHK-NMC ("MDL Action").

2. I respectfully submit this declaration regarding Qualcomm and Non-Party Apple Inc.'s ("Apple") Joint Discovery Statement, dated October 9, 2017.

3. Apple is a non-party from which Qualcomm seeks discovery to support its defenses in the above-captioned actions.

4. Apple has also brought antitrust claims against Qualcomm in the United States District Court for the Southern District of California, *Apple Inc. v. Qualcomm Incorporated*, Case No. 17-cv-00108-GPC (S.D. Cal.), as well as in the Beijing Intellectual Property Court, the U.K. High Court of Justice, the Tokyo District Court and the Taiwan Intellectual Property Court.

5. On May 18, 2017 and June 1, 2017, Qualcomm served on Apple subpoenas *duces tecum* in the FTC Action and MDL Action.

6. On August 15, 2017, Qualcomm served on Apple supplemental subpoenas *duces tecum* in the FTC Action and MDL Action.

7. During the Federal Trade Commission's ("FTC") non-public investigation into Qualcomm's business practices, Apple produced a number of documents to the FTC. Those documents were in turn produced by the FTC to Qualcomm in response to Qualcomm's First Set of Requests for Production, served on April 12, 2017.

8. Attached hereto as Exhibit 1 is a true and correct copy of a document containing Qualcomm's final proposed search terms, which Qualcomm respectfully petitions this Court to enforce. By email dated October 9, Apple requested that these

terms, as well as the other exhibits hereto that contain proposed search strings, be filed under seal.

9. Attached hereto as Exhibit 2 is a document reflecting the search strings being discussed by Qualcomm and Apple, identified by number to facilitate the Court's review, highlighted in yellow to indicate terms about which Qualcomm and Apple do not agree.

10. Attached hereto as Exhibit 3 is a document titled "Disputed Search String 3, 14, 15, 16, 17, 18, 19, 32", which reflects Qualcomm's and Apple's disagreements regarding Search Strings 3, 14, 15, 16, 17, 18, 19 and 32.

11. Attached hereto as Exhibit 4 is a document titled "Disputed Search String 1", which reflects Qualcomm's and Apple's disagreements regarding Search String 1.

12. Attached hereto as Exhibit 5 is a document titled "Disputed Search String 2", which reflects Qualcomm's and Apple's disagreements regarding Search String 2.

13. Attached hereto as Exhibit 6 is a document titled "Disputed Search String 12", which reflects Qualcomm's and Apple's disagreements regarding Search String 12.[1]

14. Attached hereto as Exhibit 8 is a document titled "Disputed Search String 21", which reflects Qualcomm's and Apple's disagreements regarding Search String 21.

15. Attached hereto as Exhibit 9 is a document titled "Disputed Search String 31", which reflects Qualcomm's and Apple's disagreements regarding Search String 31.

---

[1] Exhibit 7 is intentionally omitted.

16. Attached hereto as Exhibit 10 is a document titled "Disputed Search String 35", which reflects Qualcomm's and Apple's disagreements regarding Search String 35.

17. Attached hereto as Exhibit 11 is a true and correct copy of Qualcomm's Subpoena *Duces Tecum* to Non-Party Apple Inc. in the FTC Action, dated May 18, 2017.

18. Attached hereto as Exhibit 12 is a true and correct copy of Qualcomm's Subpoena *Duces Tecum* to Non-Party Apple Inc. in the MDL Action, dated June 1, 2017.

19. Attached hereto as Exhibit 13 is a true and correct copy of Qualcomm's Supplemental Subpoena *Duces Tecum* to Non-Party Apple Inc. in the FTC Action, dated August 15, 2017. The proposed redactions on page 8 of Exhibit 13 contain information regarding an internal Apple project that is derived from documents that Apple has designated as Highly Confidential.

20. Attached hereto as Exhibit 14 is a true and correct copy of Qualcomm's Supplemental Subpoena *Duces Tecum* to Non-Party Apple Inc. in the MDL Action, dated August 15, 2017. The proposed redactions on page 8 of Exhibit 14 contain information regarding an internal Apple project that is derived from documents that Apple has designated as Highly Confidential.

21. Attached hereto as Exhibit 15 is a true and correct copy of an email from Ed Takashima to Gary Bornstein, dated October 5, 2017.

22. Attached hereto as Exhibit 16 is a true and correct copy of a letter from Gary Bornstein to Ed Takashima, dated September 15, 2017. The proposed redaction beginning at the bottom of page 4 of Exhibit 16 discusses a document that was included in Apple's production to the FTC. That document was designated by Apple as "Highly Confidential" under the Protective Order entered in the FTC Action, ECF No. 81. The proposed redaction on page 6 of Exhibit 16 discusses information derived from

documents that Apple produced to the FTC that Apple has designated as Highly Confidential.

23. Attached hereto as Exhibit 17 is a true and correct copy of an email produced by Apple to the FTC, with a beginning Bates number AAPL-FTC-0032950, which was designated by Apple as "INTEL HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" ("Intel Highly Confidential") under the supplemental protective order entered in the FTC Action on June 28, 2017 (ECF No. 137).

24. Attached hereto as Exhibit 18 is a true and correct copy of a Qualcomm search term proposal, sent on August 28, 2017.

25. Attached hereto as Exhibit 19 is a true and correct copy of a Qualcomm search term proposal, sent on September 28, 2017.

26. Attached hereto as Exhibit 20 is a true and correct copy of Apple's search term proposal, sent on October 4, 2017.

27. Attached hereto as Exhibit 21 is a true and correct copy of an email produced by Apple to the FTC, Bates numbered AAPL-FTC-00013572, which was designated by Apple as "Confidential" under the Protective Orders entered in the FTC Action and the MDL Action.

28. Attached hereto as Exhibit 22 is a true and correct copy of a document produced by Apple to the FTC, with a beginning Bates number AAPL-FTC-00014498, which was designated by Apple as "Intel Highly Confidential".

29. Attached hereto as Exhibit 23 is a true and correct copy of a July 7, 2017 letter from Ed Takashima to Gary Bornstein.

30. Attached hereto as Exhibit 24 is a true and correct copy of an excerpt of an October 9, 2017 email from Gabriel Schlabach to Mathieu Swiderski. The proposed redactions in Exhibit 24 contain proposed search terms that Apple has designated as Highly Confidential.

31. The redactions in the Joint Discovery Statement, dated October 9, 2017, contain information that Apple has designated as "Confidential" or "Highly Confidential" under the Protective Orders entered in the FTC Action and the MDL Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this day, October 9, 2017 in New York, New York.

_____
Gary A. Bornstein
*with permission /s/ ADH*