CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone:  (212) 474-1000
Facsimile:   (212) 474-3700

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone:  (212) 309-6000
Facsimile:   (212) 309-6001

KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest
rvannest@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 676-2289
Facsimile:  (415) 397-7188

Attorneys for Defendant
QUALCOMM INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>       Plaintiff,<br><br>   v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>       Defendant.<br>IN RE QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-CV-00220-LHK-NMC<br><br>**DEFENDANT QUALCOMM INCORPORATED'S DISCOVERY STATEMENT REGARDING APPLE'S DOCUMENT PRODUCTIONS**<br>Courtroom: 7, 4th Floor<br><br>Judge:   Hon. Nathanael M. Cousins<br><br>Case No. 5:17-MD-02773-LHK-NMC |

Pursuant to the Court's October 18 Order, on November 17 Apple was required to certify that it has reviewed at least 2.5 million documents, and has produced all responsive documents therefrom. Apple failed to do so. Instead, Apple certified that it reviewed only approximately 515,000 documents. On November 18, Qualcomm asked Apple to produce documents making up the shortfall by today; Apple did not comply with that request, nor respond to Qualcomm's communication. Qualcomm therefore seeks an order compelling Apple, *inter alia*, to produce immediately the 2 million documents it should have reviewed and produced from by November 17. Given the situation's urgency and Apple's failure to respond to Qualcomm's efforts to resolve this matter or prepare a timely joint filing, Qualcomm believes this to be one of the "rare event[s]" in which the Court's rules permit a unilateral filing.[1]

### A.   *Apple Violated the October 18 Order.*

Apple's November 17 status report to the Court establishes that Apple violated the Court's October 18 Order. That Order required Apple to "(a) complete its review of 50% of the total number of documents hit by the search terms; and (b) complete its production of all the responsive documents appearing in that 50%." (ECF No. 239.) According to Apple's November 17 status report, "[a]fter the application of search terms and de-duplication", Apple had "approximately 5 million documents . . . slated for review", which Apple expected to "grow by a modest amount". (ECF No. 318). Thus, to comply with the October 18 Order, Apple needed to have reviewed approximately 2.5 million documents (if Apple's calculations are reliable) and to have produced by November 17 the responsive documents appearing in that set (or produced them without review). Apple has not done so. Instead, the total number of documents that Apple manually reviewed (or produced without review) is approximately 515,000, *id.*, constituting only approximately 10% (rather than 50%) of the documents slated for review—meaning it was approximately 2 million documents short of what the Order required.[2]

### B.   *Apple Failed to Provide Information About Its Review and Production Process.*

To make matters worse, Qualcomm cannot assess the accuracy of Apple's calculations because Apple has refused to respond to Qualcomm's inquiries about Apple's document review and production process. The Court made clear at the November 15 hearing that Apple must be "overly sharing in the transparency of what [Apple is] doing, when [Apple is] doing it" (11/15/17 Tr. 13:4-5), and likewise in the November 15 Order that "Apple must be transparent with Qualcomm and the Court as to its use of a TAR process" (ECF No. 315). Apple has not done so.

*First*, Apple's November 17 status report does not mention technology-assisted review ("TAR") at all, let alone to clarify whether, and if so how, Apple applied TAR to the documents hit by the Court-ordered search terms.

*Second*, aside from the filing of the status report itself, Apple has been silent since the November 15 hearing. Apple has not responded to (a) Qualcomm's November 8 letter posing questions about Apple's *first* status report dated November 3; (b) Qualcomm's letter following

---

[1] Qualcomm contacted Apple on November 18 to articulate its concerns and questions about Apple's November 17 status report and Apple's failure to respond to letters Qualcomm sent on November 8 and November 15. Qualcomm offered a three-day grace period and asked Apple to confirm whether it would comply with the October 18 Order by today, November 20, or else be prepared to submit a joint discovery statement on the issue. *See* 11/18/2017 Ltr. from G. Bornstein to E. Takashima. Qualcomm expressly advised Apple that if Apple did not respond, Qualcomm would file unilaterally. Apple has not responded.

