UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>QUALCOMM INCORPORATED, et al.,<br><br>Defendants. | Case No. 17-cv-00220 LHK (NC)<br><br>**ORDER ON DECEMBER 20, 2017 DISCOVERY DISPUTE HEARING**<br><br>Re: Dkt. Nos. 387, 395, 397, 403, 404 |
| IN RE: QUALCOMM ANTITRUST LITIGATION | Case No. 17-md-02773 LHK (NC)<br><br>Re: Dkt. Nos. 223, 225, 230 |

The Court held a hearing on discovery disputes in both cases on December 20, 2017. There are three third party subpoena disputes (Apple, Contract Manufacturers, and Wireless Advocates) upon which the parties are conferring. As to all other open discovery disputes, this order resolves the dispute. The Court finds as follows:

As to the multidistrict litigation (MDL) plaintiffs' and the FTC's disputes with Qualcomm as to Qualcomm's error rate in its re-review of documents, *see* dkt. nos. 395 and 397 in case no. 17-cv-00220, and 223 in case no. 17-md-02773, the Court ORDERS:

1. A special master will not be appointed at this time, for lack of good cause.

Case Nos. 17-cv-00220 LHK (NC),
17-md-02773 LHK (NC)

2. By December 22, 2017, at noon, the MDL plaintiffs and the FTC must each identify for Qualcomm the 500 additional documents they want re-reviewed. The Court advises the MDL plaintiffs and the FTC to not each pick the same documents. By January 8, 2018, Qualcomm must complete re-review of the MDL plaintiffs' and the FTC's selected documents, and by that same date produce amended logs and any non-privileged documents identified.

3. The Court also DENIES the FTC's renewed motion for Qualcomm to log redacted documents for lack of good cause, consistent with the Court's earlier order at docket number 274 of the FTC action, 17-cv-00220.

As to the status report filed by Qualcomm and the Contract Manufacturers, dkt. no. 387 in case no. 17-cv-00220, the Court ORDERS Qualcomm and the Contract Manufacturers to file an updated status report by December 27, 2017, detailing the progress they have made as to agreeing to search terms and document production. By agreement, the Contract Manufacturers added seven document custodians. The Court reiterates that it will not be granting an extension to the January 5, 2018, deadline for third party discovery production.

As to Apple's status report on document production of December 15, 2017, and Qualcomm's discovery dispute filed on December 16, 2017, dkt. nos. 403 and 404 in case no. 17-cv-00220, dkt no. 230 in case no. 17-cv-02773, the Court FINDS and ORDERS:

1. The Court ORDERS that Apple complete its document production to Qualcomm of the 1.3 million documents identified in initial review, and hit by the Court-ordered search terms by December 29, 2017. This production is subject to the claw-back order under Federal Rule of Evidence 502(d). Dkt. No. 355.

2. The Court finds that Apple is in breach of the Court's October 18, 2017, order setting a December 15, 2017, deadline for substantial completion of Apple's document production to Qualcomm. Dkt. No. 239. As a result, the Court ORDERS a sanction of $25,000.00 per day beginning on December 16, 2017,

the date on which Apple came out of compliance with the Court's earlier order until document production is complete. *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846 LHK (PSG), at Dkt. No. 880 (N.D. Cal., Apr. 23, 2012) (awarding sanctions to Apple where Samsung was tardy in document production). The revised deadline for document production completion is December 29, 2017. Failure of Apple to produce documents by December 29 will result in increased sanctions in a method and amount to be determined.

3. As to the privileged documents to be reviewed, that review must be completed by December 29, 2017, the date Apple's privilege log is due to Qualcomm. Those documents originally deemed privileged, but that are later deemed non-privileged by review must be produced to Qualcomm by January 2, 2018.

4. The Court ORDERS Qualcomm and Apple to file a joint status report on December 29, 2017, detailing the completion of Apple's document production.

5. Lastly, the Court DENIES Qualcomm's request for the logging of documents post-complaint protected by Apple's purported common interest privilege. The Court is not persuaded these documents are relevant and their logging is proportional to the needs of this case.

Lastly, as to the MDL plaintiffs' third party discovery dispute with Wireless Advocates LLC regarding the plaintiffs' subpoena to Wireless, the Court finds that this dispute is not yet ripe for adjudication. Dkt. No. 225 in case no. 17-cv-02773. By 5:00 p.m. on December 21, 2017, the Court ORDERS that the MDL plaintiffs and Wireless file a joint status report detailing specifically what document categories Wireless intends to produce to the plaintiffs, and what document categories it will not produce, and on what basis. In the meantime, the parties must continue to confer to reach a solution.

**IT IS SO ORDERED.**

Dated: December 21, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case Nos. 17-cv-00220 LHK (NC),
17-md-02773 LHK (NC)     3