| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>William A. Isaacson (*Pro Hac Vice App.* to be filed)<br>DC Bar No. 414788, wisaacson@bsfllp.com<br>Karen L. Dunn (*Pro Hac Vice App.* to be filed)<br>DC Bar No. 1002520, kdunn@bsfllp.com<br>Amy J. Mauser (*Pro Hac Vice App.* to be filed)<br>DC Bar No. 424065, amauser@bsfllp.com<br>1401 New York Avenue, N.W.<br>Washington, DC 20005<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br><br>BOIES SCHILLER FLEXNER LLP<br>Edward H. Takashima, SBN 270945<br>etakashima@bsfllp.com<br>401 Wilshire Blvd, Suite 850<br>Santa Monica, CA 90401<br>Telephone: (310) 752-2400<br>Facsimile: (310) 752-2490<br><br>Attorneys for Non-Party APPLE INC. | CRAVATH, SWAINE & MOORE LLP<br>Gary A. Bornstein (*pro hac vice*)<br>gbornstein@cravath.com<br>Yonatan Even (*pro hac vice*)<br>yeven@cravath.com<br>825 Eighth Avenue<br>New York, NY 10019-7475<br>Telephone: (212) 474-1000<br>Facsimile: (212) 474-3700<br><br>KEKER, VAN NEST & PETERS LLP<br>Robert A. Van Nest, SBN 84065<br>rvannest@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: (415) 676-2289<br>Facsimile: (415) 397-7188<br><br>MORGAN, LEWIS & BOCKIUS LLP<br>Richard S. Taffet (*pro hac vice*)<br>richard.taffet@morganlewis.com<br>101 Park Avenue<br>New York, NY 10178-0060<br>Telephone: (212) 309-6000<br>Facsimile: (212) 309-6001<br><br>Attorneys for Defendant<br>QUALCOMM INCORPORATED |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>             Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>             Defendant. | Case No. 5:17-cv-00220-LHK-NMC<br><br>**NON-PARTY APPLE INC. AND DEFENDANT QUALCOMM INCORPORATED'S JOINT STATUS REPORT**<br><br>Courtroom: 7, 4th Floor<br>Judge: Hon. Nathanael M. Cousins |
| IN RE QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-md-02773-LHK-NMC |

Pursuant to the Court's January 5, 2018 Order, Non-Party Apple Inc. ("Apple") and Defendant Qualcomm Incorporated ("Qualcomm") submit this Joint Status Report to address discovery issues identified by the Court.

**I.      Apple's Document Production**

A.      *Apple's Position*

Apple produced additional documents on January 5, 2018 and January 8, 2018.  Apple also re-produced two documents that had previously been clawed back on January 10, 2018.  To date, Apple has produced more than 3.8 million documents totaling over 32.2 million pages.

Apple's anticipated document production is complete, with the following exceptions:

(1)     Approximately 1,000 documents have not been produced due to third party notice/consent issues.[1]  Apple is working to resolve those issues as quickly as possible.

(2)     One written common interest agreement has not been produced pursuant to an objection from the other party to the agreement.

(3)     Apple will be downgrading some documents from its privilege logs, and will produce any such downgrades that are responsive and non-privileged on a rolling basis.

At 3:58pm today, Qualcomm informed Apple for the first time that Qualcomm would seek a "declaration explaining [Apple's] review process and the basis for the discrepancies that Qualcomm has identified," when it included that demand in a draft of this joint status report.  To the extent Qualcomm is seeking an order from the Court, the proper vehicle is a joint discovery statement submitted after a meet and confer, with a reasonable opportunity to respond, *not* a last minute bait-and-switch on a status report.  The Court should disregard Qualcomm's improper request.

---

[1] One of these documents is from Bruce Sewell's custodial files.  Apple's production of responsive non-privileged documents from Mr. Sewell's files is otherwise complete at this time.

Because this is a status report and *not* a joint discovery statement, Apple will not address Qualcomm's ill-placed argument in detail. However, Qualcomm's request is without merit. Qualcomm's supposed "notable discrepancies" are neither notable nor discrepancies. Qualcomm's first point, concerning the production of documents that were in the quality control process as of December 15, 2017, is not based on anything other than Qualcomm's skepticism. *See infra* at 3 ("Qualcomm considers that to be a surprisingly large number."). Qualcomm's second point—concerning documents that were privileged or likely to be privileged as of December 20, 2017—is similarly driven by nothing more than supposition, and pays short shrift to a key detail. Apple has explained:

> [T]he delta between the approximately 1.1 million documents [*sic*] identified as privileged or likely to be privileged during the 12/20 hearing and the 12/19 privilege log is due to a combination of the following factors: (a) some documents were determined to be non-responsive or non-privileged; (b) attachments are not individually logged, and instead are accounted for in the "Attachment Count" column of the privilege log; and (c) *duplicates across custodians* would have been counted as separate documents in [Apple's] 12/20 accounting, but are reflected as one entry in the privilege log, with duplicative custodians identified in the "Custodians" column.

