UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>QUALCOMM INCORPORATED, et al.,<br><br>Defendants. | Case No. 17-CV-00220-LHK (NC)<br><br>**ORDER GRANTING APPLE'S MOTION FOR RELIEF FROM MAGISTRATE JUDGE'S NONDISPOSITIVE PRETRIAL ORDER IMPOSING SANCTIONS**<br><br>Re: Dkt. No. 445 |
| IN RE: QUALCOMM ANTITRUST LITIGATION | Case No. 17-MD-02773-LHK (NC)<br><br>Re: Dkt. No. 267 |

On October 11, 2017, United States Magistrate Judge Nathanael Cousins ordered non-party Apple, Inc. ("Apple") to substantially complete its document production to Qualcomm Inc.

1
Case Nos. 17-CV-00220-LHK (NC) & 17-MD-02773-LHK (NC)
ORDER GRANTING APPLE'S MOTION FOR RELIEF FROM MAGISTRATE JUDGE'S NONDISPOSITIVE
PRETRIAL ORDER IMPOSING SANCTIONS

1  ("Qualcomm") by December 15, 2017. ECF No. 223 at 1.[1]  On December 20, 2017, Judge
2  Cousins sanctioned Apple $25,000 per day for failing to comply with the December 15, 2017
3  deadline and continued the deadline to December 29, 2017. ECF No. 424 at 59:15-60:10. Judge
4  Cousins memorialized this ruling in a written order issued on December 21, 2017. ECF No. 421
5  at 2-3 ("sanctions order").

6  On January 3, 2018, Apple filed a Motion for Relief from Magistrate Judge's
7  Nondispositive Pretrial Order Imposing Sanctions, ECF No. 445 ("Apple motion"). Qualcomm
8  filed its response on January 26, 2018. ECF No. 516. On February 2, 2018, Apple filed its reply.
9  ECF No. 533.

10  On January 31, 2018, Lawyers for Civil Justice filed a motion for leave to file a brief as
11  amicus curiae. ECF No. 526-3. The Court granted the motion on February 2, 2018. ECF No.
12  532. Qualcomm filed its response on February 7, 2018. ECF No. 547.

13  Based on the filings and the record in this case, the Court GRANTS Apple's motion and
14  sets aside the sanctions order.

15  Federal Rule of Civil Procedure 72(a) states that a Magistrate Judge's nondispositive order
16  must be set aside if it "is clearly erroneous or is contrary to law." In the instant case, the source of
17  authority for the sanctions order is unclear. The sanctions order itself cites former United States
18  Magistrate Judge Paul Grewal's sanction of Samsung for untimely document production to Apple
19  in *Apple v. Samsung*, No. 11-CV-01846-LHK (PSG). ECF No. 421 at 3. However, Judge
20  Grewal's sanctions order was based on Federal Rule of Civil Procedure 37, which applies to
21  parties such as Samsung in that case. Apple is not a party in the instant case, so Rule 37 would not
22  constitute the source of authority to sanction Apple here. Although Apple is not a party in the
23  instant case, the Court recognizes that Apple has a particular interest in the instant case as Apple
24  has initiated its own antitrust litigation against Qualcomm. Nonetheless, if Rule 37 was the source

---

[1] All electronic case filing numbers are from *FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK (NC).

1  of authority for the sanctions order, then the sanctions order "is clearly erroneous or is contrary to
2  law."
3        Accordingly, the Court GRANTS Apple's motion and sets aside the sanctions order.  The
4  Court does not opine on the propriety of a sanction or the amount of any sanction.  Those issues
5  are to be considered by Judge Cousins on remand.
6  **IT IS SO ORDERED.**

8  Dated: February 7, 2018

                                                 LUCY H. KOH
                                                 United States District Judge

Case Nos. 17-CV-00220-LHK (NC) & 17-MD-02773-LHK (NC)
ORDER GRANTING APPLE'S MOTION FOR RELIEF FROM MAGISTRATE JUDGE'S NONDISPOSITIVE PRETRIAL ORDER IMPOSING SANCTIONS