Kalpana Srinivasan (237460)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile:  (310) 789-3150
Email: ksrinivasan@susmangodfrey.com

Joseph W. Cotchett (36324)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: jcotchett@cpmlegal.com

*Plaintiffs' Interim Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: QUALCOMM ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 17-md-2773-LHK<br><br>**PLAINTIFFS' OPPOSITION TO QUALCOMM'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING EUROPEAN COMMISSION DECISION**<br><br>Dept:   Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh<br><br>Trial Date: April 29, 2019 |

## I. INTRODUCTION

Qualcomm's objections to producing the unredacted European Commission ("EC") Decision should be rejected. Qualcomm has had over a *month* to consider Plaintiffs' request for the unredacted EC Decision. Qualcomm's position rests entirely on (1) a hypothetical privacy concern of third parties (notwithstanding that some of those third parties have in fact disclaimed any such notion and are amenable to disclosure of their information) and (2) concerns about international "comity" that Qualcomm argued *against* and this Court already *rejected* in this very case. Qualcomm fails to present any evidence that a single third party or even the EC itself objects to production in this case subject to the governing Protective Order, particularly in light of the fact that at least certain third-party submissions to the EC have already been produced as a result of Qualcomm's own motion to compel. For the reasons set forth below, Qualcomm's objection is baseless and this Court should compel production of the unredacted EC Decision.

## II. ARGUMENT

### A. Qualcomm Fails to Prove a Single Third Party Objects to Disclosure.

As an initial matter, even assuming that privacy regulations concerning the EC's investigations have any relevance, Qualcomm admits that the entire purpose of such regulations is to protect the interests of third parties who supply information to the EC. In this case, Qualcomm has not even bothered to *ask* whether any such third parties have a privacy concern with production in this case subject to the Protective Order. Had it done so, it would have received permission from several such third parties—Apple and its Contract Manufacturers—to disclosure of their information to Plaintiffs.

"The party relying on foreign law has the burden of showing such law bars production." *United States v. Vetco Inc.*, 691 F.2d 1281, 1289 (9th Cir. 1981). In *Societe Int'l Pour Parcticipations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 204 (1958), the party resisting production submitted evidence that "Swiss penal laws did in fact limit petitioner's ability to satisfy the production order because of the criminal sanctions to which those producing the records would have been exposed." Even still, the Court in *Societe Internationale* recognized that its ruling would not apply "to every situation where a party is restricted by law from

1  producing documents over which it is otherwise shown to have control" and the determination
2  depends "upon the circumstances of a given case." *Id.* at 205-06. In *Societe Nationale Industrielle*
3  *Aerospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522, 544
4  n. 29 (1987), which Qualcomm cites, recognized that "[i]t is well settled" that foreign blocking
5  statutes "do not deprive an American court of the power to order a party subject to its jurisdiction
6  to produce evidence even though the act of production may violate the statute." In *Vetco*, 691
7  F.2d at 1289, the Ninth Circuit refused to find that foreign law would bar disclosure where the
8  party relying on foreign law presented "no evidence that unrelated third parties with an interest in
9  the confidentiality of the summoned records would object to production." *Id.*

10  Qualcomm has provided no such evidence here. To the contrary, Apple and its Contract
11  Manufacturers are the only third parties who have even been consulted about whether they object
12  to production—by Plaintiffs' counsel no less. And they have indicated they have no such
13  objection. Qualcomm claims it is prohibited from contacting other third parties whose
14  information is cited in the EC decision because the EC conditions Qualcomm's access to its
15  *investigative file* on a commitment that "*[d]ocuments* obtained through access to the file pursuant
16  to this Article shall only be used for the purposes of judicial or administrative proceedings for the
17  application of Articles 81 and 82 of the Treaty." *See* Resp. to OSC at 4.

18  Nowhere does Qualcomm explain why simply alerting third parties to the fact that
19  disclosure may be compelled would violate any duty not to "use" those third parties'
20  "documents" located in the EC's investigative file. Qualcomm does not explain whether it already
21  knew the identity of those third parties because of the Court's previous order compelling the FTC
22  to produce "Dual Submission" documents that third parties submitted both to the EC and the FTC
23  (rather than by virtue of Qualcomm's separate access to the EC's underlying "investigative file").
24  *See* Dkt. No. 176 at 2. Nor does Qualcomm provide a declaration from an expert on European law
25  stating that merely inquiring into whether third parties object to disclosure would violate EC
26  regulations concerning the "use" of "documents" in the investigative file.

27  Qualcomm fails to present any evidence that any third parties or the EC would object to
28  production notwithstanding that (a) that some third parties such as Apple and its Contract

1   Manufacturers have no objection to production and (b) other third parties' submissions to the EC
2   have already been produced in this case because of Qualcomm's previous motion to compel.

3           **B.**       **Qualcomm's "Comity" Arguments are Unsupported.**

4   Even assuming that European privacy regulations play any role in the determination of
5   whether to produce the unredacted EC Decision here, "comity" concerns do not overcome
6   Plaintiffs' right to discovery.

