UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: QUALCOMM ANTITRUST LITIGATION | Case No. 17-md-02773 LHK (NC) **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO SEAL AS MODIFIED** Re: Dkt. Nos. 343, 353, 363 |

On February 21, 2018, plaintiffs filed an administrative motion to seal portions of a discovery letter brief and the letter's attachments on the basis that Qualcomm designated certain information as confidential. Dkt. No. 343. Qualcomm filed a declaration regarding why that information should be sealed, as required under Civil Local Rule 79-5(e). Dkt. No. 353. However, upon review, the Court found that declaration insufficient, and orally ordered Qualcomm to file a supplemental declaration, which Qualcomm filed on March 2, 2018. Dkt. No. 363. The amended motion to seal no longer seeks to seal the actual discovery letter brief, or Exhibit B to the brief. *Id.* at 3. Qualcomm does seek to seal Exhibit A and a redacted version of Exhibit C. *Id.*

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Conversely, filings that are only

Case No. 17-md-02773 LHK (NC)

tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "[S]ources of business information that might harm a litigant's competitive standing" often warrant protection under seal. *Nixon*, 435 U.S. at 598. "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal citation and quotation marks omitted).

Sealing motions must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civil L.R. 79-5(d)(1)(A). Merely stating that a party designated material as confidential under a protective order is insufficient by itself to seal a document. *Id.*

The attachments Qualcomm seeks to seal are only tangentially related to the merits of this case. Thus, the Court applies the "good cause" standard. *Ctr. for Auto Safety*, 809 F.3d at 1097. As noted above, Qualcomm no longer seeks to retain under seal the discovery letter brief or Exhibit B. However, Qualcomm does seek to keep under seal Exhibit A and a redacted version of Exhibit C to the discovery letter brief. Dkt. No. 363. In its supplemental declaration, Qualcomm provides various reasons why Exhibit A should be kept under seal, including that Exhibit A contains information about Qualcomm's business relations and "commercially sensitive information reflecting Qualcomm's engineering and product development processes." *Id.* at 2-3. The harm that would result from disclosure is that Qualcomm's competitive ability would be harmed in the future. This satisfies the good cause standard. Yet the Court does not find that the request to seal Exhibit A is narrowly tailored. Civil L.R. 79-5(b). Qualcomm has provided no reason why the Court should seal the first page of Exhibit A. *See* Dkt. No. 343-6 at 2. Thus, the Court ORDERS that Qualcomm file a redacted version of Exhibit A, with the first page of

1  emails unsealed, consistent with Civil Local Rule 79-5(f)(3). The rest of Exhibit A is
2  sealable for the reasons Qualcomm stated.
3      As to Exhibit C, Qualcomm has modified its sealing request to redact language in
4  the Exhibit rather than the entire exhibit. *Id.* at 3. Exhibit C is an excerpt of a deposition
5  that contains Qualcomm's reasoning in its consideration of the creation of a market
6  development fund. *Id.* Qualcomm argues that "[d]isclosure of the specific reasons why
7  Qualcomm considered creating the market development fund would harm Qualcomm's
8  ability to compete by providing Qualcomm's customers and competitors with specific
9  issues and circumstances that influence Qualcomm's provision of market development
10 funds." *Id.* Essentially, Qualcomm's position is that disclosure of the information would
11 harm its competitive edge by informing its customers and competitors of its commercial
12 concerns. The Court finds that the request to redact Exhibit C is narrowly tailored, and
13 that the redacted language in Exhibit C is sealable under the more generous "good cause"
14 standard. Because Exhibits B and C have already been publicly filed in a Court-approved
15 manner, Qualcomm is not required to refile those documents consistent with Civil Local
16 Rule 79-5(f).
17     Plaintiffs are ORDERED to refile the discovery letter brief consistent with Civil
18 Local Rule 79-5(f)(2).
19     Any party may object to this order within fourteen days. Fed. R. Civ. P. 72(a).

21 **IT IS SO ORDERED.**

23 Dated: March 6, 2018

                NATHANAEL M. COUSINS
                United States Magistrate Judge