| | |
|---|---|
| CRAVATH, SWAINE & MOORE LLP<br>Gary A. Bornstein (*pro hac vice*)<br>gbornstein@cravath.com<br>Yonatan Even (*pro hac vice*)<br>yeven@cravath.com<br>825 Eighth Avenue<br>New York, NY 10019-7475<br>Telephone:  (212) 474-1000<br>Facsimile:   (212) 474-3700<br><br>MORGAN, LEWIS & BOCKIUS LLP<br>Richard S. Taffet (*pro hac vice*)<br>richard.taffet@morganlewis.com<br>Willard K. Tom (*pro hac vice*)<br>willard.tom@morganlewis.com<br>Donn P. Pickett (SBN 72257)<br>donn.pickett@morganlewis.com<br>Geoffrey T. Holtz (SBN 191370)<br>geoffrey.holtz@morganlewis.com<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Telephone:  (415) 442-1000<br>Facsimile: (415) 442-1001 | KEKER, VAN NEST & PETERS LLP<br>Robert A. Van Nest (SBN 84065)<br>rvannest@keker.com<br>Asim M. Bhansali (SBN 194925)<br>abhansali@keker.com<br>Eugene M. Paige (SBN 202849)<br>epaige@keker.com<br>Justina Sessions (SBN 270914)<br>jsessions@keker.com<br>David W. Rizk (SBN 284376)<br>drizk@keker.com<br>Alexander Dryer (SBN 291625)<br>adryer@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:  (415) 391-5400<br>Facsimile:  (415) 397-7188 |

Attorneys for Defendant
QUALCOMM INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation,<br><br>Defendant. | Case No. 5:17-CV-00220-LHK-NMC<br><br>**DECLARATION OF YONATAN EVEN** |
| IN RE QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-MD-02773-LHK-NMC |

**DECLARATION OF YONATAN EVEN**

I, Yonatan Even, hereby declare as follows:

1. I am a partner at Cravath, Swaine & Moore LLP, counsel of record for Defendant Qualcomm Incorporated ("Qualcomm") in the above-captioned actions.

2. I respectfully submit this declaration in support of Plaintiffs' Administrative Motion To File under Seal information referenced in Plaintiffs' Supplemental Authority Regarding Applicable Standard of Attorney-Client Privilege Law (the "Supplemental Authority") and Exhibits 2, 4, 5 and 8 to the Declaration of Rio S. Pierce in Support of the Supplemental Authority.  (No. 5:17-MD-02773-LHK-NMC, ECF No. 368.)

3. On March 5, 2018, Plaintiffs in the above-captioned actions filed a redacted version of the Supplemental Authority (ECF No. 368-2), and also filed under seal Exhibits 2, 4, 5 and 8 (the "Exhibits", ECF Nos. 368-06, 368-08, 368-09, 368-12 ) to their accompanying attorney declaration.  (ECF No. 368-04.)  The redacted information in the Supplemental Authority relates to the Exhibits.

4. Exhibit 2 is a document that Qualcomm previously produced that contains certain commercially sensitive information of Qualcomm.  Qualcomm had previously designated Exhibit 2 as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("Highly Confidential") under the Protective Order Governing Confidential Material (the "Protective Order").  (ECF No. 46.)  Specifically, Exhibit 2 is an internal Qualcomm email exchange, and an attached document containing analysis by Qualcomm's advisors, Goldman Sachs and Evercore, that reflects and discloses commercially sensitive information about confidential strategic business issues.  Disclosure of such information would harm Qualcomm by placing it at a competitive disadvantage because competitors would gain insight into Qualcomm's confidential financial information, confidential

1  business policies and practices, and confidential advice provided by Qualcomm's
2  advisors.

3      5.    Exhibit 4 is a document that Qualcomm previously produced that contains
4  certain commercially sensitive information of Qualcomm. Qualcomm had previously
5  designated Exhibit 4 as Highly Confidential. Specifically, Exhibit 4 is an internal
6  Qualcomm email exchange that contains commercially sensitive information about
7  Qualcomm's licensing strategy in China and Qualcomm's business relationship with
8  Chinese companies. Disclosure of such information would harm Qualcomm by placing it
9  at a competitive disadvantage because competitors would gain insight into Qualcomm's
10 policies, practices and strategies with respect to China.

11     6.    Exhibit 5 is a document that Qualcomm previously produced that contains
12 certain commercially sensitive information of Qualcomm. Qualcomm had previously
13 designated Exhibit 5 as Highly Confidential. Specifically, Exhibit 5 is an internal
14 Qualcomm email exchange that contains commercially sensitive information about
15 Qualcomm's business relationship with Apple. Disclosure of such information would
16 harm Qualcomm by impeding Qualcomm's ability to maintain and develop business
17 relationships.

18     7.    Exhibit 8 is a document that Qualcomm previously produced that contains
19 certain commercially sensitive information of Qualcomm. Qualcomm had previously
20 designated Exhibit 8 as Highly Confidential. Specifically, Exhibit 8 is an internal
21 Qualcomm document that relates to a meeting between Qualcomm and Apple and
22 contains commercially sensitive information about Qualcomm's business relationship
23 with Apple. Disclosure of such information would harm Qualcomm by impeding
24 Qualcomm's ability to maintain and develop business relationships.

25     8.    The redacted information in the Supplemental Authority relates to
26 Exhibits 4 and 5. Specifically, the redacted information on page 6, footnote 28, quotes

portions of Exhibit 4.  The redacted information on page 8, footnote 37, describes and quotes portions of Exhibit 5.

9. Qualcomm keeps the details of its internal operations, such as those in Exhibits 2, 4, 5 and 8, strictly confidential to avoid undue prejudice to Qualcomm through the disclosure of commercially sensitive information.

10. This request is particularized and narrowly tailored to seal only information that if disclosed would cause Qualcomm undue prejudice if publicly revealed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this day, March 16, 2018 in New York, New York.

*/s/ Yonatan Even*
Yonatan Even

Declaration of Yonatan Even
Case Nos. 5:17-cv-00220-LHK-NMC &
5:17-MD-02773-LHK-NMC