UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: QUALCOMM ANTITRUST LITIGATION | Case No. 17-md-02773 LHK (NC)<br><br>**ORDER DENYING REQUEST FOR UNREDACTED EC DECISION WITHOUT PREJUDICE, AND GRANTING PLAINTIFFS' MOTION TO SEAL**<br><br>Re: Dkt. Nos. 354, 357 |

Plaintiffs request that the Court order Qualcomm to produce the European Commission's (EC) unredacted January 24, 2018, decision finding that Qualcomm violated European antitrust law and other material in the EC's file to which Qualcomm has access. Qualcomm is in possession of the unredacted decision, and has produced a redacted version to plaintiffs. The redacted version is 141 pages long and contains the entire conclusion, sub-conclusion statements, index, and about 80-85% of the decision text. *See* Dkt. No. 354-4. What the decision does not include are confidential statements from third parties, references to documents from the EC case file and information about the EC's procedural investigative steps.

Qualcomm represents that it believes these redactions are consistent with EU law. That plaintiffs have a redacted version of the decision is significant because Qualcomm is not withholding the entire decision. Qualcomm redacted third-party information and statements, and information about the proceedings. The lion's share of the decision was

Case No. 17-md-02773 LHK (NC)

produced to plaintiffs unredacted, including the EC's conclusions. It is unclear what information from the EC's case file plaintiffs seek that Qualcomm may access.

Plaintiffs have not shown they have a need for the unredacted decision or for the information contained in the EC's case file. Qualcomm, on the other hand, proffered law that would be violated if it were to produce an unredacted version of the decision or the materials in the EC case file. Thus, the Court DENIES WITHOUT PREJUDICE plaintiffs' request.

The Court GRANTS plaintiffs' motion to seal the redacted version of the EC Decision.

## I.  BACKGROUND

According to the plaintiffs' February 26, 2018, status report, on January 26, 2018, plaintiffs requested from Qualcomm "all materials that Qualcomm has received from the European Commission," which include "all materials related to the European Commission's January 24, 2018 decision and the European Commission's December 8, 2015 Statement of Objections." Dkt. No. 355 at 2. Qualcomm responded on February 13 that it would produce a redacted EC Decision by February 23. *Id.*

After reviewing the status report, the Court issued an order to show cause why the unredacted decision should not be produced and why Qualcomm should not produce materials it provided the EC. Dkt. No. 357. In its response to the Court's order, Qualcomm stated that in its production of the decision, Qualcomm redacted: "(1) confidential information provided by third parties in the context of the EC's investigation; (2) specific references to documents contained in the EC's 'case file'; and (3) information about the procedural steps adopted in the course of the investigation that are not public knowledge." Dkt. No. 359 at 2. Moreover, Qualcomm represented to the Court that it produced to plaintiffs all of the materials it had provided to the EC. *Id.* at 3 n.2. The Court now addresses the parties' arguments.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain

Case No. 17-md-02773 LHK (NC)            2

1  discovery regarding any nonprivileged matter that is relevant to any party's claim or
2  defense and proportional to the needs of the case . . . ." "However, Rule 26 grants the
3  court discretion to limit discovery on several grounds, including international comity." *In*
4  *re Rubber Chemicals Antitrust Litig.*, 486 F. Supp. 2d 1078, 1081 (N.D. Cal. 2007) (citing
5  *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482
6  U.S. 522, 544 (1987)). As relevant here, courts "should exercise special vigilance to
7  demonstrate due respect for any sovereign interest expressed by a foreign state." *Id*.

The Supreme Court set forth the following comity test in *Aerospatiale*: "(1) the importance to the . . . litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Aerospatiale*, 482 U.S. at 544 n.28 (internal quotations marks omitted).

### III. DISCUSSION

The Court first addresses the request for the EC Decision and the documents Qualcomm has access to, and then plaintiffs' motion to seal the redacted decision.

#### A. Plaintiffs' Request for EC Decision and Materials

This dispute arises from the EC's not yet having published its January 24, 2018, decision. The EC will not publish until it consults with third parties who produced to it information to ensure that the public decision does not contain business secrets or other confidential information. Plaintiffs argue that Qualcomm should be required to produce the unredacted EC Decision because Qualcomm does not establish that any third party objects to disclosure. Dkt. No. 360 at 2. But Qualcomm argues it may not produce to plaintiffs the unredacted version of the decision because "EU rules governing the disclosure of confidential information included in the EC's Decision grant *the EC*—not the addressee of the decision—the authority to seek permission from third parties to disclose

Case No. 17-md-02773 LHK (NC)          3

their confidential information." Dkt. No. 359 at 2 (emphasis in original). Qualcomm also asserts that international comity principles prohibit it from producing the EC Decision. Plaintiffs reject this argument, and note that the Court already rejected an international comity argument in a previous discovery dispute in the related FTC action against Qualcomm. Dkt. No. 176 in 17-cv-00220 LHK (NC).

