Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Kalpana Srinivasan (237460)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com

Joseph Cotchett (36324)
COTCHETT, PITRE & MCCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com

*Plaintiffs' Counsel*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE QUALCOMM ANTITRUST LITIGATION | No. 17-md-02773-LHK-NMC<br><br>PLAINTIFFS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF QUALCOMM FINANCIAL PLANNING & ANALYSIS MATERIALS<br><br>Magistrate Judge:<br>Hon. Nathaniel M. Cousins |

Plaintiffs file this separate statement[1] in support of their motion to compel production of documents from specific portions of financial planning and analysis ("FP&A") folders maintained respectively by Qualcomm's chipset and licensing businesses.[2] The Court should compel production of these FP&A materials because they are responsive to many of Plaintiffs RPDs,[3] should have been produced based on Qualcomm's prior representations, and can be produced with minimal burden from easily collectable central databases.

Qualcomm represented to Plaintiffs during correspondence over Qualcomm's productions that it had produced or was producing materials such as "financial planning documents, sales forecasts, and handset forecasts from 2006 to 2017;" "QCT strategic plans, profit and loss statements, financial planning documents, sales forecasts, and handset forecasts from at least 2006 to 2017; QCT budgets and outlooks from 2006 to 2017;" and "QTL budgets and outlooks from 2002 to 2017."[4] But, near the end of fact discovery, Plaintiffs discovered, based on references in produced documents, that Qualcomm stored significant volumes of these types of material on shared databases that may not have been fully produced. Plaintiffs first raised concerns with Qualcomm in a March 23, 2018 e-mail and have subsequently met and conferred with Qualcomm for nearly two months on the extent to which Qualcomm had produced such materials.[5] During this meet and confer process Plaintiffs, in order to minimize burden, revised and limited many of their requests in response to answers provided by Qualcomm. Plaintiffs sent a letter on May 2nd specifically requesting Qualcomm to make certain productions and requested a meet and confer on May 7th or May 8th in light of the Court's May 18th deadline for motions to compel.[6] Qualcomm produced certain materials on May 11th but did not agree to a meet and confer until May 16th. During the May 16th meet and confer, Qualcomm stated that it would be sending a letter either that day or the next day with additional information but, as of the filing of this motion, Qualcomm has provided no new information on the FP&A materials.[7]

These materials should be produced because Qualcomm has already represented in discovery responses that it has produced without limitation many of these materials. For example, Qualcomm stated that it has "produced . . . without limitation, all Qualcomm CDMA Technologies' [QCT] forecasts and budgets."[8] For example, a significant portion of Plaintiffs

---

[1] The Court today rejected the parties' joint stipulation to extend the motion to compel deadline from today until May 25, 2018. Plaintiffs met and conferred with Qualcomm today regarding submission of a joint discovery statement but could not reach agreement on a process for doing so. *See* May 18, 2018 e-mail from Brent Byars to Rio Pierce (stating that "if the Plaintiffs feel the need to submit separate discovery statements, Qualcomm will respond in due course"). Plaintiffs are filing this separate statement because the motion to compel deadline is today and have not reached agreement with Qualcomm on certain document and data production issues.

[2] Plaintiffs are requesting that the Court order Qualcomm to produce all materials stored from the following subfolders from the QTL FP&A folder: (ASIC Allocations_TM1; Board Materials; Budget; Patent Comparables; Patents (was Amortization schedules); QTL Finance Inputs & Templates; Recurring Presentations; Refresh; Strat-Plan; Valuation Analysis; ASP Analysis; ASP Spread; LT Model; Misc Analysis; Monthly; OPS Reviews; Other; Outlook; Prepaid Analysis); and all materials stored in the following subfolders on the QCT FP&A folder: (Cost Models; Mid Quarter Outlooks; Major Outlooks; Strat Plan; Analysis; Planning & Reporting; Actuals; Budget; Tableau; AB Folder; Attach Configurator; BBB; Tiering Machine; MCC Configurator; Requests; NRA MAX; Mobile BU).

[3] *See* Plaintiffs' Requests for Production of Document (RPD) Nos. 17, 18, 21, 26, 30, 31, 35, 36, 39, 45, 47, 48, and 49.

[4] *See* November 20, 2017 letter from David Rizk to Mark Ram, at 11.

[5] *See* March 23, 2018 e-mail from Rio Pierce to Counsel.

[6] *See* May 2, 2018 letter and e-mail from Rio Pierce to Counsel.

[7] By contrast, Qualcomm provided information on unrelated materials in a letter sent today at 5:56 PM. Plaintiffs accepted Qualcomm's representations and has accordingly not moved to compel on those materials.

