CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (*pro hac vice*)
gbornstein@cravath.com
Yonatan Even (*pro hac vice*)
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (*pro hac vice*)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001

KEKER VAN NEST & PETERS LLP
Robert Van Nest
rvannest@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 676-2289
Facsimile: (415) 397-7188

Attorneys for Defendant
QUALCOMM INCORPORATED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE: QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-CV-2773-LHK-NMC<br><br>**DEFENDANT QUALCOMM INCORPORATED'S OPPOSITION TO PLAINTIFFS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF QUALCOMM FINANCIAL PLANNING & ANALYSIS MATERIALS**<br><br>Courtroom: 7, 4th Floor<br>Judge: Hon. Nathanael M. Cousins |

Qualcomm Incorporated ("Qualcomm") respectfully submits this Discovery Statement in response to the MDL Plaintiffs' ("Plaintiffs'") Discovery Statement concerning financial

planning and analysis ("FP&A") folders. (ECF No. 467, hereinafter "Mot.")[1]

Plaintiffs' request for a production of all documents in 36 finance-related folders on a Qualcomm server is a belated fishing expedition. This request for the review of nearly one hundred thousand documents, totaling hundreds of gigabytes of data, comes nearly 10 months after Qualcomm responded and objected to Plaintiffs' first document requests; nearly 9 months after Qualcomm provided Plaintiffs with the financial data it produced to the FTC in the pre-Complaint investigation; nearly 5 months after Qualcomm produced additional financial data requested by the FTC and Plaintiffs in this litigation; and nearly 2 months after the close of the fact discovery period. Plaintiffs identify no reason why they waited until the very end of fact discovery to claim that Qualcomm must produce these additional documents. In fact, the document that they claim alerted them to the existence of these folders "near the end of fact discovery" (Mot. at 1) was produced eight months ago, in *September 2017*.[2]

Further, Plaintiffs have not articulated a reason why, in light of Qualcomm's extensive prior production, the review and production of the additional requested FP&A documents would be proportionate. Plaintiffs claim that these documents are "clearly responsive" (Mot. at 2) to their requests purely on the basis of the short names of certain sub-folders, many of which are ambiguous at best—including "BBB", "AB Folder", "Requests", "NRA MAX" and even "Other".[3] But Qualcomm has produced over 4.5 million documents during this litigation, including custodial productions from numerous employees in QCT and QTL Finance, and many categories of non-custodial documents containing QCT and QTL financial information.[4] This production was the result of hundreds of fact-gathering interviews with Qualcomm personnel who identified where to collect documents that had been requested during the parties' extensive negotiations, and Qualcomm produced documents from the sources that Qualcomm personnel had identified as likely to contain responsive documents. Plaintiffs' request that Qualcomm go back and exhaustively clean out additional folders, even though Plaintiffs know close to nothing about their contents or likely responsiveness, is an unwarranted trawl through Qualcomm's finance units and should be denied on this basis alone.

Plaintiffs also significantly understate the effort Qualcomm has expended in addressing their belated requests and the level of cooperation Qualcomm has displayed. Beginning on March 23, 2018, Plaintiffs have issued numerous new requests for the production of documents. In the spirit of compromise, Qualcomm undertook a sustained and intensive effort to respond to these late requests over the last two months. In addition to responding to Plaintiffs' many requests on five meet and confers and in dozens of pages of substantive emails and letters, Qualcomm has collected and produced numerous categories of documents in response to

---

[1] The parties did not submit joint discovery statements because, as late as afternoon PT on the deadline to file motions to compel, Plaintiffs could not even identify all of the issues on which they intended to move.

[2] *See* 3/23/18 Email from R. Pierce (citing Q2014FTC04676264).

[3] In fact, prior to this filing, Plaintiffs were much less certain that the documents in many of these sub-folders were responsive, and had only asked Qualcomm for additional information about them, rather than demanding a wholesale production. *See* 5/2/18 Letter from R. Pierce.

[4] For example, Qualcomm has produced a vast number of documents containing QCT financial information, including QCT Budgets, QCT Strat Plans, QCT P&Ls, QCT Outlooks, QCT Handset Forecasts, QCT Annual Marketing Plans, Price Review Committee Presentations, Price Management Reports and Presentations, Product Roadmaps, Chipset Model Reports, Competitive Analysis Presentations, and QCT Forecasts. The Plaintiffs assert that, because Qualcomm previously "represented it had produced without limitation" (Mot. at 2) such materials, it should now scour dozens of additional sub-folders for documents that *may* be related to such materials. But Qualcomm conducted a reasonable search for responsive documents, and Plaintiffs provide no reason to require more.

