UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: QUALCOMM ANTITRUST LITIGATION | Case No. 17-MD-02773-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 496, 572, 619 |

Before the Court are three Administrative Motions to File Under Seal filed in connection with the parties' briefing on Plaintiffs' motion for preliminary injunction. ECF Nos. 496, 572, 619. Specifically, the parties seek to seal portions of their briefs and accompanying exhibits. For the following reasons, the Court GRANTS in part and DENIES in part the parties' motions to seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

1

Case No. 17-MD-02773-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* (alterations in original). Furthermore, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1). Where the moving party seeks to file under seal a document containing information designated confidential by another party or a non-party, "the [designating party] must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L. R. 79-5(e)(1).

3

Case No. 17-MD-02773-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

Here, the information sought to be sealed consists of portions of the parties' briefing on Plaintiffs' motion for preliminary injunction and accompanying exhibits. ECF Nos. 496, 572, 619. Although a motion for preliminary injunction may sometimes require "compelling reasons" for sealing, *Ctr. for Auto Safety*, 809 F.3d at 1102, Plaintiffs' motion for preliminary injunction here did not ask the Court to rule on any underlying merits issue in the case. Rather, Plaintiffs asked the Court to exercise its authority under the All Writs Act, 28 U.S.C. § 1651, to enjoin Qualcomm Incorporated ("Qualcomm") from enforcing any exclusion or cease-and-desist order that the International Trade Commission may issue in a separate action between Qualcomm and Apple Inc. *See* ECF Nos. 708 at 1, 507 at 19. Because Plaintiffs' motion for preliminary injunction is "not related, or only tangentially related, to the merits of [this] case," *Ctr. for Auto Safety*, 809 F.3d at 1099, the Court concludes that the lower "good cause" standard is the applicable standard.

The Court now turns to the substance of the sealing motion. Both Plaintiffs and Qualcomm have designated certain material as confidential at the request of other parties and non-parties. ECF Nos. 496 at 2, 572 at 1, 619 at 1. Those other parties and non-parties, in turn, have submitted declarations providing that the portions of the preliminary injunction briefing and the accompanying exhibits are sealable. ECF Nos. 512, 513, 579, 579-1, 581, 603, 605, 636. The rationale is essentially the same—namely, that the information sought to be sealed reveals competitively sensitive business information, such as internal business operations and strategy. For example, many of the documents contain "internal [company] discussions and presentations regarding [the company's] business strategy." *See, e.g.*, ECF No. 513 ¶ 5. Similarly, some contain company "business objectives and strategic investment and planning." *See, e.g.*, ECF No. 636 ¶ 10. Others contain "sensitive discussions and details regarding commercial negotiations and the terms of agreements between [a company] and [other] parties." *See, e.g.*, ECF No. 513 ¶ 7. Under Federal Rule of Civil Procedure 26(c)(1)(G), the Court may seal information that qualifies as "a trade secret or other confidential research, development, or commercial information."

1  Because the parties and non-parties would be competitively harmed by disclosure of such
2  information, the preliminary injunction briefing and the accompanying exhibits may be sealed to
3  the extent that they disclose competitively sensitive business information.
4       With these standards in mind, the Court GRANTS in part and DENIES in part the parties'
5  motions to seal as follows:

| Document | Line/Page | Ruling |
|---|---|---|
| Mot. (ECF No. 507) | Page 4, lines 14, 16–17, 19–20 | GRANTED. |
| | Page 5, lines 26–28 | GRANTED as to page 5, line 26 from the beginning of the line until "; Ex. 11," but otherwise DENIED. Qualcomm does not seek to seal the remaining information. ECF Nos. 513 ¶ 4, 513-2. |
| | Page 6, line 8 | DENIED without prejudice. No declaration seeking to seal this third-party information has been filed. |
| | Page 6, n.5 | GRANTED. |
| | Page 6, lines 9–13 | DENIED. |
| | Page 6, lines 14–21 | DENIED without prejudice. No declaration seeking to seal this third-party information has been filed. |
| | Page 6, line 21–Page 7, line 2 | GRANTED. |
| | Page 7, lines 2–5 | DENIED without prejudice. No declaration seeking to seal this third-party information has been filed. |
| | Page 7, lines 7–13 | GRANTED. |
| | Page 7, line 22–Page 8, line 1 | DENIED. Qualcomm does not seek to seal this information. ECF Nos. 513 ¶ 4, 513-2. |
| | Page 8, lines 4–7 | GRANTED. |
| | Page 8, lines 15–16 | GRANTED. |
| | Page 8, lines 16–20 | DENIED without prejudice. No declaration seeking to seal this third-party information has been filed. |
| | Page 8, n.6 | DENIED. Qualcomm does not seek to seal this information. ECF Nos. 513 ¶ 4, 513-2. |
| | Page 9, lines 1–6 | GRANTED. |
| | Page 9, line 7–Page 10, line 1 | GRANTED. |
| | Page 10, lines 8–10 | DENIED. Qualcomm does not seek to seal this information. ECF Nos. 513 ¶ 4, 513-2. |
| | Page 10, lines 14–15 | GRANTED. |
| | Page 10, n.7 | GRANTED. |
| | Page 10, line 17–Page 11, line 8 | GRANTED. |

