Kalpana Srinivasan (237460)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile:  (310) 789-3150
Email: ksrinivasan@susmangodfrey.com

Joseph W. Cotchett (36324)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: jcotchett@cpmlegal.com

*Plaintiffs' Co-Lead Counsel*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE: QUALCOMM ANTITRUST LITIGATION | Case No. 5:17-md-02773-LHK<br><br>The Honorable Lucy H. Koh<br><br>NOTICE OF MOTION AND PLAINTIFFS' MOTION TO APPROVE THE FORM AND MANNER OF CLASS NOTICE<br><br>Date:     December 6, 2018<br>Time:    1:30 p.m.<br>Dept:    Courtroom 8 - 4th Floor<br>Judge:   Hon. Lucy H. Koh |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on December 6, 2018 at 1:30 p.m. in the courtroom of the Honorable Lucy H. Koh of the United States District Court of the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, CA 95113, Plaintiffs will and hereby do move the Court pursuant to Federal Rules of Civil Procedure 23 for an order approving the Plaintiffs' proposed form of notice and manner of dissemination.

This motion is based on this notice and motion, the accompanying memorandum of points and authorities in support of the motion, and the concurrently filed Declaration of Linda V. Young, with accompanying exhibits.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. AUTHORITY AND ARGUMENT ..................................................................................... 2

    A. Plaintiffs' proposed Class notice clearly and fairly apprises Class members of the nature of this class action and the scope of their rights and should be approved. .. 2

    B. The proposed manner of notice dissemination is reasonable and represents the best notice practicable under the circumstances. ..................................................... 4

III. CONCLUSION ..................................................................................................................... 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

In any case certified under Federal Rule of Civil Procedure 23(b)(3), the Court must direct notice to the certified class. On September 27, 2018, the Court certified the following Class under both Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3):

> All natural persons and entities in the United States who purchased, paid for, and/or provided reimbursement for some or all of the purchase price for all UMTS, CDMA (including CDMAone and cdma2000) and/or LTE cellular phones ("Relevant Cellular Phones") for their own use and not for resale from February 11, 2011, through the present (the "Class Period") in the United States. This class excludes (a) Defendant, its officers, directors, management, employees, subsidiaries, and affiliates; (b) all federal and state governmental entities; (c) all persons or entities who purchased Relevant Cellular Phones for purposes of resale; and (d) any judges or justices involved in this action and any members of their immediate families or their staff.[1]

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), Plaintiffs now move the Court for an order approving the form and manner of class notice in this certified class action. Class Counsel have conferred with Counsel for Qualcomm and Qualcomm takes no position on the proposed form or manner of notice.

The proposed form and manner of notice dissemination here is supported by an experienced notice and claims administrator. In order to prepare for class notice, Class Counsel sent a request for proposal to five reputable notice and claims administrators requesting proposed notice plans and costs estimates. After this competitive bidding process, Class Counsel chose to work collaboratively with A.B. Data, Ltd. ("A.B. Data") in preparing the notice and the plan of dissemination, as their proposal was the most efficient, while still achieving the same reach of notice as the other proposals received.

As set forth in more detail in the supporting Declaration of Linda V. Young, Vice President of Media with A.B. Data, A.B. Data has been appointed as notice, claims, and/or settlement administrator in hundreds of high-volume consumer, civil rights, insurance, antitrust,

---

[1] Order Granting Plaintiffs' Motion for Clacc Certification; Denying Qualcomm's Motion to Strike the Declaration of Kenneth Flamm, Sept. 27, 2018, ECF No. 760.

