*Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: QUALCOMM ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 5:17-md-02773-LHK-NMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  December 6, 2018<br>Time:  1:30 p.m.<br>Dept.:  Courtroom 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh<br><br>Trial Date: June 24, 2019 |

Pursuant to the Court's November 13, 2018, Order Continuing Further Case Management Conference (MDL ECF No. 793), the MDL Plaintiffs ("Plaintiffs") and Defendant Qualcomm Incorporated ("Qualcomm") (collectively, the "Parties") have met and conferred and hereby submit this Joint Case Management Statement, which reports on developments since the Parties filed their November 7, 2018, Joint Case Management Statement (MDL ECF No. 785).

## I. ORDERS, PLEADINGS, AND MOTIONS

On November 14, 2018, Plaintiffs filed a Supplemental Statement in Support of Motion to Approve the Form and Manner of Class Notice.

## II. EXPERT DISCOVERY

Qualcomm served its merits expert reports on November 16, 2018. Plaintiffs' rebuttal reports are due on December 7, 2018.

### Plaintiffs' Statement

Plaintiffs have raised concerns regarding Qualcomm's failure to provide materials relied on by its experts despite Plaintiffs seeking those backup materials repeatedly.

First, Qualcomm's expert, Dr. Chipty, referenced a number of interviews in her expert report, including a phone call with the IDC (FN 106); interview with Tyler Markheim, Principal Financial Analyst at Qualcomm (FNs 143, 357, 524); interview with Libby Albrecht, Senior Financial Analyst at Qualcomm (FNs 143, 357, 524); interview with Baaziz Achour, Senior Vice President of Engineering at QCT (FN 483); interview with Victoria Chen, Senior Vice President, Legal Counsel of Qualcomm (FN 483); interview with Marc McCloskey, Senior Director of Finance of Qualcomm (FN 483); interview with Will Wyatt, Vice President of QCT (FN 526); interview with James Thompson, Executive Vice President of Engineering and Chief Technology Officer of Qualcomm (FNs 589, 593, 596, 599); and an interview with Tim Durkin, Senior Director of Finance of Qualcomm (FN 592). Plaintiffs have sought those interview notes and related documents, and Qualcomm has claimed that "Dr. Chipty does not have, and is not relying on, any unproduced notes from the interviews you identified." This is inconsistent with the contents of the expert report. For example, Dr. Chipty referenced *specific language* from her interview with James Thompson when she noted: "I understand that Qualcomm purchased fusion

chipset solutions on an 'opportunistic' basis when doing so resulted in a more advanced SoC relative to the fully-integrated SoC's that Qualcomm was selling at the time." Chipty Report at 187, n. 596. Additionally, Dr. Chipty cites interviews for information she then used to interpret data and perform the analysis underlying her report, making it implausible that she directly inserted interview information into a report draft (for example, she states that "[b]ased on [her] interview with Qualcomm's Will Wyatt," she learned about the structure and accrual of incentives and rebates, upon which information she then bases her conclusion that "the volume of incentives and rebates that the customers analyzed in Exhibit 30A-B receive on at-issue chipsets should not substantially decrease if the customer moves non-at-issue chipset purchases from Qualcomm to other suppliers.")" *Id*. at 142, n. 435.  Qualcomm has refused to answer Plaintiffs' questions attempting to clarify what back-up materials exist, *i.e.,* whether a member of Dr. Chipty's staff or anyone else took notes that Dr. Chipty considered in the course of preparing her opinions as reflected in her footnotes.

The parties expressly agreed at the start of this case, ECF No. 32, that "expert notes expressly relied upon and/or cited in support of an opinion or fact" should be disclosed. Qualcomm must disclose any documentation for these extensive interviews, which are ***cited*** and relied upon throughout the Chipty report.

Second, Qualcomm has refused to produce Dr. Nevo's backup data relating to a whitepaper that Dr. Nevo and another expert (Robert Willig) authored for Qualcomm and provided to the Federal Trade Commission in 2016 ("2016 whitepaper").

Plaintiffs' expert, Ken Flamm cited the 2016 whitepaper in his opening merits report. Dr. Flamm's hedonic regressions utilized the same ten characteristics that Drs. Nevo and Willig used in the 2016 whitepaper, as this Court noted in its certification order. ECF No. 760 at 34. In his November 16, 2018 rebuttal report, Dr. Nevo has expressly relied upon the 2016 whitepaper (FN 384) in an effort to rebut Dr. Flamm's claims about Dr. Nevo's work regarding hedonic regressions and quality-adjusted prices. Dr. Nevo argues that his use of characteristics in his 2016 whitepaper is different from what Dr. Flamm contends. If Dr. Nevo wants to make claims about what his prior work encompassed, he should be required to produce the backup data for the

2016 whitepaper.

