```
 1                    UNITED STATES DISTRICT COURT

 2                   NORTHERN DISTRICT OF CALIFORNIA

 3                          SAN JOSE DIVISION

 4

 5
     IN RE: QUALCOMM ANTITRUST         )   17-MD-02773 LHK
 6   LITIGATION,                       )
                                       )   SAN JOSE, CALIFORNIA
 7   _____   )
                                       )   DECEMBER 6, 2018
 8   THIS DOCUMENT RELATES TO:         )
     ALL ACTIONS.                      )   PAGES 1-16
 9                                     )
                                       )
10   _____   )

11

12                    TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE LUCY H. KOH
13                  UNITED STATES DISTRICT JUDGE

14

15   A P P E A R A N C E S:

16   FOR THE PLAINTIFFS:    SUSMAN GODFREY
                            BY:  KALPANA SRINIVASAN
17                          1900 AVENUE OF THE STARS, SUITE 1400
                            LOS ANGELES, CALIFORNIA  90067
18
                            COTCHETT, PITRE & MCCARTHY
19                          BY:  MARK F. RAM
                            840 MALCOLM ROAD, SUITE 200
20                          BURLINGAME, CALIFORNIA  94010

21

22              APPEARANCES CONTINUED ON NEXT PAGE

23   OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                 CERTIFICATE NUMBER 9595
24

25         PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                TRANSCRIPT PRODUCED WITH COMPUTER
```

```
 1
 2      APPEARANCES (CONTINUED)
 3
 4      FOR THE DEFENDANT:      KEKER, VAN NEST & PETERS
                                BY:  ROBERT A. VAN NEST
 5                              633 BATTERY STREET
                                SAN FRANCISCO, CALIFORNIA  94111
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
1        SAN JOSE, CALIFORNIA                    DECEMBER 6, 2018

2                      P R O C E E D I N G S

3            (COURT CONVENED AT 2:18 P.M.)

4            THE CLERK:  YOUR HONOR, CALLING CASE 17-MD-02773,

5    IN RE: QUALCOMM ANTITRUST LITIGATION.

6        COUNSEL, PLEASE COME FORWARD AND STATE YOUR APPEARANCES.

7            MS. SRINIVASAN:  THANK YOU.  GOOD AFTERNOON.

8        KALPANA SRINIVASAN OF SUSMAN GODFREY ON BEHALF OF THE

9    CLASS PLAINTIFFS, AND WITH ME IS MARK RAM OF COTCHETT, PITRE &

10   MCCARTHY.

11           MR. VAN NEST:  GOOD AFTERNOON, YOUR HONOR.

12       BOB VAN NEST OF KEKER, VAN NEST & PETERS FOR QUALCOMM.

13           THE COURT:  OKAY.  GOOD AFTERNOON AND WELCOME.  AND

14   SORRY FOR ALL THE CONFUSION ABOUT LAST MINUTE CHANGES.

15           MR. VAN NEST:  THAT'S OKAY.

16           THE COURT:  I APOLOGIZE ABOUT THAT.

17           MS. SRINIVASAN:  NO PROBLEM, YOUR HONOR.

18           THE COURT:  SO I MOSTLY WANTED TO ASK SOME QUESTIONS

19   ABOUT SORT OF GOING FORWARD AND HOW WE PROCEED.

20       SO THE 23(F) PETITION HAS BEEN FULLY BRIEFED; CORRECT?

21           MR. VAN NEST:  YES.

22           MS. SRINIVASAN:  YES, YOUR HONOR.

23           THE COURT:  WHEN DO YOU EXPECT YOU MIGHT GET A

24   RULING?

25           MS. SRINIVASAN:  YOUR HONOR, I WOULD EXPECT IN TWO
```

```
1        MONTHS --
2            THE COURT:  OKAY.
3            MS. SRINIVASAN:  -- WHEN LOOKING AT THE AVERAGES.
4        QUALCOMM FILED A LEAVE, A MOTION FOR LEAVE TO FILE A REPLY
5    AT THE END OF OCTOBER AND WE FILED AN OPPOSITION TO THAT THE
6    FIRST WEEK OF NOVEMBER.  SO IT'S ALREADY BEEN ABOUT A MONTH
7    SINCE THAT BRIEFING HAS CLOSED.
8        I THINK THE GOING --
9            THE COURT:  WAIT.  THEY ATTACHED THE DOCUMENT THEY
10   WERE REQUESTING LEAVE TO FILE WITH IT?
11           MS. SRINIVASAN:  YES, YOUR HONOR.
12           THE COURT:  OKAY.  SO THEN PRESUMABLY THE RULING ON
13   THAT REQUEST WILL BE THE SUBSTANTIVE RULING.
14           MS. SRINIVASAN:  THAT'S WHAT I WOULD EXPECT, YOUR
15   HONOR.
16           THE COURT:  OKAY.  ALL RIGHT.  SO YOU THINK MAYBE BY
17   FEBRUARY?
18           MS. SRINIVASAN:  THAT'S MY EXPECTATION JUST BASED ON
19   WHAT I'VE SEEN IN TERMS OF THE CIRCUIT RULING ON RULE 23(F)
20   PETITIONS.
21           THE COURT:  DO YOU AGREE WITH THAT?
22           MR. VAN NEST:  I THINK IT'S REALLY SPECULATION, YOUR
23   HONOR.
24           THE COURT:  SURE.
25           MR. VAN NEST:  IT'S BEEN A WIDE RANGE.  I WOULD SAY
```

