Kalpana Srinivasan (237460)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile:  (310) 789-3150
Email: ksrinivasan@susmangodfrey.com

Joseph W. Cotchett (36324)
COTCHETT, PITRE & MCCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: jcotchett@cpmlegal.com

*Plaintiffs' Interim Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: QUALCOMM ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 5:17-md-02773-LHK-NMC<br><br>**JOINT SUBMISSION REGARDING EXPERT DISPUTES**<br><br>Dept: Courtroom 7, 4th Floor<br>Judge: Hon. Nathanael Cousins<br><br>Trial Date: June 24, 2019 |

1     Pursuant to this Court's Order, Doc. No. 818, the parties have met and conferred regarding certain expert discovery disputes presented in the joint case management statement, Doc. No. 806. The parties present the disputed issues for decision below:

**Plaintiffs' Position:**

First, Qualcomm's expert, Dr. Tasneem Chipty, relies on and cites to 9 interviews in 16 different places in her report, including a phone call with the IDC (FN 106); interview with Tyler Markheim, Principal Financial Analyst at Qualcomm (FNs 143, 357, 524); interview with Libby Albrecht, Senior Financial Analyst at Qualcomm (FNs 143, 357, 524); interview with Baaziz Achour, Senior Vice President of Engineering at QCT (FN 483); interview with Victoria Chen, Senior Vice President, Legal Counsel of Qualcomm (FN 483); interview with Marc McCloskey, Senior Director of Finance of Qualcomm (FN 483); interview with Will Wyatt, Vice President of QCT (FN 526); interview with James Thompson, Executive Vice President of Engineering and Chief Technology Officer of Qualcomm (FNs 589, 593, 596, 599); and an interview with Tim Durkin, Senior Director of Finance of Qualcomm (FN 592). Markheim, Albrecht, McCloskey, and Durkin were never even disclosed in Qualcomm's initial disclosures.

These are not cursory references. For example, Qualcomm relies on Dr. Thompson who projected that without Apple's business, Qualcomm would have slowed its development of certain modems and as a result avoided a specific amount of costs each year. Dr. Chipty relies on this factual predicate to conclude that Qualcomm could have saved R&D costs of a certain amount.

Qualcomm has refused to produce interview notes and related documents, claiming that Dr. Chipty does not have any interview notes and is not relying on interview notes. This is inconsistent with the contents of the expert report. For example, Dr. Chipty referenced *specific language* from her interview with Dr. Thompson when she noted: "I understand that Qualcomm purchased fusion chipset solutions on an 'opportunistic' basis when doing so resulted in a more advanced SoC relative to the fully-integrated SoC's that Qualcomm was selling at the time." Chipty Report at 187, n. 596. Additionally, Dr. Chipty cites interviews for information she then used to interpret data and perform the analysis underlying her report. For example, she states that

1
JOINT SUBMISSION RE EXPERT DISPUTES                    5:17-MD-02773-LHK-NMC

1313378

"[b]ased on [her] interview with Qualcomm's Will Wyatt," she learned about the structure and accrual of incentives and rebates, upon which information she then bases her conclusion that "the volume of incentives and rebates that the customers analyzed in Exhibit 30A-B receive on at-issue chipsets should not substantially decrease if the customer moves non-at-issue chipset purchases from Qualcomm to other suppliers.")" *Id*. at 142, n. 435. Qualcomm has refused to answer Plaintiffs' questions attempting to clarify what back-up materials exist, *i.e.,* who else attended these interviews with Qualcomm employees or whether any other interviewee attendee took notes.

The parties expressly agreed at the start of this case, Doc. No. 32, that "expert notes expressly relied upon and/or cited in support of an opinion or fact" should be disclosed. Qualcomm must disclose any documentation for these extensive interviews, which are ***cited*** and relied upon throughout the Chipty report. Qualcomm's claims that Dr. Chipty herself does not possess interview notes are insufficient.

