KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest - # 84065
rvannest@keker.com
Eugene M. Paige - # 202849
epaige@keker.com
Cody S. Harris - #255302
charris@keker.com
Matan Shacham - #262348
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein (pro hac vice)
gbornstein@cravath.com
Yonatan Even (pro hac vice)
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone: (212) 474-1000
Facsimile:  (212) 474-3700

Attorneys for Defendant
QUALCOMM INCORPORATED

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet (pro hac vice)
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile:  (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Willard K. Tom (pro hac vice)
willard.tom@morganlewis.com
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Telephone: (202) 739-3000
Facsimile:  (202) 739-3001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
gholtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile:  (415) 442-1001

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: QUALCOMM ANTITRUST LITIGATION<br><br><br>This Document Relates To:<br><br>ALL ACTIONS. | Case No. 5:17-md-02773-LHK-NMC<br><br>**DECLARATION OF MATAN SHACHAM IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED WITH RESPECT TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Dept.:       Courtroom 8, 19th Floor<br>Judge:      Hon. Jacqueline Scott Corley<br><br>Trial Date:  None |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I, Matan Shacham, declare and state that:

1.      I am an attorney licensed to practice law in the State of California, a partner of Keker, Van Nest & Peters LLP, and counsel for Defendant Qualcomm Incorporated in the above-captioned action.  I submit this declaration in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed with Respect to Plaintiffs' Second Amended Complaint.  I have personal knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently and under oath.

2.      I make this declaration pursuant to Civil Local Rule 79-5(d) and in support of Plaintiffs' Administration Motion to File Under Seal, filed on June 10, 2022, and the [Proposed] Order to Seal Confidential Information, filed concurrently with Plaintiffs' motion.  In particular, Qualcomm requests that the Court maintain under seal portions of Plaintiffs' Second Amended Consolidated Class Action Complaint ("SAC"), as detailed below.

3.      I have reviewed Plaintiffs' SAC, which quotes from and cites to information that has been designated by Qualcomm as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order and Supplemental Protective Orders in this MDL action, the FTC litigation, *Federal Trade Commission v. Qualcomm Incorporated*, No. 17-cv-00220-LHK-NMC (N.D. Cal.), and the Southern District of California litigation, *Apple, Inc. v. Qualcomm Incorporated*, No. 17-cv-0108-GPC-MDD (together, "Protective Orders").

4.      Specifically, the portions of Plaintiffs' SAC which references materials designated confidential under the above-referenced Protective Orders and that Qualcomm requests the Court to maintain under seal are as follows:

        i)      The highlighted portions of paragraph 76 referenced on pages 19–20.

        ii)      The initial highlighted portion of paragraph 182 referenced on pages 44 – 45 (pleading lines 44:26–45:3).

        iii)      The highlighted portions of paragraph 197 on pages 48–49.

        iv)      The highlighted portions of paragraph 198 on page 49.

1

5.      The highlighted portions of paragraph 76 contains and references calculations by one of Plaintiffs' proposed experts of alleged royalty overcharges by Qualcomm that was previously marked "Highly Confidential – Attorneys' Eyes Only."  These estimated overcharges could be used to determine the details of the terms of licensing agreements between Qualcomm and third parties.  I have been informed by Qualcomm that its practice is to treat information regarding the terms of its licensing agreements as confidential, and not to disclose this information outside the company.  Paragraph 76 also contains or references information regarding the content of specific licensing agreements between Qualcomm and third parties.  I have been informed by Qualcomm that its practice is to treat information regarding the terms of its licensing agreements, details of commercial negotiations, and data as confidential, and not to disclose this information outside the company.

6.      The initial highlighted portion of Paragraph 182 (page and pleading lines 44:26–45:3) references and quotes a document that Qualcomm previously produced that contains certain commercially sensitive information of Qualcomm.  Qualcomm had previously designated the bates stamped document Q2014FTC03666113 as Highly Confidential, Attorneys' Eyes Only.  I have been informed by Qualcomm that its practice is to treat information regarding its hiring and operations requirements as confidential, and not to disclose this information outside the company.

7.      The highlighted portions of paragraphs 197 and 198 contain and reference calculations by one of Plaintiffs' proposed expert reports regarding the FRAND rate of alleged royalty-bearing sales ranges for 15 OEMs that make up some of Qualcomm's sales.  As discussed above in ¶4, this report had previously been marked "Highly Confidential – Attorneys' Eyes Only."  Additionally, these sales ranges could be used to determine the details of the terms of the royalty sales rates between Qualcomm and third parties.  I have been informed by Qualcomm that its practice is to treat information regarding the terms of its licensing agreements as confidential, and not to disclose this information outside the company.  Paragraph 198 additionally contains or references calculations in this same report and utilizes royalty rates discussing specific licensing negotiations between Qualcomm and third parties.  As discussed below in ¶7, Qualcomm had

1   previously designated the document discussing that rate as Highly Confidential, Attorneys' Eyes

2   Only.  I have been informed by Qualcomm that its practice is to treat information regarding the

3   terms of its licensing agreements, details of commercial negotiations, and data as confidential,

4   and not to disclose this information outside the company.

5          8.      The highlighted portion of paragraph 197 also includes information regarding the

6   content of specific licensing negotiations between Qualcomm and third parties.  Qualcomm had

7   previously designated the bates stamped document Q2014FTC03974334-338 as Highly

8   Confidential, Outside Attorneys' Eyes Only.  Specifically, the document relates to meeting notes

9   between Qualcomm and Huawei and contains confidential information.  I have been informed by

10  Qualcomm that its practice is to treat information regarding the terms of its licensing agreements,

11  details of commercial negotiations, and data as confidential, and not to disclose this information

12  outside the company.

13         9.      Based on this, Qualcomm respectfully requests an order sealing portions of

14  Plaintiffs' SAC as reflected in the proposed redactions submitted concurrently with Plaintiff's

15  motion to seal.  This request is particularized and narrowly tailored to seal only information that if

16  disclosed would cause Qualcomm undue prejudice if publicly revealed.

17         I declare under penalty of perjury under the laws of the United States that the foregoing is

18  true and correct, and that this declaration was executed on June 14, 2022, in San Francisco,

19  California.

20

21

22                                              MATAN SHACHAM

23

24

25

26

27

28
                                            3