UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Qualcomm Antitrust Litigation | Case No. 17-md-02773-JSC<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 886 |

This matter comes before the Court upon an administrative motion to consider whether another party's material should be sealed. (Dkt. No. 886.) Pursuant to Local Civil Rule 79.5(f), Qualcomm Incorporated and Motorola Mobility LLC submitted statements in support of sealing portions of the Amended Complaint. (Dkt. Nos. 889, 891.) For the reasons stated below, the motion to seal is GRANTED in part and DENIED in part.

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Courts generally apply a "compelling reasons" standard when considering motions to seal, recognizing that "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (cleaned up). By contrast, a "good cause showing" under Federal Rule of Civil Procedure 26(c) "will suffice to keep sealed records attached to non-dispositive motions. *Id.* at 1180.

A complaint is "more than tangentially related to the underlying cause of action," *Ctr. for*

*Auto Safety*, 809 F.3d at 1099, because it forms "the foundation of the lawsuit." *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, 2018 WL 9651897, at *2 (N.D. Cal. Jan. 3, 2018) (collecting cases). Accordingly, the compelling reasons standard applies.

Civil Local Rule 79-5 supplements the "compelling reasons" standard. *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020). Where, as here, a filing party (the "Filing Party") seeks to seal a filed document because that document has been designated as confidential by another party (the "Designating Party") the Filing Party must file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Civil L. R. 79-5(f). This motion must identify each document or portions thereof for which sealing is sought. *Id.* "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration" including "a specific statement of the applicable legal standard and the reasons for keeping a document under seal." Civil L. R. 79-5(c)(1), (f). That statement must include (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient. Civil L. R. 79-5(c)(1). A failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without notice to the Designating Party. *Id.*

A designation of "confidential" or "confidential – attorneys' eyes only" is not sufficient to establish that a document is sealable. *See* Civ. L. R. 79-5(d)(1)(A). "Confidential" is merely the parties' initial designation of confidentiality to establish coverage under the protective order. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential'") (quoting *Bain v. AstraZeneca LP*, No. 09-cv-4147, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)). However, courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into

2

the parties' business model and strategy").  Applying these principles, the Court GRANTS in part and DENIES in part the motion as follows:

| Allegation | Movant | Disposition | Reasons |
| --- | --- | --- | --- |
| Dkt. No. 886-2 ¶ 76 | Qualcomm | Sealable | Contains information regarding financial terms of licensing agreements |
| *Id.* ¶ 182; lines 44:26 – 45:3 | Qualcomm | Sealable | Contains confidential information regarding business strategies |
| *Id.* ¶ 182; lines 45:5 – 45:7 | | Not Sealable | No Party submitted the statement or declaration required by L.R. 79-5(f). |
| *Id.* ¶ 197 – 198 | Qualcomm | Sealable | Contains details of specific license agreements and licensing negotiations |
| *Id.* ¶ 204 | Motorola | Sealable | Contains details of business and pricing strategies |
| *Id.* ¶ 205 | | Not Sealable | No Party submitted the statement or declaration required by L.R. 79-5(f). |
| *Id.* ¶ 207 | | Not Sealable | Same |

Plaintiffs shall file a partially redacted complaint consistent with this Order **within 7 days** of the date of this Order.

## CONCLUSION

For the reasons explained above, the Court GRANTS in part and DENIES in part the administrative motion to consider whether another party's material should be sealed.

**IT IS SO ORDERED.**

This Order disposes of Docket No. 886.

Dated: August 26, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge

3