[2] Apple had the opportunity to inform Qualcomm and the Court at the November 15 hearing if Apple did not expect to comply with the November 17 deadline in the Order, but Apple did not indicate that it would fail to comply. Apple's status report indicated that additional documents would be produced soon and were in the quality control process, but Qualcomm still has not received any additional productions.

the November 15 hearing to offer a path for Apple's compliance with the Court's Order; and (c) Qualcomm's November 18 letter posing questions about Apple's November 17 status report. These letters raised questions regarding, among other things, Apple's collection, de-duplication and review process.  Answers to these questions are important to determine Apple's compliance with the October 18 Order.  Apple acknowledged its failure to respond to Qualcomm's questions, stating at the November 15 hearing that "[t]he ball is in [Apple's] court on a few things, and we're going to be responding in short order".  (11/15/17 Tr. 9:19-20.)  But twelve days have passed since Qualcomm first asked its questions and five days since Apple stated in court that it would answer Qualcomm's questions "in short order", but Apple still has not responded.  Contrary to the Court's directive to be "transparent" about its document production process, Apple has been as opaque as possible.

        C.      ***Qualcomm is Prejudiced by Apple's Lack of Production and Transparency.***

The Court ordered a rolling production deadline and a substantial completion deadline of December 15 so that Qualcomm would receive responsive documents in time to take depositions before the end of fact discovery on March 30, 2018.  But Qualcomm has not received the documents the Court ordered, and rather than "front-load[ing] the documents that are most likely to be responsive, so they can be produced earlier rather than later in [Apple's] review process" (ECF No. 269), as Apple promised the Court and Qualcomm, Apple's productions to date have largely come from custodians of less central significance to the case, not from the nine key custodians Qualcomm identified in its October 17 submission to the Court (ECF No. 234).

Qualcomm is deeply concerned that despite the Court's Orders, Apple is continuing to obfuscate and delay, and that Apple is not taking the necessary steps to substantially complete production by December 15.  By withholding documents important to Qualcomm's defenses and refusing to provide Qualcomm information about its collection, de-duplication and review process, Apple has already prejudiced Qualcomm's ability to defend itself.  The Court has made clear that it "is not convinced by Apple's assertions that the task at hand is impossible" (ECF No. 315.), and it has warned Apple of potential sanctions for failure to comply with its discovery obligations.  But those sanctions will not remedy the prejudice to Qualcomm's ability to prepare for and conduct depositions prior to the March 30, 2018 close of fact discovery if Qualcomm does not receive complete production of the required documents, on the Court-ordered timeline.

Accordingly, Qualcomm respectfully asks this Court to order the following:

- that Apple produce immediately (a) any responsive documents reviewed but not yet produced and (b) the un-reviewed portion of the 2.5 million documents Apple was required to review, and produce from, by November 17 (subject to an order under Federal Rule of Evidence 502(d), should that be necessary);
- to ensure that Apple stays on track, that Apple review and produce responsive documents from, or produce without review, 75% of the documents hit by the Court-ordered search terms by its third status report on December 1, 2017; and
- that Apple give complete and accurate answers to the following questions Qualcomm has posed:  (1) exactly how Apple is de-duplicating documents; (2) exactly how, if at all, it is applying TAR; (3) which documents, the number of documents, and from which custodians Apple has produced documents without manual review; and (4) the answers to the other questions appearing in Qualcomm's November 8 and 17 correspondence, including about the timing and circumstances of the loss or destruction of the files of custodian Ryan Tatar, which is mentioned without explanation in Apple's November 3 status report.

Dated: November 20, 2017

                                  Respectfully submitted,

                                  CRAVATH, SWAINE & MOORE LLP,

                                              /s/ Gary A. Bornstein
                                                Gary A. Bornstein
                                                Yonatan Even

                            Worldwide Plaza
                                825 Eighth Avenue
                                    New York, NY 10019
                                        Tel: (212) 474-1000
                                            Fax: (212) 474-3700
                                                gbornstein@cravath.com
                                                yeven@cravath.com


                            Robert A. Van Nest
                            KEKER, VAN NEST & PETERS LLP
                                633 Battery Street
                                    San Francisco, CA 94111-1809
                                        Tel: (415) 676-2289
                                          Fax: (415) 397-7188
                                              rvannest@keker.com


                            Richard S. Taffet
                            MORGAN, LEWIS & BOCKIUS LLP
                                101 Park Avenue
                                    New York, NY 10178-0060
                                        Tel: (212) 309-6000
                                          Fax: (212) 309-6001
                                              richard.taffet@morganlewis.com