(1/11/2018 E. Takashima email to G. Bornstein (emphasis added).) Qualcomm's faulty accounting does not include duplicates across custodians, or attachments to such emails. Qualcomm's third point is similar: Qualcomm seems to find something problematic about the fact that a sizeable proportion of documents that enter the quality control process—i.e. documents that have gone through an initial review—are either non-responsive or privileged. However, that should not be surprising, given that the search terms set for Apple were broad, fourteen of Apple's forty-five custodians are attorneys, and documents concerning several of the topics covered by Qualcomm's subpoenas, such as patent licensing and FRAND analyses, are often subject to the attorney-client privilege or work product protection.

  B.  *Qualcomm's Position*

   i.  Apple's Document Production Status.

By Qualcomm's count, it has received 3,699,441 documents from Apple—slightly less than the 3.8 million Apple has identified. Qualcomm and Apple are working to identify the

discrepancy. Qualcomm notes that the "[a]pproximately 1,000" documents not yet produced "due to third-party notice/consent" issues is considerably more than the single-digit number that Apple identified as subject to this issue at the January 5, 2018 hearing. (1/5/18 Hearing Tr. 6:23-24.) Qualcomm looks forward to receiving these documents promptly but has not yet received a projected production date from Apple.

With respect to the common interest agreement that Apple has not produced "pursuant to an objection from the other party to the agreement", Qualcomm believes the proper procedure is for the objecting third party to seek a protective order, or for Apple to do so on the third party's behalf. Apple is currently subject to a subpoena requiring the production of this agreement, and Apple has not disputed the agreement's relevance or responsiveness. A third party's objection, which has not been shared with Qualcomm or the Court, is not a sufficient basis for withholding the agreement.

Of the total documents Apple has produced, Apple has represented that 2,870,504 (representing 77.5%) were produced without manual review. Apple represents that the remaining 22.5% were produced following manual review.

Qualcomm has identified notable discrepancies between the number of documents Apple has identified at various stages of the review and production process and the number ultimately produced to Qualcomm. For example:

- Apple stated in its December 15, 2017 status report that it had "completed initial review of approximately 1.3 million additional documents, which are in various states of the quality control process". (ECF No. 403.) Of that set, only 280,853 documents were actually produced to Qualcomm. In response to inquiries from Qualcomm, Apple has represented that the delta of approximately 1 million documents were ultimately deemed either privileged or non-responsive. Qualcomm considers that to be a surprisingly large number for a population of documents that (i) hit on the search terms and (ii) already had undergone initial review.

- Apple stated at the December 20 hearing that approximately 1.1 million documents were "currently coded as privileged", and Apple undertook to "have reviewed all of them by the 29th as part of the privilege log process". (12/20/17 Hearing Tr. 64:11-14.) Apple's privilege logs cumulatively have entries for 424,460 document families purporting to represent 517,097 individual documents, leaving a delta of approximately 600,000 documents. Qualcomm understands that some of those 600,000 documents were produced to Qualcomm, but the total number of manually reviewed documents that Qualcomm

received together with or after receiving Apple's privilege log is approximately 308,000, leaving a remaining delta of approximately 292,000 documents.  In response to inquiries from Qualcomm, Apple has represented that the remaining documents were either deemed non-responsive or were duplicates of other documents in the set of 1.1 million.[2]

- Apple stated in its November 17, 2017 status report that it was "in the process of producing approximately 1.1 million additional documents". (ECF No. 318.)  But as discussed at the November 27, 2017 hearing (11/27/17 Hearing Tr. 7:23-8:4), Apple revised its production volume to fewer than 700,000 documents.  Apple also represented in the November 17 status report that it had approximately 695,000 documents in the quality control process at that time, but Qualcomm did not receive *any* manually reviewed documents until nearly one month later—on December 12, 2017—at which point Qualcomm received only slightly more than 100,000 documents that had been manually reviewed.