7   In July of last year, Qualcomm moved to compel the production of "Dual Submission"
8   documents that third parties produced both to the FTC and the EC. *See* Dkt. No. 152. The FTC
9   objected to production based on the same European privacy regulations and "comity" arguments
10  that Qualcomm cites here. *Id.* Qualcomm argued that the FTC should be required to produce the
11  Dual Submission documents because (1) "[f]undamental fairness requires that Qualcomm be
12  provided these documents," (2) the notion that "comity" precludes a party located in the United
13  States from producing relevant materials because of foreign confidentiality rules is "untenable,"
14  and (3) third parties who cooperated with both the EC and FTC's investigations did so "knowing"
15  that doing so "may result in U.S. litigation and discovery." *Id.* at 2-3. While Qualcomm's motion
16  to compel was pending, the Director-General of the European Commission submitted a letter to
17  the Court arguing that such materials should not be produced, citing similar privacy regulations
18  and "comity" arguments that Qualcomm asserts here. *See* Dkt. No. 168-2 at n.2.

19  This Court rejected those arguments, noting that even if "comity" concerns come into
20  play, it "would still find that Qualcomm is entitled to discovery of the dual submission[]
21  documents." *See* Dkt. No. 176 at 2. The Court noted that neither "the FTC nor the foreign entities
22  have provided the Court with any foreign laws or privileges that would be violated by the
23  production of those documents, which are located in the United States, to Qualcomm." *Id.* at 1-2.
24  The Court concluded that the Director General's "concerns" about European privacy regulations
25  "are not backed up by a persuasive legal argument" as "no legal provision or principle on point
26  has been undermined or circumvented" by production in this case. *Id.* at 2.

27  The same is true here. Qualcomm has not cited any authority for the proposition that
28  "comity" weighs in favor of suppressing the EC Decision based on hypothetical privacy concerns

1  of third parties and European privacy regulations given that: (1) this Court already ordered
2  production of certain third-party submissions to the EC in the related FTC case at Qualcomm's
3  insistence; (2) Apple and its Contract Manufacturers have confirmed they have no objection to
4  production; and (3) Qualcomm has presented no evidence that any other third party or the EC
5  objects to disclosure (or any authority for the proposition that it could not have notified third
6  parties of this issue at any time in the past month). Indeed, it is entirely possible that the other
7  third parties at issue in the EC decision are already subject to the Protective Order or
8  Supplemental Protective Orders in this case, have already had some of their "Dual Submission"
9  documents produced at Qualcomm's insistence, and would therefore have no objection to
10 production of the unredacted EC Decision analyzing and explaining the import of such
11 submissions here.

12  Qualcomm's approach is fundamentally unfair. Qualcomm successfully argued that it
13 should be entitled to documents that third parties submitted to the EC, and yet now wants to
14 prevent Plaintiffs from reviewing and fully understanding the EC Decision that is based on those
15 very same submissions. Incredibly, Qualcomm appears unwilling to unredact Apple and its
16 Contract Manufacturers' portions of the EC Decision—even though they have confirmed they do
17 not object to Qualcomm doing so and absent any authority that European privacy regulations
18 would nevertheless bar disclosure.

19  Qualcomm's argument essentially boils down to the notion that (1) Plaintiffs should be
20 deprived of the EC Decision's roadmap to understanding documents and information that may
21 have been produced already while (2) Qualcomm itself has access both to the roadmap and to the
22 underlying submissions in light of its prior motion to compel. Qualcomm's position is untenable.

23 **III.   CONCLUSION**

24 The Court should not discharge its Order to Show Cause, but should instead order
25 Qualcomm to produce the unredacted EC Decision subject to the Protective Order.

26 Dated: February 28, 2018    By: _/s/ Amanda Bonn_
                              Kalpana Srinivasan
27                            Marc M. Seltzer
                              Steven G. Sklaver
28                            Amanda Bonn
                              Oleg Elkhunovich

Krysta Kauble Pachman
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067-4405
Tel:  (310)789-3160
Fax: (310)789-3150
Email: ksrinivasan@susmangodfrey.com
Email: mseltzer@susmangodfrey.com
Email: ssklaver@susmangodfrey.com
Email: abonn@susmangodfrey.com
Email: oelkhunovich@susmangodfrey.com
Email: kpachman@susmangodfrey.com

Joseph Grinstein
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile:  (713) 654-6666
Email: jgrinstein@susmangodfrey.com

Joseph W. Cotchett
Adam J. Zapala
Brian Danitz
Mark F. Ram
Michael Montano
Toriana S. Holmes
COTCHETT, PITRE & McCARTHY
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: jcotchett@cpmlegal.com
Email: azapala@cpmlegal.com
Email: bdanitz@cpmlegal.com
Email: mram@cpmlegal.com
Email: mmontano@cpmlegal.com
Email: tholmes@cpmlegal.com

*Plaintiffs' Co-Lead Counsel*

Steve W. Berman
Jeff Friedman
Rio Pierce
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 268-9320
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: jefff@hbsslaw.com
Email: riop@hbsslaw.com

*Plaintiffs' Steering Committee*