The Court first considers the European laws asserted by Qualcomm. Article 28(2) of Council Regulation No. 1/2003 provides that "the Commission . . . shall not disclose information acquired or exchanged by them pursuant to this Regulation and of the kind covered by the obligation of professional secrecy." The EC provides guidance as to what kind of information is protected under this obligation: business secrets and other confidential information disclosure of which would significantly harm a person or undertaking. *Guidance on the Preparation of Public Versions of Commission Decisions adopted under the Merger Regulation*, EUROPEAN COMMISSION, http://ec.europa.eu/ competition/mergers/legislation/guidance_on_preparation_of_public_versions_mergers_26 052015.pdf (last visited Mar. 26, 2018). This provision is silent as to whether a defendant can disclose the non-public information for the EC. Yet it would appear to make hash of the EC's procedures to require Qualcomm to produce the decision, when the EC has specified a procedure it follows in publishing decisions.

As to the documents Qualcomm was provided access to, Qualcomm argues that Article 15(4) of Commission Regulation 773/2004 bars it from disclosure. Article 15(4) provides that where access to a file and documents is provided, such documents must "only be used for the purposes of judicial or administrative proceedings . . . ." Comm'n Regulation 773/2004, 7 Apr. 2004 O.J. (L 123/22). In reviewing these authorities, the Court does find that Qualcomm appropriately argues that under EU law, it should not disclose an unredacted version of the EC Decision or the information it was made privy to under Article 15(4). The Court notes, however, that Qualcomm points to no sanction it is likely to suffer if it were to disclose the information it has access to.

Even if producing the EC Decision and any materials Qualcomm reviewed would

Case No. 17-md-02773 LHK (NC)     4

violate EU law, that is not the end of the inquiry. The Court considers the five factors set forth in *Aerospatiale*.

First, it is unclear from plaintiffs' filings how important the redacted portions of EC Decision are in this case, let alone the contents of the EC's case file. Plaintiffs argue that the redacted portions are "relevant," but not why they are needed, proportional to the needs of the case, or why they are not cumulative after all of the discovery that has taken place. Plaintiffs have been able to make an educated guess regarding who the suppliers of the confidential information are. Dkt. No. 355 at 4. The Court agrees that the decision is relevant, as it arises from the same set of facts as the actions here. But with the record before it, the Court is unconvinced that plaintiffs show any need for the redacted portions of the decision or the case file Qualcomm reviewed. Thus, due to plaintiffs' lack of briefing on this issue, the Court finds this factor neutral.

Second, plaintiffs are specific in what they are requesting. This factor weighs towards disclosure.

Third, the information sought by plaintiffs did not originate in the United States. Therefore, this factor weighs against production.

Fourth, while there is currently no other way for obtaining an unredacted version of the EC Decision, plaintiffs are able to obtain the documents third parties Apple and Contract Manufacturers supplied to the EC through other discovery methods (e.g., document and information requests).[1] Thus, this factor weighs for plaintiffs as to the EC Decision, but against plaintiffs as to the sources of information.

Fifth, and most importantly, the Court considers "the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located." *Aerospatiale*, 482 U.S. at 544 n.28.

Plaintiffs in civil cases have a right to relevant information that is proportional to

---

[1] The Court recognizes that the close of fact discovery is fast approaching.

the needs of the case under Rule 26(b)(1). Qualcomm's position is that it should not be forced to violate EU law, especially given the fact that the EC itself will unredact the EC Decision once it queries the third parties as to whether they object to their statements and information being published. The Court would be more willing to find this argument persuasive if the Court had been given any idea as to when the decision would be published. Indeed, in a case Qualcomm cited, the EC took well over a year to publish an opinion. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-cv-05944 SC, 2014 WL 1247770, at *4 (N.D. Cal. Mar. 26, 2014) (discussing an EC Decision that was 16 months old that had yet to be published, and expressing optimism that the decision would be published before it was 22 months old). This case will likely be over in 10 months, so Qualcomm's argument is unpersuasive.