[8] *See* Qualcomm's Responses and Objections to MDL Plaintiffs' RPD No. 31.

requests are for QCT forecast and budget materials stored on the QCT FP&A folder, including subfolders with the titles "Actuals, Budget, Mid Quarter Outlooks, Major Outlooks; Cost Models." If Qualcomm has produced these materials without limitation, then it faces no additional burden for these requests. If Qualcomm has not produced, then the Court should compel production consistent with Qualcomm's discovery responses and representations. In recognition of Rule 26's proportionality requirement, Plaintiffs are only requesting that the Court compel production from these two FP&A folders – a small fraction of the terabytes of material that Qualcomm stores on this server.[9]

In addition, the FP&A materials are also highly relevant as regularly prepared FP&A documents that Qualcomm has produced directly touch on key issues in the case. For example, Plaintiffs have alleged Qualcomm possesses market power in a premium tier chipset market. The Ninth Circuit holds that "market share is perhaps the most important factor to consider in determining the presence or absence of monopoly power."[10] Qualcomm's produced files show that Qualcomm's chipset business regularly stores analyses of its market share in various chipset product markets on its FP&A folder, including its market share in a premium tier chipset market.[11] Qualcomm should do a complete collection from these folders to ensure highly relevant materials like these are produced. Other subfolders contain, based on their titles, materials like Qualcomm's budgets, Qualcomm's chipset costs, and Qualcomm's analysis of its licensing operations – each relevant to key issues in this case and many of which Qualcomm represented it had produced without limitation.[12]

During this several month-long meet and confer process, Qualcomm has also never specified the burden that it would face in collecting and producing materials from these shared folders even though "it has long been clear that a party claiming that discovery imposes an undue burden must 'allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.'"[13] All available evidence indicates Qualcomm's burden would be minimal. A Qualcomm witness testified that materials on the server that includes these FP&A folders can be accessed simply by clicking on a link from the user's desktop.[14] Qualcomm itself has been able to rapidly produce materials from shared folders whenever it chooses – including 600,000 pages from a shared database within three weeks of Plaintiffs initial request.[15] Plaintiffs have further minimized the burden by specifically excluding from this motion to compel certain portions of these two folders that are likely not relevant based on their titles.[16]

Therefore, court-ordered production of these materials would simply involve Qualcomm copying materials from the shared databases and sending them to its e-discovery vendor for processing because these clearly responsive FP&A materials do not require manual review for relevance. Any minimal burden is far outweighed both by the documents' relevance and the fact that Qualcomm should have already produced these materials based on prior representations.

---

[9] *See* Qualcomm 30(b)(6) Deposition Transcript of Pamela Schieffelin, at 178:25-180:2.

[10] *See Movie 1 & 2 v. United Artists Commc'ns, Inc.*, 909 F.2d 1245, 1254 (9th Cir. 1990).

[11] *See* March 23, 2018 e-mail from Rio Pierce to Counsel.

[12] *See* Qualcomm's Responses and Objections to MDL Plaintiffs' RPD No. 4 (Qualcomm is producing "without limitation, annual chipset models, handset budgets, and royalty reports, long-term and short-term roadmaps, and budget spreadsheets.").

[13] *Sullivan v. Personalized Media Commc'ns, LLC*, No. 16-mc-80183-MEJ, 2016 WL 5109994, at *3 (N.D. Cal. Sept. 21, 2016) (internal citation omitted).

[14] *See* Deposition Transcript of Yunhui Chae-Banks, at 435:13-16.

[15] *See* May 11, 2018 letter from Madalyn Vaugh to Counsel.

[16] *See* May 2, 2018 letter from Rio Pierce to Counsel, at 3.

DATED: May 18, 2018                   HAGENS BERMAN SOBOL SHAPIRO LLP

By     s/Jeff D. Friedman
       JEFF D. FRIEDMAN

Rio Pierce (298297)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
riop@hbsslaw.com

Steve W. Berman
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Plaintiffs' Steering Committee*

Kalpana Srinivasan (237460)
Marc M. Seltzer (54534)
Steven G. Sklaver (237612)
Amanda Bonn (270891)
Oleg Elkhunovich (269238)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
abonn@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Joseph Grinstein
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 65-6666
jgrinstein@susmangodfrey.com

Joseph W. Cotchett (36324)
Mark F. Ram (294050)

Brian Danitz (247403)
Tamara Prevost (313422)
COTCHETT, PITRE & MCCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
mram@cpmlegal.com
bdanitz@cpmlegal.com
tprevost@cpmlegal.com

***Plaintiffs' Co-Lead Counsel***