1

Plaintiffs' untimely and increasingly further afield requests. For example, Qualcomm has produced tens of thousands of additional documents relating to Qualcomm's technical support for carriers that operate cellular networks; thousands of documents pertaining to Qualcomm licensees that the FTC had agreed need not be produced; and even summaries of public news articles that Plaintiffs conceded were duplicative of custodial documents already produced.[5] (*See* April 5, 2018 Ltr. from Y. Even; April 26, 2018 Ltr. from Y. Even.) Qualcomm has done that not because it believed Plaintiffs' requests were timely, reasonable or proportional, but rather because it sought to resolve these disputes where resolution would not impose extreme burden on Qualcomm.

Qualcomm likewise has accommodated Plaintiffs' requests for additional documents from the FP&A folders. Qualcomm already had produced documents from 8 of the 36 folders that Plaintiffs seek.[6] And, as Qualcomm stated during the May 16, 2018 meet and confer, Qualcomm agreed to produce documents from certain additional folders, where doing so would not impose significant review burdens.[7] Thus, Qualcomm has produced or will produce documents from 24 of the 36 folders requested.

However, after further investigation, Qualcomm has determined that the burden of reviewing and producing documents from some folders would outweigh the marginal benefit, if any, that Plaintiffs might receive from their production. *First*, reviewing and producing these documents would require considerable time and resources. For example, the "Misc Analysis" sub-folder alone amounts to approximately 43,000 documents, and more than 148 gigabytes of data. Speculation that these documents *might* contain responsive financial analyses is an insufficient reason to impose such a significant review burden.[8] *Second*, many of these documents are cumulative of the discovery Qualcomm has provided. For example, the "Board Materials" sub-folder contains working drafts of information QTL Finance planned to contribute to Qualcomm Board of Director presentations. Plaintiffs already have the actual Board presentations, plus the custodial files of numerous individuals who were responsible for compiling information for those presentations. These draft Board materials require meticulous privilege review, posing a significant burden. *Third,* some sub-folders simply are not likely to contain responsive documents. For example, the "QTL Finance Inputs & Templates" folder contains generic PowerPoint *templates* that are intended to be used to create future presentations and is not likely to contain responsive information.

Plaintiffs' request for additional documents from the FP&A folders—beyond those Qualcomm has already agreed to produce—should be denied.

---

[5] Plaintiffs now seek to use Qualcomm's cooperation against it, stating that Qualcomm must not face burden because it produced "600,000 pages from a shared database within three weeks of Plaintiffs' initial request". (Mot. at 2.) But as Qualcomm has explained, it was able to do so only because it conducted an investigation over multiple weeks to confirm that the particular documents were highly unlikely to be privileged.

[6] From the QCT FP&A folder, Qualcomm already has collected and produced documents from Mid Quarter Outlooks, Major Outlooks, Strat Plan, and Budget folders. From the QTL Periodic Items folder, Qualcomm already has collected and produced documents from the Budget, Refresh, Strat-Plan, and Outlook folders.

[7] From the QCT FP&A folder, Qualcomm will collect, review and produce documents from the Cost Models, AB Folder, Attach Configurator, Tiering Machine, MCC Configurator and NRA MAX folders. From the QTL Periodic Items folder, Qualcomm will collect, review and produce documents from the ASIC Allocations_TM1, Patent Comperables [*sic*], Patents (was Amortization schedules), Valuation Analysis, ASP Analysis, ASP Spread, LT Model, OPS Reviews, Other and Prepaid Analysis folders.

[8] It is simply not true that "Qualcomm has also never specified the burden that it would face in collecting and producing materials from these shared folders." (Mot. at 2.) Qualcomm has done so numerous times. Plaintiffs ignore the necessary responsiveness and privilege review the productions they seek would require.

Dated:  May 22, 2018                    Respectfully submitted,

                                         CRAVATH, SWAINE & MOORE LLP,


                                    _____*Yonatan Even*_____
                                         Gary A. Bornstein
                                         Yonatan Even
Worldwide Plaza
   825 Eighth Avenue
      New York, NY 10019
         Tel: (212) 474-1000
            Fax: (212) 474-3700
               gbornstein@cravath.com
               yeven@cravath.com

Robert A. Van Nest
Eugene M. Paige
KEKER, VAN NEST & PETERS LLP
   633 Battery Street
      San Francisco, CA 94111-1809
         Tel: (415) 391-5400
            Fax: (415) 397-7188
               rvannest@keker.com
               epaige@keker.com

Richard S. Taffet
MORGAN, LEWIS & BOCKIUS LLP
   101 Park Avenue
      New York, NY 10178-0060
         Tel: (212) 309-6000
            Fax: (212) 309-6001
               richard.taffet@morganlewis.com

Willard K. Tom
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Donn P. Pickett
Geoffrey T. Holtz
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
geoffrey.holtz@morganlewis.com

*Attorneys for Qualcomm Incorporated*