| Document | Line/Page | Ruling |
|---|---|---|
| | Page 11, lines 17–19 | DENIED. |
| | Page 11, n.9 | GRANTED. |
| | Page 16, line 28–Page 17, line 3 | GRANTED. |
| | Page 17, lines 5–10 | GRANTED. |
| | Page 17, n.14 | GRANTED. |
| | Page 17, line 22–Page 18, line 1 | DENIED without prejudice.  No declaration seeking to seal this third-party information has been filed. |
| | Page 18, lines 2–18 | GRANTED. |
| | Page 19, line 2 | DENIED without prejudice.  No declaration seeking to seal this third-party information has been filed. |
| | Page 19, lines 10–15 | GRANTED. |
| Mot., Ex. 3 (ECF No. 497-1) | Entire document | GRANTED. |
| Mot., Ex. 4 (ECF No. 497-2) | Entire document | GRANTED. |
| Mot., Ex. 5 (ECF No. 497-3) | Entire document | GRANTED. |
| Mot., Ex. 6 (ECF No. 497-4) | Entire document | GRANTED. |
| Mot., Ex. 7 (ECF No. 497-5) | Entire document | GRANTED. |
| Mot., Ex. 8 (ECF No. 498-1) | Entire document | DENIED without prejudice.  No declaration seeking to seal this third-party information has been filed. |
| Mot., Ex. 9 (ECF No. 498-2) | Entire document | GRANTED. |
| Mot., Ex. 10 (ECF Nos. 499, 500, 501) | Entire document | GRANTED. |
| Mot., Ex. 11 (ECF No. 502-1) | Entire document | DENIED.  Qualcomm does not seek to seal this exhibit.  ECF No. 513 ¶ 4. |
| Mot., Ex. 12 (ECF No. 502-2) | Entire document | GRANTED as to page 288, line 1–page 290, line 1, but otherwise DENIED.  Only the information listed above is supported by declarations confirming that the information is sealable competitively sensitive business information.  ECF No. 636 ¶¶ 9–10. |
| Mot., Ex. 13 (ECF No. 502-3) | Entire document | GRANTED. |
| Mot., Ex. 14 (ECF No. 502-4) | Entire document | DENIED without prejudice.  No declaration seeking to seal this third-party information has been filed. |

6

Case No. 17-MD-02773-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

| Document | Line/Page | Ruling |
|---|---|---|
| Mot., Ex. 15 (ECF No. 502-5) | Entire document | GRANTED as to page 599, line 1–page 601, line 25, but otherwise DENIED. Only the information listed above is supported by declarations confirming that the information is sealable competitively sensitive business information. ECF No. 605 ¶ 5. |
| Mot., Ex. 16 (ECF No. 502-6) | Entire document | GRANTED as to page 137, lines 2–25 and page 236, line 2–page 237, line 25, but otherwise DENIED. Only the information on page 137, lines 2–25 and page 236, line 2–page 237, line 25 is supported by a declaration confirming that the information is sealable competitively sensitive business information. ECF No. 579 ¶ 3. |
| Mot., Ex. 17 (ECF No. 502-7) | Entire document | DENIED without prejudice. No declaration seeking to seal this third-party information has been filed. |
| Mot., Ex. 18 (ECF No. 502-8) | Entire document | GRANTED. |
| Mot., Ex. 19 (ECF No. 502-9) | Entire document | DENIED. Qualcomm does not seek to seal this exhibit. ECF No. 513 ¶ 4. |
| Mot., Ex. 20 (ECF Nos. 503, 504) | Entire document | GRANTED as to the redactions contained in ECF No. 513-3, but otherwise DENIED. The redactions in ECF No. 513-3 are narrowly tailored to cover competitively sensitive business information. ECF No. 513 ¶¶ 9–10. |
| Mot., Ex. 21 (ECF No. 505-1) | Entire document | GRANTED as to the redactions contained in ECF No. 513-4, but otherwise DENIED. The redactions in ECF No. 513-4 are narrowly tailored to cover competitively sensitive business information. ECF No. 513 ¶¶ 11–12. |
| Mot., Ex. 22 (ECF No. 505-2) | Entire document | GRANTED. |
| Mot., Ex. 23 (ECF No. 505-3) | Entire document | DENIED without prejudice. No declaration seeking to seal this third-party information has been filed. |
| Mot., Ex. 24 (ECF No. 505-4) | Entire document | GRANTED. |
| Mot., Ex. 25 (ECF No. 505-5) | Entire document | GRANTED as to page 148, line 1–page 150, line 25; page 156, line 1–page 161, line 25; page 171, line 1–page 172, line 25; and page 197, line 1–page 198, line 25, but otherwise DENIED. Only the information listed above is supported by declarations confirming that the information is sealable competitively sensitive business information. ECF No. 579-1 ¶ 3. |