ERISA, securities, and wage and hour cases, administering some of the largest and most complex class action notice programs and settlements in the country. Class Counsel has worked with Ms. Young and her team at A.B. Data to develop the proposed form(s) of class notice as well as the proposed manner of dissemination to the Class, and Ms. Young submits a declaration in support of the proposed notice plan attesting to its adequacy and constitutionality. The proposed form of notice provides all of the information required by Rule 23(c)(2)(B) to the Class, in language that is plain and easy to understand. Plaintiffs have followed, as closely as possible, the relevant language for notice recommended by this District's Procedural Guidance for Class Action Settlements.[2] With this motion, Plaintiffs provide proposed forms for the mailed Long-Form Notice ("Long Form Notice"), Summary Notice ("Summary Notice"), and online banner notices.[3]

The Class notice and the manner of dissemination proposed here meet the requirements of Federal Rule of Civil Procedure 23 and of constitutional due process and should be approved.

## II.     AUTHORITY AND ARGUMENT

**A.     Plaintiffs' proposed Class notice clearly and fairly apprises Class members of the nature of this class action and the scope of their rights and should be approved.**

In any class action certified under Rule 23(b)(3), the Court must direct notice of class certification to class members using the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."[4] The class notice must "clearly and concisely state in plain, easily understood language" the following: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney; (v) that the court

---

[2] *See* Procedural Guidance for Class Action Settlements, U.S. District Court for the Northern District of California, http://www.cand.uscourts.gov/ClassActionSettlementGuidance (last visited October 24, 2018).

[3] Declaration of Linda V. Young in Support of Motion for Approval of Class Notice Program ("Young Decl."), Exhibits 4-6, concurrently filed herewith.

[4] Fed. R. Civ. P. 23(c)(2)(B).

will exclude from the class any member who requests exclusion; (v) the time and manner for requesting exclusion; and (vi) the binding effect of a class judgment on class members.[5]

Because class members are bound by the results of a certified Rule 23(b)(3) class action unless they affirmatively opt out, this class notice is required as a matter of constitutional due process in order to protect the rights of the absent class members.[6] To meet these requirements of Rule 23 and constitutional due process, the class notice should "clearly and fairly apprise" class members of "the nature of the class action and the scope of their rights."[7]

In the context of a class settlement, notice is adequate and satisfies Rule 23 and due process if it "fairly apprise[s] the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings."[8] More generally, class notice must afford potential class members the ability to "make an informed decision about their participation [in the litigation]."[9]

Plaintiffs' proposed Long Form Notice[10] meets all of these requirements and is consistent with the model class notice guidelines set forth in leading class action treatises.[11] The proposed Long Form Notice contains all of the information necessary to allow Class members here to make informed decisions and includes all of the information required by Rule 23(c)(2)(B), describing the central elements of Plaintiffs' claims in clear and simple language. The proposed Long Form Notice states the class definition, a brief overview of the case, the option for any Class member to

---

[5] *Id*.

[6] *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974).

[7] *See Issen v. GSC Enters., Inc.*, 538 F. Supp. 745, 750 (N.D. Ill. 1982) (citing Fed. R. Civ. P. 23(c)(2)).

[8] *Walsh v. Core Power Yoga LLC,* No. 16-cv-05610-MEJ, 2017 WL 589199, at *12 (N.D. Cal. Feb. 14, 2017) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974)).

[9] Moore's Federal Practice, *Manual for Complex Litigation* § 21.311 at 289 (4th ed. 2004).

[10] Young Decl., Exhibit 6.

[11] *See 3 Newberg on Class Actions* § 8:31 at 253-59 (4th ed. 2002); Moore's Federal Practice, *Manual for Complex Litigation* § 21.311 at 289 (4th ed. 2004).

opt-out and the procedure to do so, a statement that the judgment will be binding on Class members who do not opt-out, and the right of any member who does not opt-out to appear in the case through his or her own lawyer.[12] Also, should additional information be needed, the proposed Long Form Notice clearly designates and provides contact information for the claims administrator and Class Counsel.

The proposed Long Form Notice plainly satisfies the requirements of due process and the specific requirements of Rule 23(c)(2)(B).