**Qualcomm's Statement**

Dr. Chipty did not rely on any interview notes, so there is nothing for Qualcomm to produce.  The parties agreed that certain materials would not be subject to disclosure in this case. Among them are "expert's notes, unless they are expressly relied on and/or cited in support of an opinion or fact."  Qualcomm has produced the backup materials that are required to be disclosed under the parties' agreement (ECF 32).  Plaintiffs assert that because Dr. Chipty cited the interviews in her report, Dr. Chipty must have taken undisclosed notes from those interviews. That speculation is incorrect.  Dr. Chipty did not take notes during interviews with Qualcomm employees or officers—she input any changes or quotes directly into the working draft of her report.  And the parties agreed that "[n]either side must preserve or disclose . . . drafts of expert reports, analyses, or other work product."  (ECF 32 at 12).

Qualcomm has no obligation to disclose backup materials from the paper that Dr. Nevo co-authored in 2016 with Dr. Willig (who is not a retained expert in this litigation).  In his expert report and declarations in this case, Dr. Flamm has made representations about the paper's regression model and choice of variables—aspects that are facially apparent.  *E.g.*, "A model conceptually similar to this is utilized to measure quality-adjusted prices for cell phones by Qualcomm's economic experts Nevo and Willig"; "Qualcomm experts Nevo and Willig use a hedonic price function to estimate quality-adjusted prices;" "Nevo and Willig employed similar hedonic concepts, using time period dummy variables in a hedonic regression to measure change in quality-adjusted prices;" (Report of Dr. Kenneth Flamm ¶¶ 122, 289, n.91).  Dr. Nevo, in turn, responded to Dr. Flamm's characterizations of the paper's regression model and choice of variables, and did not rely upon any backup materials from the paper in order to do so, as the facts are apparent from the face of the paper.  Neither party is under any obligation to produce backup materials for papers cited by their experts, even if the expert was one of the authors of a cited paper.  Indeed, Plaintiffs' expert Professor Elhauge cites a number of his own publications and did not provide backup materials associated with them.  *E.g.*, Report of Einer Elhauge, n.11, 45, 167–68, 303–06.

3
JOINT CASE MANAGEMENT STATEMENT
Case No. 5:17-md-02773-LHK-NMC

1312601

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | KEKER, VAN NEST & PETERS LLP |
| 3 | Dated:  November 29, 2018 | By: | /s/ Robert A. Van Nest |

ROBERT A. VAN NEST
EUGENE M. PAIGE
JUSTINA SESSIONS
JESSELYN FRILEY

Gary A. Bornstein *(pro hac vice)*
Yonatan Even *(pro hac vice)*
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Tel.: (212) 474-1000
Fax: (212) 474-3700
gbornstein@cravath.com
yeven@cravath.com

Richard S. Taffet *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel.: (212) 309-6000
Fax: (212) 309-6001
richard.taffet@morganlewis.com

Willard K. Tom *(pro hac vice)*
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Tel.: (202) 739-3000
Fax: (202) 739 3001
willard.tom@morganlewis.com

Geoffrey T. Holtz (SBN 191370)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel.: (415) 442-1000
Fax: (415) 442-1001
donn.pickett@morganlewis.com
gholtz@morganlewis.com

Attorneys for Defendant
QUALCOMM INCORPORATED

|   |   |   |
|---|---|---|
|   |   | SUSMAN GODFREY LLP |
| Dated: November 29, 2018 | By: | */s/ Kalpana Srinivasan* |

Kalpana Srinivasan
Marc M. Seltzer
Steven G. Sklaver
Amanda Bonn
Oleg Elkhunovich
Krysta K. Pachman
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067

Joseph S. Grinstein
SUSMAN GODFREY L.L.P.
1000 Louisiana Street # 5100
Houston, TX 77002

Joseph W. Cotchett
Adam J. Zapala
Mark F. Ram
Brian Danitz
Michael A. Montano
COTCHETT, PITRE & MCCARTHY
840 Malcolm Road, Suite 200
Burlingame, CA 94010

**Plaintiffs' Co-Lead Class Counsel**

**Plaintiffs' Steering Committee:**
Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO
1301 2nd Avenue, Suite 2000
Seattle, WA 98101

Jeff D. Friedman
Rio S. Pierce
HAGENS BERMAN SOBOL SHAPIRO
715 Hearst Avenue, Suite 202
Berkeley, CA 94710