1      IT'S BEEN KIND OF A WIDE RANGE ON THE 23(F)'S.
2              THE COURT:  OKAY.
3              MR. VAN NEST:  SOME HAVE BEEN MUCH LONGER THAN THAT.
4      OTHERS HAVE BEEN --
5              THE COURT:  OKAY.
6              MR. VAN NEST:  I THINK IT'S HARD TO PREDICT AN
7      AVERAGE.
8              THE COURT:  SURE.  LET ME ASK, IN TERMS OF -- BECAUSE
9      WE'RE APPROACHING THE SORT OF SUMMARY JUDGMENT STAGE OF THE
10     CASE.  DO THE PLAINTIFFS ANTICIPATE FILING ANY SUMMARY JUDGMENT
11     MOTIONS?
12             MS. SRINIVASAN:  WE DO, YOUR HONOR.  WE WILL FILE
13     CERTAINLY AT LEAST ON THE ISSUE THAT THIS COURT RULED ON WITH
14     RESPECT TO THE FEDERAL TRADE COMMISSION MATTER SEEKING AN
15     AFFIRMATIVE RULING THAT QUALCOMM DID NOT COMPLY WITH ITS FRAND
16     OBLIGATIONS BY ITS FAILURE TO LICENSE ITS MODEM CHIP
17     COMPETITORS.
18         THAT'S THE ISSUE THE COURT JUST RULED ON A FEW WEEKS AGO
19      IN THE FTC MATTER.
20         WE DO PLAN TO FILE A SIMILAR MOTION IN OUR MATTER, AND --
21     UNLESS THE COURT WANTS TO HANDLE THAT DIFFERENTLY PROCEDURALLY.
22         BUT OUR INTENTION HAD BEEN TO DO SO, AND I EXPECT THERE
23     MAY BE ONE OR TWO OTHER ISSUES ALONG THOSE LINES WHICH WE WILL
24      TEE UP AS PART OF THAT MOTION.
25             THE COURT:  OKAY.  AND WHAT ABOUT THE DEFENDANT S?