Second, Qualcomm has refused to produce Dr. Nevo's backup data relating to a whitepaper that Dr. Nevo and another expert (Robert Willig) authored for Qualcomm and provided to the Federal Trade Commission in 2016 ("2016 whitepaper"). Plaintiffs' expert, Dr. Ken Flamm, cited the 2016 whitepaper in his opening merits report. Dr. Flamm's hedonic regressions utilized the same ten characteristics that Drs. Nevo and Willig used in the 2016 whitepaper, as this Court noted in its certification order. Doc. No. 760 at 34. In his November 16, 2018 rebuttal report, Dr. Nevo has expressly relied upon the 2016 whitepaper (FN 384) in an effort to rebut Dr. Flamm's claims about Dr. Nevo's work regarding hedonic regressions and quality-adjusted prices. Dr. Nevo argues that his use of characteristics in his 2016 whitepaper is different from what Dr. Flamm contends. If Dr. Nevo wants to make claims about what his prior work encompassed, he should be required to produce the backup data for the 2016 whitepaper.

**Qualcomm's Position:**

First, Dr. Chipty did not rely on or review any interview notes, so there is nothing for Qualcomm to produce. The parties agreed that certain materials would not be subject to disclosure in this case. Among them are "expert's notes, unless they are expressly relied on

2
JOINT SUBMISSION RE EXPERT DISPUTES                    5:17-MD-02773-LHK-NMC
1313378

1 and/or cited in support of an opinion or fact." Qualcomm has produced the backup materials that
2 are required to be disclosed under the parties' agreement (ECF 32). And contrary to the
3 Plaintiff's assertions, Qualcomm already has produced the backup materials that are required to
4 be disclosed under the parties' agreement (ECF 32).

5 Plaintiffs assert that because Dr. Chipty cited the interviews in her report, Dr. Chipty must
6 have taken undisclosed notes from those interviews. That speculation is incorrect. As Qualcomm
7 has repeatedly explained to Plaintiffs, Dr. Chipty did not take notes during interviews with
8 Qualcomm employees or officers—during the interviews, she input any changes or quotes
9 directly into the working draft of her report. And the parties agreed that "[n]either side must
10 preserve or disclose . . . drafts of expert reports, analyses, or other work product." (ECF 32 at
11 12). Nor did Dr. Chipty rely on notes taken by anyone else in the course of forming her opinions
12 in this case. Plaintiffs complain that Dr. Chipty relied upon her interview with Dr. Thompson for
13 his understanding of Qualcomm's R&D efforts, but fail to note that Dr. Thompson was deposed
14 for two days as part of discovery in this case. Will Wyatt, Baaziz Achour, and Victoria Chen
15 were also deposed. And Qualcomm answered hundreds of 30(b)(6) questions and letter inquiries
16 relating to the topics covered by the interviews.

17 Second, Qualcomm has no obligation to disclose backup materials from the paper that Dr.
18 Nevo co-authored in 2016 with Dr. Willig (who is not a retained expert in this litigation). In his
19 expert report and declarations in this case, Dr. Flamm has made representations about the paper's
20 regression model and choice of variables—aspects that Dr. Flamm was able to ascertain by
21 reviewing the paper and accompanying regression specification that Qualcomm produced. *E.g.*,
22 "A model conceptually similar to this is utilized to measure quality-adjusted prices for cell
23 phones by Qualcomm's economic experts Nevo and Willig"; "Qualcomm experts Nevo and
24 Willig use a hedonic price function to estimate quality-adjusted prices;" "Nevo and Willig
25 employed similar hedonic concepts, using time period dummy variables in a hedonic regression
26 to measure change in quality-adjusted prices;" (Report of Dr. Kenneth Flamm ¶¶ 122, 289, n.91).
27 Dr. Nevo, in turn, responded to Dr. Flamm's characterizations of the paper's regression model,
28 but did not rely upon any backup materials from the paper in order to do so, as the facts are

3
JOINT SUBMISSION RE EXPERT DISPUTES                    5:17-MD-02773-LHK-NMC
1313378

apparent from the face of the paper. As Qualcomm has explained to the Plaintiffs, under the parties' agreements Qualcomm is under no obligation to produce backup data that Dr. Nevo did not rely on. Furthermore, the 2016 backup data is particularly irrelevant because Dr. Nevo conducted a similar hedonic regression analysis in his expert report *served in this case*. *E.g.*, Report of Dr. Aviv Nevo ¶ 225 ("In order to account for the increasing quality of smartphones over time, I conducted a hedonic regression using data on smartphone characteristics and real prices."). Qualcomm produced all backup data related to that regression.