These gaps cause Qualcomm concern about the completeness of Apple's production.  To explain these gaps, Apple has stated that the numbers of documents it has reported in prior status reports and at hearings as being in its "quality control" process include documents that are initially deemed non-responsive.  Apple has stated these non-responsive documents, plus documents withheld as privileged, explain the large number of documents that reach the "quality control" process but are not ultimately produced.  Given these sizable gaps, however, Qualcomm respectfully submits that it would be appropriate for the Court to require Apple to submit a declaration explaining its review process and the basis for the discrepancies that Qualcomm has identified.

      ii.  Production of Bruce Sewell's Documents and Privilege Log.

Apple has represented that it completed the production of documents from the files of Bruce Sewell, which pursuant to a stipulation so ordered by Judge Koh were due on January 8, 2018.  Qualcomm is still reviewing the adequacy of that production.  Apple's log of privileged documents from Mr. Sewell's files is due on January 15, 2018.

**II.  Apple's Privilege Log**

  A. *Qualcomm's Position*

Apple provided two privilege logs—its main log on December 29, 2017, and a supplemental log on January 5, 2018.  The two logs together contain entries for 424,460

---

[2] Contrary to Apple's assertion above, Qualcomm has in fact noted the issue of duplicate documents across custodians.

document families.  The size of these logs is itself cause for concern.  By comparison, Qualcomm's privilege logs for the pre-Complaint investigation *plus* the two coordinated cases in this Court total only 37.5% of that number—159,351 document families—even though Qualcomm produced more total documents after manual review than Apple did.[3]  Apple's privilege logs also contain significant structural and substantive issues that (a) render them inadequate for Qualcomm to assess Apple's privilege assertions, and (b) call into question the level of care afforded, and the substantive standards applied, by Apple in both its responsiveness and its privilege review.  Qualcomm raised these structural and substantive issues with Apple during a January 9, 2018 meet and confer.  Apple has agreed to consider these points, and Qualcomm is waiting for a response.

                i.       Structural Issues with Apple's Privilege Logs.

Qualcomm identified several structural issues with Apple's privilege logs:

*First*, Apple's privilege logs do not identify which of the individuals listed on the logs are attorneys.  Although Qualcomm is aware of the identity of some attorneys affiliated with Apple from the ordinary course of business, Apple's logs contain hundreds of thousands of entries, which include hundreds of individuals Qualcomm cannot readily identify, and Qualcomm should not have to comb through the logs to see which attorneys it can pick out and which it cannot.  Identifying the attorney who provided the legal advice being withheld is an important step in assessing a claim of privilege, and Qualcomm has therefore asked Apple to annotate its logs by identifying which individuals are attorneys.  Apple indicated on January 9, 2018, that it would provide this information but has not given a date by which it would do so.

*Second*, Apple's privilege logs contain many communications solely between or among individuals that Qualcomm knows *not* to be attorneys.  For these entries, the logs do not indicate which attorney's advice was conveyed in the communication.  This leaves Qualcomm with

---

[3] Even including the document families that Qualcomm has produced with redactions, Qualcomm has claimed privilege over all or a portion of a document in a document family less than 60% as often as Apple has claimed privilege over the entirety of a document family—despite Qualcomm's having produced more documents subject to manual review.

1  simply a log entry listing only non-lawyers, with no suggestion of legal advice in the description
2  of the document's subject matter, and therefore no reason to believe any legal advice is contained
3  in the withheld document.

4  *Third*, a majority of the entries—349,906 out of 424,460 (or **82.4%**)—on Apple's
5  privilege log describe the basis for Apple's privilege claim as follows: "Email reflecting legal
6  advice, request for legal advice, **and/or** attorney work product created in anticipation of
7  litigation." (Emphasis added.)  This is an inadequate description of the basis for Apple's privilege
8  claims, which does not indicate whether the documents are being withheld on the basis of
9  attorney-client privilege, work product protection or both.  In addition, the indiscriminate use of
10 this one-size-fits-all description through the logs suggests that insufficient attention was paid to
11 the basis for Apple's privilege claims, thereby calling into the question the validity of those
12 claims.

13 *Fourth*, and perhaps relatedly, Apple's privilege logs identify 377,170 out of 424,460
14 documents—**88.9%**—as being withheld at least in part on the ground that they contain attorney
15 work product produced "in anticipation of litigation".  None of these entries identify *which* actual
16 or anticipated litigation was at issue.  The absence of this information further undermines
17 Qualcomm's ability to assess the validity of Apple's grounds for withholding these documents.

18 *Fifth*, the only documents on the logs for which Apple has provided a description of the
19 subject matter of the document are emails.  For non-email documents, Apple has not provided any
20 subject-matter information, leaving Qualcomm to guess at what the documents might contain.