Yet the Court is concerned that forcing Qualcomm to produce the unredacted decision to plaintiffs would violate EU law. The Court is in an uncomfortable position because unlike in the earlier dispute between Qualcomm and the FTC, the EC has not weighed in on whether it objects to the Court ordering Qualcomm to produce the decision. Thus, the Court find that the fifth factor slants slightly towards non-production, subject to plaintiff re-moving for production and Qualcomm producing to the Court some communication from the EC regarding non-production and the timeline for EC publication.[2]

The Court finds that in weighing the five factors set forth in *Aerospatiale*, the scale is roughly level. Qualcomm proffered some law that suggests it should not produce the unredacted decision or the case file materials, but plaintiffs have shown no need for the redacted portions or the case file materials. What ultimately persuades the Court is that

---

[2] Plaintiffs seek to rely on the Court's earlier order granting a motion to compel dual submission documents. But there is a key distinction between that case and this one, namely: there is law that would make it improper for Qualcomm to disclose unredacted decision and the confidential information it reviewed that was produced to the EC by the third parties. The Court did not lightly order the FTC to produce to Qualcomm the dual submissions, particularly in the face of the letter the Director-General sent to the Court. But the facts in that situation differed materially from those the Court has before it now.

Case No. 17-md-02773 LHK (NC)           6

1  Qualcomm provided to plaintiffs a redacted version that contains the EC's rationale for
2  finding Qualcomm engaged in anticompetitive activity. Therefore, plaintiffs may renew
3  their request for a specific portion or portions of the EC Decision, but they must make a
4  particularized showing of need.

5  Before ending, the Court marks its disapproval of the manner in which the EC
6  Decision was produced to plaintiffs. Contrary to Qualcomm's assertion, plaintiffs' version
7  of the production suggests Qualcomm buried the EC Decision in a larger document
8  production to deflect attention. Dkt. No. 355 at 3. It also appears that Qualcomm delayed
9  production of the decision. *Id.* Qualcomm must avoid engaging in such antics, though
10 plaintiffs have not pointed to any specific prejudice caused by this delay.

**B.  Motion to Seal**

Along with their status report requesting production of the EC Decision, plaintiffs filed a motion to seal the redacted EC Decision. Dkt. No. 354. Qualcomm filed the accompanying required declaration under this district's Civil Local Rules. Dkt. No. 362.

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Conversely, filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. Here, the Court deals with a discovery dispute only tangentially related to the merits of the case, so the "good cause" standard applies. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); see also Fed. R. Civ. P. 26(c). "[S]ources of business information that might harm a litigant's competitive standing" often warrant protection under seal. *Nixon*, 435 U.S. at 598. "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l*

Case No. 17-md-02773 LHK (NC)       7

*Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal citation and quotation marks omitted).

Sealing motions must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civil L.R. 79-5(d)(1)(A). Merely stating that a party designated material as confidential under a protective order is insufficient by itself to seal a document. *Id.*

Qualcomm provides the Court with the following reasons why the EC Decision should be retained under seal: (1) it would violate EU law to publicly file even the redacted version of the EC Decision, and (2) disclosure of Qualcomm's confidential business information contained in the decision would harm Qualcomm's competitive standing. Dkt. No. 362. Furthermore, Qualcomm states that the decision contains "confidential pricing, volume, and margin information, Qualcomm's estimation of its worldwide market share, information regarding Qualcomm's spending on research and development and other costs and investments, and other information Qualcomm submitted confidentially to the EC during its investigation." *Id.* at 4.

The Court is persuaded there is good cause to seal the information in the EC Decision relating to Qualcomm's confidential business information. But there is much else in the decision that, were it not for the fact that the EC has not yet published the decision, the Court would order filed publicly. The Court would otherwise be inclined to find that Qualcomm's request was not narrowly tailored. Under the circumstances, the Court is not inclined to circumvent the EC's procedural rules. The Court's concerns are assuaged by the fact that the EC will publish the opinion in the future, and that the Court is applying the "good cause" standard rather than the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1097. Thus, the Court GRANTS the motion to seal the redacted EC Decision.

## IV. CONCLUSION

For the reasons stated above, the Court DENIES plaintiffs' request for production of the unredacted EC Decision and the materials Qualcomm has access to in the EC case

1  file WITHOUT PREJUDICE, and GRANTS plaintiffs' motion to seal the redacted
2  decision at dkt. no. 354-4.

**IT IS SO ORDERED.**

Dated:  March 26, 2018            _____
NATHANAEL M. COUSINS
United States Magistrate Judge