7

Case No. 17-MD-02773-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

| Document | Line/Page | Ruling |
|---|---|---|
| Mot., Ex. 26 (ECF No. 505-6) | Entire document | GRANTED as to the bodies of the emails and the "Subject:" lines, but DENIED as to the "From:," "Sent:," "To:," and "CC:" lines. Those lines do not reveal competitively sensitive business information, and the supporting declaration publicly discloses the information in those lines. ECF No. 579-1 ¶ 4. |
| Mot., Ex. 27 (ECF No. 505-7) | Entire document | GRANTED as to the body of the email, but DENIED as to the "From:," "To:," "CC:," "Sent:," and "Subject:" lines. Those lines do not reveal competitively sensitive business information, and the supporting declaration publicly discloses the information in those lines. ECF No. 579-1 ¶ 5. |
| Mot., Ex. 28 (ECF No. 505-8) | Entire document | GRANTED as to the bodies of the emails, but DENIED as to the "From:," "Sent:," "To:," "CC:," "Subject:," and "Importance:" lines. Those lines do not reveal competitively sensitive business information, and the supporting declaration publicly discloses the information in those lines. ECF No. 579-1 ¶ 6. |
| Mot., Ex. 29 (ECF No. 505-9) | Entire document | GRANTED as to page 204, line 1–page 207, line 25, but otherwise DENIED. Only the information listed above is supported by declarations confirming that the information is sealable competitively sensitive business information. ECF No. 513 ¶ 7. |
| Mot., Ex. 30 (ECF No. 505-10) | Entire document | GRANTED as to page 234, line 5–page 239, line 6, but otherwise DENIED. Only the information listed above is supported by declarations confirming that the information is sealable competitively sensitive business information. ECF No. 513 ¶¶ 11–12. |
| Mot., Ex. 31 (ECF No. 505-11) | Entire document | GRANTED as to page 282, line 1–page 283, line 25, but otherwise DENIED. Only the information listed above is supported by declarations confirming that the information is sealable competitively sensitive business information. ECF No. 513 ¶ 7. |
| Mot., Ex. 32 (ECF No. 505-12) | Entire document | GRANTED as to page 542, line 1–page 543, line 25, but otherwise DENIED. Only the information listed above is supported by declarations confirming that the information is sealable competitively sensitive business information. ECF No. 513 ¶ 7. |
| Mot., Ex. 33 (ECF No. 505-13) | Entire document | DENIED. Qualcomm does not seek to seal this exhibit. ECF No. 513 ¶ 4. |
| Mot., Ex. 34 (ECF No. 505-14) | Entire document | GRANTED. |