**B.     The proposed manner of notice dissemination is reasonable and represents the best notice practicable under the circumstances.**

Although Rule 23 requires that reasonable efforts be made to reach all Class members, it does not require that each individual actually receive notice.[13] And while direct mail notice is typically considered the best form of notice under Rule 23(c)(2)(B), courts routinely approve notice programs that do not include direct mailed notice when such notice is impracticable, but include other approaches to notice, tailored to the relevant circumstances and designed to reach class members.[14] Indeed, the amendments to Rule 23(c)(2)(B) that are scheduled to go into effect

---

[12] The Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide recommends that class members should have a minimum of 30 days and preferably 60 to 90 days from notice dissemination to act on their rights.

[13] *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

[14] *Ross v. Trex Co., Inc.*, No. C 09-00670, JSW, 2013 U.S. Dist. LEXIS 29081, at *6 (N.D. Cal. Mar. 4, 2013) ("Courts have consistently recognized that due process does not require that every class member receive actual notice. . . . Due Process does not entitle a class member to 'actual notice,' but rather to the best notice practicable, reasonably calculated under the circumstances to apprise him of the pendency of the class action and give him a chance to be heard."); *see also Lilly v. Jamba Juice Co.*, 308 F.R.D. 231, 238 (N.D. Cal. 2014) ("[O]ur law has long recognized that direct notice to every class member is not always possible. What Rule 23 and the Due Process Clause require is "the best notice that is practicable under the circumstances[.]"; *In re Sugar Indus. Antitrust Litig.*, No. C 750-2562 GHB, 1976 WL 1374, at *31 (N.D. Cal. May 21, 1976) ("Individual notice has never been required to be given every possible member of every class certified. Rather, in construing the clear provisions of Rule 23(c)(2), courts have required individual notice to be given to every "identifiable" class member concurrently with substituted notice to the unidentifiable class members. . . . In addition, due process mandates that to be sufficient, any notification technique in lieu of an actual mailing, must provide the maximum opportunity for notice to unidentifiable class members."); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 177 F.R.D. 216, 231 (D.N.J. 1997) ("Courts

on December 1, 2018, actually codify what the case law has long held and puts notice by "electronic means, or other appropriate means" on an equal footing as notice by "United States mail."

As described in the supporting Declaration of Linda Young, A.B. Data researched data regarding the target audience's media consumption and determined the most appropriate media vehicles that would best deliver the legal information to potential Class members and provide them with the opportunity to see and act on their rights described in the notice.[15] A.B. Data estimates the Class to consist of approximately 233 to 250 million individuals and entities. Due to the voluminous nature of the Class and since Class member contact information is not readily and reasonably available, direct notice in this case is not feasible or practicable and a paid-media notice program is necessary to reach individuals and entities with information concerning this litigation.[16] The proposed media notice program here includes a combination of digital advertisements on websites, social media, search engines, direct outreach to relevant online content creators, and a press release in English and Spanish.[17]

Specifically, notice will be provided via a Short Form Notice,[18] strategically designed banner ads,[19] and the more detailed Long Form Notice,[20] to be available on the case-specific website. The digital banners ads will be executed through the Google Display Network, Facebook (which includes a settlement-specific Facebook page) and Google AdWords/Search platforms. A

---

(… cont'd)
have consistently recognized that due process does not require that every class member receive actual notice so long as the court reasonably selected a means likely to apprise interested parties"); *Bissonette v. Enter. Leasing Companywest*, No. 10-CV-00326-LRH-WGC, 2014 U.S. Dist. LEXIS 132634 (D. Nev. Sept. 22, 2014) ("Under this 'best notice practicable' standard, courts retain considerable discretion to tailor notice to the relevant circumstances. . . .").

[15] Young Decl., ¶ 8.

[16] *Id*., ¶ 9.

[17] *Id*., ¶ 10.

[18] *Id*., Exhibit 4.

[19] *Id*., Exhibit 5.

[20] *Id*., Exhibit 6.

minimum of 260 million impressions will be delivered. Utilizing the known demographics of the Class, the digital banner ads will be specifically targeted to likely Class members.[21]

A.B. Data will also disseminate a news release via PR Newswire in English and Spanish. This news release will be distributed to more than 10,000 newsrooms, including print, broadcast, and digital media, across the United States. After the press release is disseminated, both A.B. Data and PR Newswire will post the press release on their respective Twitter pages.[22]

Finally, to assist potential Class members in understanding the information concerning the lawsuit and their rights, A.B. Data will establish a case-specific website. The case-specific website will be listed with major search engines and the website address will appear on both the Short Form Notice and Long Form Notice. The website will provide, among other things, a summary of the case, relevant filings and Court orders, any pertinent updates concerning the litigation, and functionality for Class Members to submit their contact information to receive future updates by mail and/or email.[23]

The proposed notice program is described in even greater detail in the Executive Summary found at Exhibit 1 to the Young Declaration.

A.B. Data estimates that this notice program will deliver an estimated reach of over 70% to the target audience.[24] This is consistent with the reach and frequency recommended by the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide, which considers a 70-95% reach among class members to be reasonable. A.B. Data also opines that the digital means of providing Notice described herein are the best practicable under the circumstances for reasons of outreach and efficiency and that the proposed Notice program satisfies the requirements of Rule 23 and due process.[25]

---

[21] *Id.*, ¶¶ 11-12.
[22] *Id.*, ¶ 13.
[23] *Id.*, ¶ 14.
[24] *Id.*, ¶ 15.
[25] *Id.*, ¶ 16.

### III. CONCLUSION

With the Class now certified under Rule 23(b)(3), the Court must direct notice to the certified Class pursuant to Rule 23(c)(2)(B). For all the foregoing reasons, Plaintiffs respectfully request that the Court approve the proposed form of Notice and the proposed manner of dissemination to the Class.

Dated: October 30, 2018	HAGENS BERMAN SOBOL SHAPIRO LLP

By:   */s/  Jeff D. Friedman*
         JEFF D. FRIEDMAN

Rio Pierce (298297)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jefff@hbsslaw.com
riop@hbsslaw.com

Steve W. Berman (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 268-9320
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

*Plaintiffs' Steering Committee*

Kalpana Srinivasan
Marc M. Seltzer
Steven G. Sklaver
Amanda Bonn
Oleg Elkhunovich
Krysta Kauble Pachman
Catriona Lavery
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067-4405
Tel:  (310)789-3160
Fax: (310)789-3150
Email: ksrinivasan@susmangodfrey.com
Email: mseltzer@susmangodfrey.com
Email: ssklaver@susmangodfrey.com
Email: abonn@susmangodfrey.com
Email: oelkhunovich@susmangodfrey.com
Email: kpachman@susmangodfrey.com
Email: clavery@susmangodfrey.com

| | |
|---|---|
| 1 | |
| 2 | Joseph Grinstein<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>Telephone: (713) 651-9366<br>Facsimile:  (713) 654-6666<br>Email: jgrinstein@susmangodfrey.com |
| 3 | |
| 4 | |
| 5 | Joseph W. Cotchett<br>Adam J. Zapala<br>Mark F. Ram<br>Michael Montaño<br>Brian Danitz<br>COTCHETT, PITRE & McCARTHY<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>Telephone: (650) 697-6000<br>Facsimile: (650) 697-0577<br>Email: jcotchett@cpmlegal.com<br>Email: azapala@cpmlegal.com<br>Email: bdanitz@cpmlegal.com<br>Email: mram@cpmlegal.com<br>Email: mmontano@cpmlegal.com<br>Email: tholmes@cpmlegal.com |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | *Plaintiffs' Co-Lead Counsel* |

- 8 -   Case No. 5:17-md-02773-LHK
PLAINTIFFS' MOTION TO APPROVE THE FORM AND MANNER OF CLASS NOTICE