1               MR. VAN NEST:  I THINK WE'RE STILL DELIBERATING THAT,
2     YOUR HONOR.
3               THE COURT:  OKAY.
4               MR. VAN NEST:  THE TEAM HASN'T COME TO GROUND YET.
5               THE COURT:  OKAY.
6               MR. VAN NEST:  BUT WE HAVE A LITTLE BIT OF TIME LEFT,
7     AS YOU KNOW.
8               THE COURT:  OF COURSE.  OF COURSE.  OKAY.  I WAS JUST
9     WONDERING.
10          SO WHAT HAPPENS IF 23(F) REVIEW IS GRANTED?  WHAT DO YOU
11    THINK SHOULD HAPPEN TO THE CASE?
12              MR. VAN NEST:  WE WILL COME IN -- IF THAT HAPPENS,
13    YOUR HONOR, WE'LL COME IN AND ASK YOU TO STAY IT UNTIL THE
14    23(F) IS DONE.
15              THE COURT:  OKAY.
16          AND WHAT'S YOUR SENSE?
17              MS. SRINIVASAN:  YOUR HONOR, WE WOULD OPPOSE A STAY.
18              THE COURT:  OKAY.
19              MS. SRINIVASAN:  WE'VE SEEN COURTS PROCEED EVEN
20    ABSENT A RULING FROM THE NINTH CIRCUIT ON THE 23(F) PETITION,
21    AND WE WOULD ASK THE COURT TO GO FORWARD GIVEN THE TRIAL
22    DEADLINES AND THE FACT THAT I ANTICIPATE THERE MAY BE SOME
23    RULINGS OUT OF THE FEDERAL TRADE COMMISSION ACTION BY THEN.
24              THE COURT:  WHAT -- DO YOU HAVE A SENSE OF HOW LONG,
25    IF THE REVIEW IS GRANTED, HOW LONG THOSE ORDERS TAKE?  DOES IT

```
 1        BECOME EFFECTIVELY, LIKE, YOU KNOW, ANY OTHER SUBSTANTIVE

 2        ORDER?  ARE THOSE --

 3                MR. VAN NEST:  IT DOES.

 4                THE COURT:  -- ON A MORE EXPEDITED BASIS?

 5                MR. VAN NEST:  IT GENERALLY BECOMES LIKE AN APPEAL

 6        FROM A JUDGMENT.

 7                THE COURT:  OKAY.  NOW, I UNDERSTAND YOU HAD YOUR

 8        MEDIATION SESSION WITH JUDGE PHILLIPS.

 9             ARE YOU WILLING TO PERHAPS -- I MEAN, I'M SURE IT'LL

10        DEPEND ON -- WELL, ACTUALLY, WHETHER THE 23(F) IS GRANTED OR

11        NOT, WOULD YOU BE WILLING TO HAVE ANOTHER ONE BY EARLY MARCH?

12                MS. SRINIVASAN:  WE'RE AMENABLE TO DOING THAT, YOUR

13        HONOR.

14                MR. VAN NEST:  I -- I THINK SO, YOUR HONOR.  WE WORK

15        WELL WITH JUDGE PHILLIPS.

16             I'M NOT REALLY SURE -- IT'S HARD -- AS I JUST SAID, IT'S

17        HARD TO PREDICT WHAT'LL HAPPEN BETWEEN NOW AND EARLY MARCH.

18                THE COURT:  SURE.

19                MR. VAN NEST:  BUT IF I THINK NOTHING HAS HAPPENED, I

20        CAN COME BACK TO YOUR HONOR AND ASK THAT DATE BE MOVED BACK.

21                THE COURT:  THAT'S FINE.

22                MR. VAN NEST:  BUT I DON'T SEE ANY REASON NOT TO SAY

23        IT.

24                THE COURT:  OKAY.  THEN WHAT I WILL DO IS GO AHEAD

25        AND -- I MEAN, YOU SAID IN YOUR NOVEMBER 7 TH JCMS YOU'RE STILL
```

1   TALKING TO HIM ANYWAY.
2           MR. VAN NEST:  THAT'S RIGHT.
3           THE COURT:  I WOULD LIKE TO ORDER YOU TO DO ANOTHER
4   SESSION BY MARCH 1ST AND FILE A JOINT MEDIATION STATUS REPORT
5   ON MARCH 8TH.  IS THAT ALL RIGHT?
6           MR. VAN NEST:  IT IS, YOUR HONOR.
7           MS. SRINIVASAN:  YES, YOUR HONOR.
8           MR. VAN NEST:  I'LL RESERVE THE RIGHT TO ASK FOR MORE
9   TIME IF I THINK IT'S GOING TO BE UNPRODUCTIVE.
10          THE COURT:  SURE.  IF IT'S NOT PRODUCTIVE, IT'S A
11  WASTE OF ALL OF YOUR TIME AND MONEY AND I WOULD NOT REQUIRE IT.
12          MR. VAN NEST:  THANK YOU.
13          THE COURT:  SO I WOULD NEED BOTH SIDES TO BE OPEN TO
14  TRYING IT IN GOOD FAITH.
15      SO THAT'S FINE.  LET ME KNOW.
16          MR. VAN NEST:  THANK YOU.
17          THE COURT:  NOW, DOES THE FTC TRIAL, AND IT'S KIND OF
18  FUNNY TO ASK --
19      (FIRE ALARM GOING OFF.)
20          THE COURT:  OKAY.  LET ME ASK YOU TWO MORE QUESTIONS
21  QUICKLY.  LET'S HAVE THE NEXT CMC AFTER YOUR APRIL 4TH
22  MAGISTRATE JUDGE SETTLEMENT -- MOTION FOR SUMMARY JUDGMENT,
23  EXCUSE ME, HEARING.
24      LET ME ASK MS. MASON, CAN YOU GIVE US A DATE AFTER
25  APRIL 4TH, PLEASE?  PROBABLY AFTER A RULING WOULD BE MOST

```
 1         HELPFUL.
 2              MR. VAN NEST:  WHAT'S APRIL 4TH?
 3              THE COURT:  APRIL 4TH IS THE HEARING ON SUMMARY
 4         JUDGMENT MOTIONS.
 5              MR. VAN NEST:  OKAY.
 6              THE COURT:  SO I THINK --
 7              MR. VAN NEST:  WE WILL SET A CMC AFTER THAT?
 8              THE COURT:  I WAS THINKING AFTER THAT.
 9              MR. VAN NEST:  THAT'S FINE.
10          (FIRE ALARM STOPPED.)
11              THE COURT:  DON'T YOU THINK AFTER A RULING WOULD
12         PROBABLY BE MORE USEFUL THAN AT THE HEARING ITSELF?
13              MR. VAN NEST:  YES.
14              MS. SRINIVASAN:  YES, YOUR HONOR.
15              THE COURT:  YEAH.  SO MY GUESS WOULD BE APRIL 24TH
16         WOULD PROBABLY BE A GOOD DATE IF WE CAN DO THAT.
17              MR. VAN NEST:  SO APRIL 4TH IS THE HEARING DATE IN
18         OUR CASE, IN THE CLASS CASE?
19              MS. SRINIVASAN:  YES.
20              MR. VAN NEST:  AND YOU'RE SUGGESTING A CMC ON THE
21         24TH.  GREAT, THAT'S FINE.
22              THE CLERK:  IT IS AVAILABLE, YOUR HONOR.
23              THE COURT:  OKAY.  NOW, THAT'LL PUT PRESSURE ON US.
24         I CAN'T GUARANTEE THAT WE CAN, KNOWING HOW COMPLICATED ALL
25         THESE CASES ARE.  I MEAN, I COULD ALSO -- I JUST DON'T WANT TO
```

1   SET IT TOO FAR OUT SINCE IT'S ALREADY DECEMBER.
2           MR. VAN NEST:  I THINK THAT'S FINE.
3           THE COURT:  I MEAN, UNLESS YOU THINK YOU SHOULD COME
4   IN SOONER.
5           MR. VAN NEST:  WE CAN ALWAYS ASK IF WE NEED TO.
6           MS. SRINIVASAN:  I AGREE WITH COUNSEL, AND I DO THINK
7   THAT WE'RE IN A PERIOD WHERE WE'RE WINDING UP EXPERT DISCOVERY,
8   AND SOME OF THE ISSUES WE NORMALLY TEE UP IN A CASE MANAGEMENT
9   CONFERENCE PROBABLY WON'T BE PRESENT UNTIL WE GET THROUGH THAT
10  SUMMARY JUDGMENT BRIEFING.
11          THE COURT:  OKAY.  SO LET'S SAY, THEN, APRIL 24TH,
12  PLEASE -- I GUESS THE EMERGENCY HAS ABATED -- AT 2:00, AND FILE
13  YOUR JOINT CASE MANAGEMENT STATEMENT -- YOU KNOW, I'M GOING TO
14  GIVE YOU A LITTLE BIT MORE TIME IN THE HOPE THAT WE MIGHT BE
15  ABLE TO GET AN ORDER OUT.
16      I'LL JUST SAY FILE IT BY THE 19TH JUST TO GIVE US A LITTLE
17  MORE TIME TO TRY TO GET AN ORDER OUT.
18      AND OBVIOUSLY IF WE DON'T HAVE THE ORDER OUT YET, WE MAY
19  CONTINUE YOUR DATE.  ALL RIGHT?  AND I APOLOGIZE IN ADVANCE IF
20  THAT'S WHAT'S GOING TO HAPPEN.
21      NOW, HOW WILL THE FTC TRIAL AFFECT THIS CASE, IF AT ALL?
22  WILL IT, OR ARE YOU ON --
23          MR. VAN NEST:  I DON'T THINK SO, YOUR HONOR.
24          THE COURT:  OKAY.
25          MR. VAN NEST:  WHAT WE PRESENTED EARLIER IN AN

1    EARLIER CMC STATEMENT WAS THE POINT THAT SOME OF THE ISSUES ARE
2    DIFFERENT FROM THE -- BETWEEN THE TWO CASES, AND THE ISSUES ARE
3    STILL BEING DEVELOPED.
4         THE COURT:  UM-HUM.
5         MR. VAN NEST:  BUT ALSO, THE CLASS CASE IS A JURY
6    TRIAL, AND THE FTC CASE IS FOR EQUITABLE RELIEF, IT'S A BENCH
7    TRIAL.
8         THE COURT:  UM-HUM.
9         MR. VAN NEST:  SO WHAT WE HAD ORIGINALLY SUGGESTED TO
10   YOUR HONOR WAS THAT IF THE FTC CASE WAS GOING TO PRECEDE THE
11   CLASS CASE, YOU HAVE THE HEARING, HOLD YOUR ORDER, CONDUCT THE
12   JURY TRIAL, AND FOLLOWING A JURY TRIAL, YOU COULD RULE ON THE
13   FTC CASE AND THE JURY VERDICT WILL ALREADY HAVE BEEN ISSUED.
14      BUT I THINK IT'S DEFINITELY THE CASE THAT DECISIONS --
15        THE COURT:  AND WHY WOULD THAT BE A GOOD THING TO DO?
16        MR. VAN NEST:  WHY WOULD THAT BE?  WELL, BECAUSE
17   DECISIONS THAT YOU MAKE IN THE FTC CASE --
18        THE COURT:  UM-HUM.
19        MR. VAN NEST:  -- COULD NOT BIND QUALCOMM IF THE
20   ISSUE IS A QUESTION OF FACT THAT A JURY WOULD HAVE TO RESOLVE.
21        THE COURT:  UM-HUM.
22        MR. VAN NEST:  IN OTHER WORDS, THEY WOULD BIND US IN
23   THE FTC CASE BECAUSE YOU'RE THE FINDER OF FACT AND IT'S A BENCH
24   TRIAL.
25      BUT THEY WOULDN'T BE BINDING ON THE CLASS CASE.

1    THE COURT: UM-HUM.
2    MR. VAN NEST: SO I -- MY BOTTOM LINE POINT IS I
3 DON'T THINK THE FTC CASE WILL HAVE MUCH AFFECT ON THE CLASS
4 CASE. THEY'RE SEPARATE. ONE IS A JURY TRIAL, ONE IS A BENCH
5 TRIAL.
6    THE CLASS CASE IS SEEKING MONEY DAMAGES.
7    THE COURT: UH-HUH.
8    MR. VAN NEST: AND THE FTC CASE IS SEEKING EQUITABLE
9 RELIEF, INJUNCTIVE RELIEF.
10   MS. SRINIVASAN: YOUR HONOR --
11   THE COURT: CAN I ASK YOU A QUESTION? ARE YOU SAYING
12 HOLD THE BENCH TRIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW
13 UNTIL AFTER THE JURY TRIAL VERDICT?
14   MR. VAN NEST: THAT'S WHAT WE ORIGINALLY PROPOSED
15 WHEN THEY WERE ONLY A MONTH OR SO APART.
16   I REALIZE NOW THEY'RE SEVERAL MONTHS APART.
17   THE COURT: YEAH, IT WOULD BE SLIGHTLY AWKWARD TO DO
18 THAT.
19   MR. VAN NEST: IT'S REALLY UP TO YOU.
20   MY POINT IS I DON'T BELIEVE THE FINDINGS YOU MAKE AS A
21 FINDER OF FACT IN THE BENCH TRIAL --
22   THE COURT: UM-HUM.
23   MR. VAN NEST: -- ARE COLLATERAL ESTOPPEL OR RES
24 JUDICATA TO THE CLASS TRIAL WHERE WE HAVE A RIGHT TO JURY
25 TRIAL. THAT'S MY MAIN POINT.

1        THE COURT: OKAY.

2        MS. SRINIVASAN: YOUR HONOR, I THINK THAT IT DEPENDS

3   ON HOW THE COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW LOOK

4   COMING OUT OF THE FTC TRIAL. THERE IS PRECEDENT FOR SOME OF

5   THOSE ISSUES, FOR COLLATERAL ESTOPPEL APPLYING TO THEM.

6        BUT I -- YOU KNOW, IN PART IT DEPENDS HOW THOSE FINDINGS

7   OF FACT AND CONCLUSIONS OF LAW OF THE COURT LOOK.

8        I DON'T AGREE THAT IT'S SIMPLY THE CASE THAT NONE OF THAT

9   COULD BE BINDING OR HAVE AN IMPACT ON THE SHAPE OF THE JURY

10  TRIAL, BUT I THINK WE WOULD NEED TO SEE WHAT THE COURT -- WHAT

11  THE ISSUES THE FTC PRESENTS TO THE COURT ARE AND HOW THE COURT

12  INTENDS TO RESOLVE THOSE IN TERMS OF AN ORDER.

13       THE COURT: OKAY. YOU HAD A, YOU KNOW, A FAIRLY

14  EXTENSIVE DISCOVERY DISPUTE IN YOUR JOINT CASE MANAGEMENT

15  STATEMENT THAT YOU FILED ON NOVEMBER 29TH, JUST LAST WEEK. SO

16  THAT IS AN ISSUE THAT I WOULD LIKE YOU, IF YOU FIND THAT A

17  RULING IS NECESSARY, TO TAKE TO JUDGE COUSINS.

18       NOW, I DID E-MAIL HIM BEFORE THE CMC TO SEE IF HE WOULD

19  TAKE IT AND I HAVEN'T GOTTEN A RESPONSE YET, OR I DIDN'T BEFORE

20  I CAME OUT ON THE BENCH, BUT I'M ASSUMING THAT HE WILL.

21       MR. VAN NEST: I'M ASSUMING THAT, TOO, YOUR HONOR.

22       THE COURT: YES. SO IF YOU THINK YOU NEED A RULING

23  ON THIS, I WOULD ASK THAT YOU PLEASE TAKE IT TO HIM. OKAY?

24       MR. VAN NEST: AND YOU'RE REFERRING TO THE MOST

25  RECENT CMC STATEMENT THAT WE FILED?

1  THE COURT: THE MOST RECENT CMC STATEMENT TALKS
2  ABOUT -- IT SEEMS LIKE THERE'S A FACTUAL DISPUTE AS TO WHETHER
3  INFORMATION NOTES WERE ACTUALLY RELIED UPON IN THE FORMATION OF
4  AN EXPERT'S OPINION OR NOT, AND, YOU KNOW, QUALCOMM SAYS --
5  MR. VAN NEST: UNDERSTOOD.
6  THE COURT: -- IT WASN'T, PLAINTIFFS SAY IT WAS.
7  AND TO BE HONEST, THAT'S A FACTUAL DISPUTE I WOULD LOVE TO
8  REFER.
9  MR. VAN NEST: WE WILL MAKE ARRANGEMENTS WITH
10  JUDGE COUSINS.
11  THE COURT: OKAY.
12  MS. SRINIVASAN: YOUR HONOR, WE DO THINK IT NEEDS TO
13  BE TEED UP.
14  THE COURT: TAKEN UP?
15  MS. SRINIVASAN: YEAH. I THINK THERE'S A SUBSTANTIAL
16  NUMBER OF INTERVIEWS THERE, AND THEY'RE NOT CURSORY INTERVIEWS,
17  THEY ACTUALLY INTERJECT SOME ENTIRELY NEW PROPOSITIONS, AND
18  THEY'RE RELYING ON INTERVIEWS THEY CONDUCTED WITH INDIVIDUALS
19  AT QUALCOMM FOR THAT, AND WITH SOME SPECIFICITY AND DETAIL
20  ABOUT WHAT THEY'RE UTILIZING THOSE INTERVIEWS FOR, INCLUDING
21  COMING UP WITH AN ESTIMATION OF HOW MUCH QUALCOMM WOULD HAVE
22  SAVED IN CERTAIN RESEARCH AND DEVELOPMENT COSTS, BASED ON WHAT
23  MOTIVES IT COULD HAVE AVOIDED PRODUCING IF IT DIDN'T HAVE
24  CERTAIN RELATIONSHIPS.
25  AND THE POINT I MAKE THERE IS JUST THAT IT'S HARD TO

1       IMAGINE THAT THOSE ARE JUST THINGS THAT WERE INSERTED CASUALLY
2       INTO AN EXPERT REPORT.  THEY ARE BASED ON VERY SPECIFIC
3       CONVERSATIONS AND FOCAL POINTS THAT THE EXPERT HAD, AND WE
4       BELIEVE THAT ANYTHING UNDERLYING AND SUPPORTING THOSE
5       CONCLUSIONS SHOULD BE DISCOVERABLE.
6             THE COURT:  SO I'M GOING TO ASK YOU TO --
7       I'M SORRY?
8       OH, I'M BEING TOLD WE DO NEED TO GO.
9       SO PLEASE TAKE THAT TO JUDGE COUSINS, AND I WILL ALSO, YOU
10      KNOW, CONFIRM WITH HIM, JUST PLEASE TRY TO EXPEDITE IT AS MUCH
11      AS HE CAN.  OKAY?
12            MR. VAN NEST:  OKAY.  THANKS, YOUR HONOR.
13            THE COURT:  SO I'M BEING TOLD THAT WE ACTUALLY NEED
14      TO LEAVE THE BUILDING.
15            MR. VAN NEST:  OKAY.  BY SOMETHING OTHER THAN THE
16      ELEVATORS?
17            THE COURT:  NO.
18         THE ELEVATORS ARE OKAY; RIGHT?
19            THE CLERK:  NO, THEY SAID DO NOT TAKE THE ELEVATORS.
20      THE STAIRS ARE RIGHT HERE OUTSIDE.
21            THE COURT:  OH, MY GOODNESS.
22            MR. VAN NEST:  OKAY.  THANK YOU.
23            THE COURT:  ALL RIGHT.  THANK YOU ALL VERY MUCH.
24            MR. VAN NEST:  THANK YOU, YOUR HONOR.  WE APPRECIATE
25      IT.

1       MS. SRINIVASAN:  THANK YOU, YOUR HONOR.

2       THE COURT:  THANK YOU ALL VERY MUCH.

3       (THE PROCEEDINGS WERE CONCLUDED AT 2:31 P.M.)

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

_____
LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

DATED:  DECEMBER 7, 2018