Neither party is under any obligation to produce backup materials for papers authored by their experts. Indeed, Plaintiffs' expert Professor Elhauge cites a number of his own publications and did not provide backup materials associated with them. *E.g.*, Report of Einer Elhauge, n.11, 45, 167–68, 303–06.

Dated: December 7, 2018

By: /s/ *Kalpana Srinivasan*
Kalpana Srinivasan
Marc M. Seltzer
Steven G. Sklaver
Amanda Bonn
Oleg Elkhunovich
Krysta Kauble Pachman
Catriona Lavery
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: ksrinivasan@susmangodfrey.com
Email: mseltzer@susmangodfrey.com
Email: ssklaver@susmangodfrey.com
Email: abonn@susmangodfrey.com
Email: oelkhunovich@susmangodfrey.com
Email: kpachman@susmangodfrey.com
Email: clavery@susmangodfrey.com

Joseph Grinstein
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: jgrinstein@susmangodfrey.com

/s/ *Justina Sessions*
Robert A. Van Nest
Eugene M. Paige
Justina Sessions
Jesselyn Friley
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Tel: (415)391-5400
Fax: (415)397-7188
Email: rvannest@keker.com
Email: epaige@keker.com
Email: jsessions@keker.com
Email: jfriley@keker.com

Gary A. Bornstein
Yonatan Even
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
Email: gbornstein@cravath.com

|   |   |
|---|---|
| By: /s/ *Joseph W. Cotchett*<br>Joseph W. Cotchett<br>Adam Zapala<br>Mark F. Ram<br>Toriana S. Holmes<br>COTCHETT, PITRE & MCCARTHY<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>Telephone: (650) 697-6000<br>Facsimile: (650) 697-0577<br>Email: jcotchett@cpmlegal.com<br>Email: azapala@cpmlegal.com<br>Email: mram@cpmlegal.com<br>Email: tholmes@cpmlegal.com<br><br>***Plaintiffs' Co-Lead Counsel***<br><br>By: /s/ *Steve W. Berman*<br>Steve W. Berman<br>Jeff Friedman<br>Rio Pierce<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 268-9320<br>Facsimile: (206) 623-0594<br>Email: steve@hbsslaw.com<br>Email: jefff@hbsslaw.com<br>Email: riop@hbsslaw.com<br><br>***Plaintiffs' Steering Committee*** | yeven@cravath.com<br><br>Richard S. Taffet (*pro hac vice*)<br>MORGAN, LEWIS & BOCKIUS LLP<br>101 Park Avenue<br>Nerw York, NY  10178-0600<br>Tel:  (212)309-6000<br>Fax: (212)309-6001<br>Email: richard.taffet@morganlewis.com<br><br>Willard K. Tom (*pro hac vice*)<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20004-2541<br>Tel:  (202)739-3000<br>Fax:  (202)739-3001<br>Email: willard.tom@morganlewis.com<br><br>Geoffrey T. Holtz (SBN 191370)<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Market, Spear Street Tower<br>San Francisco, CA  94105-1596<br>Tel: (415)442-1000<br>Fax: (415)442-1001<br>gholtz@morganlewis.com<br><br>***Attorneys for Defendant Qualcomm Incorporated*** |

### **FILER'S ATTESTATION**

I, Kalpana Srinivasan, am the ECF user whose identification and password are being used to file this Joint Stipulation and [Proposed] Order. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories of this document have concurred in this filing.

*/s/ Kalpana Srinivasan*
Kalpana Srinivasan