21       ii.     Substantive Issues with Apple's Privilege Logs.

22 The privilege claims that Apple has asserted also suffer from a number of substantive
23 flaws, which Qualcomm summarizes below.  Qualcomm continues to review Apple's voluminous
24 logs and may identify additional issues as it does so, particularly with respect to individual
25 entries.  Consistent with the discussion at the January 5, 2018 conference, the summary below
26 captures the more pervasive and global issues Qualcomm has so far identified.

27
28

1    *First*, Apple appears to have withheld documents in their entirety when the documents
2    contain any content over which Apple asserts a privilege claim, even if the documents also
3    contain non-privileged content.  Qualcomm has not located *any* documents in Apple's production
4    that were redacted for privilege, and the metadata Apple provided does not indicate that any
5    documents were redacted for privilege.  It is inconceivable that all of the over 420,000 documents
6    on Apple's privilege logs are privileged in their entirety.  Qualcomm is entitled to receive
7    redacted copies of all responsive documents that contain non-privileged content.

8    *Second*, Apple has asserted attorney-client privilege or work product protection for
9    communications that—on the face of the email subject lines—appear to constitute a business
10   discussion rather than a communication of legal advice.  Such communications include thousands
11   of emails with subjects describing a standing engineering-related meeting between Apple and a
12   third party, as well as communications with subjects relating to product development timelines.
13   For example, multiple log entries refer to an "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮", which
14   Qualcomm understands from the subject line to be a standing meeting to discuss ▮▮▮▮▮▮
15   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in an Apple cellular device.  Similarly, Apple
16   withheld communications titled "▮▮▮▮▮▮▮▮▮▮▮", which suggests discussions regarding
17   ▮▮▮▮▮▮▮▮▮▮▮▮▮.  Routine business communications, especially where the participants
18   appear to be non-lawyers, are not privileged.

19   *Third*, Apple's privilege logs contain numerous communications with third parties such as
20   standards-setting organizations or commercial entities, including entities with whom Apple is
21   negotiating agreements from which Apple is considering purchasing products.  Indeed, Apple has
22   claimed privilege over documents that some of these third parties have produced to Qualcomm in
23   response to subpoenas issued to the third parties in this litigation, and even documents already in
24   Qualcomm's own files.  For example, Apple withheld for attorney-client privilege an email that
25   was sent by an ETSI official to an ETSI listserv populated by many third parties, including
26   Qualcomm.  Indeed, Qualcomm produced that same document in its own production to the FTC.
27   Similarly, Apple withheld an email string exchanged with Ericsson regarding the negotiation of
28

1  an agreement between Apple and Ericsson, which based on the log entry Qualcomm was able to
2  locate in the production made by Ericsson to Qualcomm.  Based on Qualcomm's review of the
3  documents it has been able to locate, there is no plausible basis for claiming privilege over these
4  documents.  Documents Apple has exchanged with third parties, especially those that appear to be
5  unaligned or even in an adversarial posture, are not privileged.  The fact that these documents
6  appear on Apple's logs suggests that Apple has either taken an inappropriately expansive view on
7  "privilege" or simply failed to exercise appropriate case in making privilege calls, or both.

8  *Fourth*, Apple has logged thousands of entries that clearly constitute "spam"
9  communications, such as advertising from online dating sites, retail florists, and pharmaceutical
10 companies.  Entries include invitations for certain custodians to "Flirt With Local Singles Near
11 You", to "Glimpse Obama's favorite healthcare investment", and to view "[A] very beautiful and
12 unusual picture of GANESH".  That so many such documents would have been deemed
13 responsive at all, and then in turn logged as privileged communications, raises serious concerns as
14 to the care with which Apple actually reviewed the documents placed on its log or even reviewed
15 the log itself.

16        B.    *Apple's Position*

17        Apple has served two privilege logs to date—a principal log on December 29, 2017, and a
18 small supplemental log on January 5, 2018.  Apple will be serving a third privilege log, for Bruce
19 Sewell's custodial documents, on January 15, 2018.

20        Apple and Qualcomm have begun discussing Qualcomm's concerns regarding Apple's
21 log, which Qualcomm details above.  Most of these issues will be resolved by Apple's ongoing,
22 proactive efforts to identify documents on its privilege log that are non-responsive, non-
23 privileged, or should be produced in redacted form, as well as to provide more detailed privilege
24 descriptions where appropriate.  Apple is also willing to further re-review certain documents as
25 needed to address some of the other issues Qualcomm has raised.  Apple intends to further meet
26 and confer with Qualcomm regarding its other requests.

27
28

i. "Structural Issues" Identified by Qualcomm

*First*, as Apple has previously advised Qualcomm, Apple will provide Qualcomm with a list of the individuals on its privilege log who are attorneys, or revise its logs to identify attorneys.

*Second*, for privilege log entries that are communications solely between or among non-attorneys, Apple will revise log descriptions to more fully describe the basis for Apple's privilege and/or work product claims and identify, where possible from the face of the logged documents, the name of the attorney or attorneys involved in those communications or in creating that work product.

*Third*, Apple is already in the process of revising privilege log entries described as documents "reflecting legal advice, request for legal advice, and/or attorney work product created in anticipation of litigation," to provide more specific detail about the basis for Apple's privilege and/or work product claims.

*Fourth*, Apple will meet and confer further with Qualcomm regarding its request that work product log entries specify the actual or anticipated litigation at issue.

*Fifth*, for non-email documents, Apple will import document titles from metadata where they are available and provide subject matter information, and meet and confer with Qualcomm further regarding its request for subject matter information concerning other documents.

ii. "Substantive Issues" Identified by Qualcomm

*First*, Apple *has* produced some documents in redacted form. More importantly, Apple is well into the process of identifying additional documents on its privilege log that should be produced with redactions, and will produce those downgrades on a rolling basis. As Apple has explained to Qualcomm, Apple intends to produce documents with redactions to the extent they contain non-privileged responsive information.

Regarding the second, third, and fourth issues raised by Qualcomm, Apple is also in the process of identifying documents on its privilege logs which were withheld and logged in error, or which upon further review are not privileged or protected from discovery. Those documents will be produced on a rolling basis. Finally, this status report is the not the place for Apple and

Qualcomm to litigate privilege log disputes. To the extent Qualcomm still has issues with Apple's privilege log after Apple serves an amended log and the parties meet and confer, Apple and Qualcomm will bring those issues to the Court at that time.

### III. Deposition Scheduling

#### A. *Apple's Position*

Apple has provided proposed deposition dates for four of the seven Apple witnesses subpoenaed by Qualcomm. Qualcomm has not responded regarding any of those dates. Apple is working with the other Apple witnesses and the two former Apple employees subpoenaed by Qualcomm to obtain potential deposition dates. Apple will continue to provide proposed dates on a rolling basis.

#### B. *Qualcomm's Position*

Qualcomm provided nine deposition subpoenas to Apple's counsel on December 11, 2017. Apple accepted service for eight of those deposition subpoenas on December 15, 2017 and accepted service for the ninth witness on January 4, 2018. Qualcomm has repeatedly requested that Apple provide proposed deposition dates for these witnesses. A month has now passed since Qualcomm sent deposition subpoenas to Apple's counsel, and just yesterday (on the eve of the filing of this status report), Apple finally provided proposed dates for three of the nine witnesses, and it provided one more proposed date shortly before 10:00 p.m. PT tonight. Only 11 weeks now remain in an extraordinarily busy fact discovery period. If Qualcomm does not receive the remaining dates promptly, it may need to request the Court's assistance.

Dated: January 12, 2017  Respectfully submitted,

By: */s/ Edward H. Takashima*

William A. Isaacson
wisaacson@bsfllp.com
Karen L. Dunn
kdunn@bsfllp.com
Amy J. Mauser
amauser@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone:   (202) 237-2727
Facsimile:     (202) 237-6131

Edward H. Takashima
etakashima@bsfllp.com
BOIES SCHILLER FLEXNER LLP
401 Wilshire Blvd, Suite 850
Santa Monica, CA 90401
Telephone:  (310) 752-2400
Facsimile:  (310) 752-2490

Attorneys for Non-Party APPLE INC.

By: */s/Gary A. Bornstein*

Gary A. Bornstein
Yonatan Even
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Tel:  (212) 474-1000
Fax:  (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

| | |
|---|---|
| 1 | Robert A. Van Nest |
| | Asim M. Bhansali |
| 2 | Eugene M. Paige |
| | KEKER, VAN NEST & PETERS LLP |
| 3 | 633 Battery Street |
| | San Francisco, CA 94111-1809 |
| 4 | Tel: (415) 676-2289 |
| | Fax: (415) 397-7188 |
| 5 | rvannest@keker.com |
| | abhansali@keker.com |
| 6 | epaige@keker.com |

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*

**FILER'S ATTESTATION**

I, Gary A. Bornstein, am the ECF user whose identification and password are being used to file this Joint Discovery Statement.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories on this document have concurred in this filing.

*/s/Gary A. Bornstein*
Gary A. Bornstein