Case No. 17-MD-02773-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

| Document | Line/Page | Ruling |
|---|---|---|
| Mot., Ex. 35 (ECF No. 505-15) | Entire document | GRANTED. |
| Mot., Ex. 36 (ECF No. 506-1) | Entire document | DENIED as to the first sentence of ¶ 1.5 and the second sentence of ¶ 1.5 from "In addition" to "paid by Qualcomm," but otherwise GRANTED. The information listed above is publicly disclosed in ECF No. 524 at 13. |
| Mot., Ex. 37 (ECF No. 506-2) | Entire document | DENIED from "As of the Amendment Effective Date" to "paid by Qualcomm" in the second sentence, but otherwise GRANTED. The information listed above is publicly disclosed in ECF No. 524 at 13. |
| Mot., Ex. 38 (ECF No. 506-3) | Entire document | GRANTED. |
| Mot., Ex. 42 (ECF No. 506-4) | Entire document | GRANTED as to page 81, line 1–page 84, line 25, but otherwise DENIED. Only the information listed above is supported by declarations confirming that the information is sealable competitively sensitive business information. ECF No. 636 ¶¶ 6–7. |
| Mot., Ex. 43 (ECF No. 506-5) | Entire document | GRANTED as to page 391, line 13–page 393, line 25, but otherwise DENIED. Only the information listed above is supported by declarations confirming that the information is sealable competitively sensitive business information. ECF No. 605 ¶ 6. |
| Mot., Ex. 44 (ECF No. 506-6) | Entire document | GRANTED as to page 182, lines 1–25, but otherwise DENIED. Only the information on page 182, lines 1–25 is supported by a declaration confirming that the information is sealable competitively sensitive business information. ECF No. 512 ¶¶ 5–6. |
| Mot., Ex. 45 (ECF No. 506-7) | Entire document | DENIED without prejudice. No declaration seeking to seal this third-party information has been filed. |
| Mot., Ex. 46 (ECF No. 506-8) | Entire document | GRANTED as to the body of the email, but DENIED as to the "From:," "To:," "Sent:," and "Subject:" lines. Those lines do not reveal competitively sensitive business information, and the supporting declaration publicly discloses the information in those lines. ECF No. 579 ¶ 5. |
| Mot., Ex. 47 (ECF No. 506-9) | Entire document | DENIED without prejudice. No declaration seeking to seal this third-party information has been filed. |
| Mot., Ex. 48 (ECF No. 506-10) | Entire document | GRANTED. |
| Mot., Ex. 49 (ECF No. 506-11) | Entire document | GRANTED. |

Case No. 17-MD-02773-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

| Document | Line/Page | Ruling |
|---|---|---|
| Opp. (ECF No. 573) | Highlighted portions on pages 1, 4, 8, 16 | GRANTED as to page 4, lines 15–21, but otherwise DENIED.  Only the portions on page 4, lines 15–21 are supported by declarations confirming that the information is sealable competitively sensitive business information.  ECF Nos. 581 ¶ 3, 603 ¶ 6. |
| Opp., Ex. D (ECF No. 572-5) | Entire document | DENIED.  The information sought to be sealed does not reveal competitively sensitive business information, and no declaration requests sealing this exhibit. |
| Opp., Ex. E (ECF No. 572-6) | Entire document | DENIED.  The information sought to be sealed does not reveal competitively sensitive business information, and no declaration requests sealing this exhibit. |
| Opp., Ex. F (ECF No. 572-7) | Entire document | GRANTED as to page 104, lines 3–8 and page 104, line 13–page 105, line 25, but otherwise DENIED.  Only the information listed above is supported by declarations confirming that the information is sealable competitively sensitive business information.  ECF No. 603 ¶ 3. |
| Opp., Ex. G (ECF No. 572-8) | Entire document | GRANTED as to page 131, lines 1–25, but otherwise DENIED.  Only the information listed above is supported by declarations confirming that the information is sealable competitively sensitive business information.  ECF No. 581 ¶ 3. |
| Opp., Ex. H (ECF No. 572-9) | Entire document | GRANTED as to page 77, lines 1–25, but otherwise DENIED.  Only the information listed above is supported by declarations confirming that the information is sealable competitively sensitive business information.  ECF No. 581 ¶ 3. |
| Opp., Ex. I (ECF No. 572-10) | Entire document | GRANTED as to page 14, lines 9–24, but otherwise DENIED.  Only the information listed above is supported by declarations confirming that the information is sealable competitively sensitive business information.  ECF No. 581 ¶ 3. |
| Reply (ECF No. 620) | Highlighted portions on pages 5, 6, 12, 13 | GRANTED. |
| Reply, Ex. 7 (ECF No. 619-6) | Entire document | GRANTED as to page 80, line 1–page 80, line 25, but otherwise DENIED.  Only the information listed above is supported by declarations confirming that the information is sealable competitively sensitive business information.  ECF No. 636 ¶¶ 6–7. |

10

Case No. 17-MD-02773-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL

For denials without prejudice, the parties must file a renewed motion to seal with supporting declarations from the relevant third parties no later than October 5, 2018. The parties shall comply with the meet and confer procedures set forth in ECF No. 718.

**IT IS SO ORDERED.**

Dated: September 27, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

11
Case No. 17-MD-02773-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL