KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest - # 84065
rvannest@keker.com
Eugene M. Paige - # 202849
epaige@keker.com
Cody S. Harris - #255302
charris@keker.com
Matan Shacham - # 262348
mshacham@keker.com
Kristin E. Hucek - # 321853
khucek@keker.com
Daniel B. Twomey - # 341488
dtwomey@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391 5400
Facsimile:    (415) 397 7188

CRAVATH, SWAINE & MOORE LLP
Gary A. Bornstein *(pro hac vice)*
gbornstein@cravath.com
Yonatan Even *(pro hac vice)*
yeven@cravath.com
825 Eighth Avenue
New York, New York 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

Attorneys for Defendant
QUALCOMM INCORPORATED

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet *(pro hac vice)*
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile:  (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
gholtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile:  (415) 442-1001

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: QUALCOMM ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 3:17-md-02773-JSC<br><br>**QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION CONSOLIDATED COMPLAINT**<br><br>Dept.:      Courtroom 8, 19th Floor<br>Judge:     Hon. Jacqueline Scott Corley<br><br>Trial Date: |

QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

Defendant Qualcomm Incorporated ("Qualcomm"), upon knowledge and/or upon information and belief, answers Plaintiffs' Second Amended Consolidated Class Action Complaint ("SAC") filed June 10, 2022 (ECF No. 886-2), as follows. Unless otherwise stated, Qualcomm uses the defined terms and phrases set forth in the SAC. In doing so, however, Qualcomm does not admit that the definitions set forth in the SAC are proper. In responding to the allegations, Qualcomm does not admit that those allegations related to the claims that the Court dismissed (ECF No. 914) are still operative. As to any allegations not specifically admitted, Qualcomm denies the allegations. Subject to the foregoing, Qualcomm states as follows:

1.      Qualcomm states that the allegations set forth in paragraph 1 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 1 of the SAC.

2.      Qualcomm states that the allegations set forth in paragraph 2 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 2 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 2 of the SAC.

3.      Qualcomm states that the allegations set forth in paragraph 3 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the SAC about the number of California consumers at issue, and on that basis denies them. Qualcomm denies the remaining allegations in paragraph 3 of the SAC.

4.      Qualcomm states that the allegations set forth in paragraph 4 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm admits that Plaintiffs purport to bring this case under the California Cartwright Act and Unfair Competition Law. Qualcomm denies the remaining allegations set forth in paragraph 4 of the SAC.

1
QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

5.     Qualcomm states that the allegations in paragraph 5 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm states that the court decisions in *In re Cipro Cases I & II*, 61 Cal. 4th 116, 160-61 (2015), speak for themselves, and denies the remaining allegations set forth in paragraph 5 of the SAC.

6.     Qualcomm states that the allegations set forth in paragraph 6 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 6 of the SAC.

7.     Qualcomm admits that Plaintiffs seek the relief described in paragraph 7 of the SAC; Qualcomm denies the remaining allegations set forth in paragraph 7 of the SAC.

8.     Qualcomm admits that (i) baseband processors are used in cellular devices; and (ii) baseband processors are among the hardware components that, together with software and other components, enable mobile wireless devices to utilize wireless networks run by wireless network carriers. Qualcomm denies the remaining allegations set forth in paragraph 8 of the SAC.

9.     Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the SAC, and on that basis denies them.

10.     Qualcomm states that no response is required to the allegations set forth in paragraph 10 of the SAC as the tying claim has been dismissed; to the extent a response is required, Qualcomm admits that (i) there are a number of standards development organizations SSOs related to wireless telecommunication, and (ii) SSO members include telecommunications technology companies, device suppliers and manufactures, and other industry participants, including government agencies. Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the SAC, and on that basis denies them.

11.     Qualcomm states that no response is required to the allegations set forth in paragraph 11 of the SAC as the tying claim has been dismissed; to the extent a response is required, Qualcomm admits that SSOs incorporate technology into standards, and that the patents covering technology incorporated into the standard are sometimes referred to as standard essential

2
QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

patents. Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11, and on that basis denies them.

12.     Qualcomm states that no response is required to the allegations set forth in paragraph 12 of the SAC as the tying claim has been dismissed; to the extent a response is required, Qualcomm admits that SSOs generally have intellectual property rights policies to which members of the SSO agree, and that some policies require that certain patents be licensed on fair, reasonable, and non-discriminatory terms. Qualcomm denies the allegations set forth in paragraph 12 of the SAC.

13.     Qualcomm admits that (i) Qualcomm was an early developer of cellular technology, and (ii) Qualcomm holds patents on technologies that were incorporated into cellular standards, including the wireless telecommunications standards known as Code Division Multiple Access and Long-Term Evolution, and (iii) that the referenced Qualcomm documents have indicated that a "premium" smart phone, as a smart phone with a retail average selling price of greater than $300 (prior to 2013), or greater than $400 (from 2013 forward). Qualcomm states that the remaining allegations set forth in paragraph 13 of the SAC concerning markets and market power state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies these allegations. Qualcomm further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the SAC, and on that basis denies them.

14.     Qualcomm states that no response is required to the allegations set forth in paragraph 14 of the SAC as the tying claim has been dismissed; to the extent a response is required, Qualcomm admits that Qualcomm is a member of and has committed to certain SSOs that it will license certain SEPs consistent with the respective SSO's intellectual property rights ("IPR") policy. Qualcomm denies the remaining allegations set forth in paragraph 14 of the SAC.

15.     Qualcomm states that no response is required to the allegations set forth in paragraph 15 of the SAC as the tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 15 of the SAC.

2095401

16.     Qualcomm states that no response is required to the allegations set forth in the first sentence of paragraph 16 of the SAC as the tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in the first sentence of paragraph 16 of the SAC. Qualcomm denies the remaining allegations set forth in paragraph 16 of the SAC.

17.     Qualcomm states that no response is required to the allegations set forth in the last sentence of paragraph 17 of the SAC concerning Qualcomm's supposed "No License, No Chips" practice as the tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in last sentence of paragraph 17 of the SAC. Qualcomm denies the remaining allegations set forth in paragraph 17 of the SAC.

18.     Qualcomm states that no response is required to the allegations set forth in paragraph 18 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm admits the allegations set forth in the third paragraph of paragraph 18 of the SAC. Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fifth sentence of paragraph 18, and on that basis denies those allegations. Qualcomm denies the remaining allegations set forth in paragraph 18 of the SAC.

19.     Qualcomm states that no response is required to the allegations set forth in paragraph 19 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 19 of the SAC.

20.     Qualcomm states that no response is required to the allegations set forth in paragraph 20 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm states that it without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 20 of the SAC, and denies it on that basis. Qualcomm further denies the remaining allegations set forth in paragraph 20 of the SAC.

21.     Qualcomm states that no response is required to the allegations set forth in paragraph 21 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 21 of the SAC.

4
QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

22.     Qualcomm states that the allegations set forth in paragraph 22 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 22 of the SAC.

23.     Qualcomm is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the SAC, and on that basis denies them.

24.     Qualcomm states that no response is required for the allegations set forth in paragraph 24 of the SAC as Andrew Westley filed a Notice of Voluntary Dismissal in this action on January 30, 2018. *See* Dkt. 311. To the extent a response is required, Qualcomm is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 24 of the SAC, and on that basis denies them.

25.     Qualcomm is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25 of the SAC, and on that basis denies them.

26.     Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the SAC, and on that basis denies them.

27.     Qualcomm admits that (i) Qualcomm is a Delaware corporation with its principal place of business at 5775 Morehouse Drive, San Diego, California 92121; (ii) Qualcomm conducts business primarily through two reportable segments, Qualcomm CDMA Technologies ("QCT") and Qualcomm Technology Licensing ("QTL"); (iii) Qualcomm Technologies, Inc. ("QTI") is a wholly owned subsidiary of Qualcomm Incorporated; (iv) QTI operates as a separate legal entity from Qualcomm Incorporated; (v) QCT is a business unit of QTI; and (vi) QTI, together with its subsidiaries, operates substantially all of Qualcomm's product and services business, including QCT and Qualcomm CDMA Technologies Asia Pacific Pte. Ltd. ("QCTAP"). Qualcomm further admits that its business includes, but is not limited to, the development, design, licensing and marketing of digital communications products and services. Qualcomm denies the remaining allegations set forth in paragraph 27 of the SAC.

28.     Qualcomm admits that Qualcomm has offices and employees in San Francisco and Santa Clara counties; Qualcomm denies the remaining allegations set forth in paragraph 28 of the SAC.

29.     Qualcomm states that the allegations set forth in paragraph 29 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the SAC, and on that basis denies them.

30.     Qualcomm states that the allegations set forth in paragraph 30 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm admits that this Court has personal jurisdiction over Qualcomm; Qualcomm denies the remaining allegations set forth in paragraph 30 of the SAC.

31.     Qualcomm states that the allegations set forth in paragraph 31 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm admits that venue is proper in this Court.

32.     Qualcomm admits that (i) many cellular devices can send and receive, over cellular networks, telephone calls and/or other voice and video communications, text messages, and Internet data; and (ii) baseband processor chipsets are among the hardware components that, together with software and other components, enable mobile wireless devices to utilize a standardized telecommunications network; Qualcomm denies the remaining allegations set forth in paragraph 32 of the SAC.

33.     Qualcomm denies the allegations set forth in paragraph 33 of the SAC.

34.     Qualcomm states that no response is required to the allegations set forth in paragraph 34 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm admits that Qualcomm contributed to the development of cellular standards. Qualcomm denies the remaining allegations set forth in paragraph 34 of the SAC.

35.     Qualcomm states that no response is required to the allegations set forth in paragraph 35 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm admits that patents that are essential to practicing a technical standard are

called standard essential patents. Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 35 of the SAC, and on that basis denies them.

36.    Qualcomm states that no response is required to the allegations set forth in paragraph 36 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm admits that it owns SEPs for technologies used to implement various cellular communications standards, such as the CDMA, WCDMA/UMTS, and LTE standards.

37.    Qualcomm states that the allegations set forth in paragraph 37 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 37 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 37 of the SAC.

38.    Qualcomm states that no response is required to the allegations set forth in paragraph 38 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm admits that the ITU, TIA, and ETSI are all SSOs related to wireless communications, and states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the SAC, and on that basis denies them.

39.    Qualcomm states that no response is required to the allegations set forth in paragraph 39 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm admits that (i) 2G standards were first deployed commercially in the early 1990s; (ii) 2G cellular technology included the GSM standard and a 2G Code Division Multiple Access ("CDMA") standard; (iii) in the United States, AT&T and T-Mobile operated legacy GSM networks, while Verizon and Sprint operated legacy CDMA networks; and (iv) Qualcomm owns a significant portion of the SEPs essential to the 2G-CDMA standard. Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 39 of the SAC, and on that basis denies them.

40.     Qualcomm states that no response is required to the allegations set forth in paragraph 40 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm admits that 3G cellular technology included (i) the Universal Mobile Telecommunications System ("UMTS") standard, which implemented a CDMA-based technology referred to as "wideband CDMA" or WCDMA; and (ii) cdma2000. Qualcomm further admits that in the United States, AT&T and T-Mobile used 2G GSM and 3G UMTS/WCDMA, Verizon and Sprint used 2G CDMA One and 3G CDMA2000. Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the SAC, and on that basis denies them.

41.     Qualcomm states that no response is required to the allegations set forth in paragraph 41 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm admits that (i) the Long-Term-Evolution ("LTE") standard is a 4G standard; (ii) 4G standards allow for substantially higher data-transmission speeds than 3G standards; and (iii) LTE has been widely adopted. Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and seventh sentences of paragraph 41 of the SAC, and on that basis denies them. Qualcomm denies the remaining allegations set forth in the remaining sentences of paragraph 41 of the SAC.

42.     Qualcomm states that no response is required to the allegations set forth in paragraph 42 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm admits Qualcomm is a member of certain SSOs and has made commitments that it will offer licenses to certain SEPs consistent with the respective SSO's intellectual property rights ("IPR") policy; Qualcomm denies the remaining allegations stated forth in paragraph 42 of the SAC.

43.     Qualcomm states that the allegations set forth in paragraph 43 of the SAC state legal conclusions to which no response is required; moreover, no response is required to the allegations set forth in paragraph 43 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm states that the cited documents and caselaw speak for themselves, including the now-withdrawn 2013 statement from the Department of Justice, and

8
QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the SAC, and on that basis denies them.

44. Qualcomm states that the allegations set forth in paragraph 44 of the SAC state legal conclusions to which no response is required; moreover, no response is required to the allegations set forth in paragraph 44 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm states that the cited documents and caselaw speak for themselves and denies the remaining allegations forth in paragraph 44 of the SAC.

45. Qualcomm states that the allegations set forth in paragraph 45 of the SAC state legal conclusions to which no response is required; moreover, no response is required to the allegations set forth in paragraph 45 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm admits that cellular SSOs have IPR policies with provisions that establish the procedures for disclosure of patents that are potentially essential, and denies the remaining allegations set forth in paragraph 45 of the SAC.

46. Qualcomm states that the allegations set forth in paragraph 46 of the SAC state legal conclusions to which no response is required; moreover, no response is required to the allegations set forth in paragraph 46 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 46 of the SAC.

47. Qualcomm states that no response is required to the allegations set forth in paragraph 47 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 47 of the SAC.

48. Qualcomm states that the allegations set forth in paragraph 48 of the SAC state legal conclusions to which no response is required; moreover, no response is required to the allegations set forth in paragraph 48 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm states that the cited caselaw speak for themselves, and denies the allegations set forth in paragraph 48 of the SAC.

49. Qualcomm states that the allegations set forth in paragraph 49 of the SAC state legal conclusions to which no response is required; moreover, no response is required to the

9
QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

allegations set forth in paragraph 49 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations of paragraph 49 of the SAC.

50.     Qualcomm states that no response is required to the allegations set forth in paragraph 50 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm admits that Qualcomm has committed that it will offer to license certain SEPs consistent with the respective IPR policies of ETSI, TIA, and ATIS. Qualcomm denies the remaining allegations set forth in paragraph 50 of the SAC.

51.     Qualcomm states that no response is required to the allegations set forth in paragraph 51 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the contents of ETSI's IPR policy and Qualcomm's IPR undertakings submitted to ETSI speak for themselves; Qualcomm denies the remaining allegations set forth in paragraph 51 of the SAC.

52.     Qualcomm states that no response is required to the allegations set forth in paragraph 52 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the documents cited in paragraph 52 of the SAC speak for themselves, and Qualcomm denies the allegations set forth in paragraph 52 of the SAC.

53.     Qualcomm states that no response is required to the allegations set forth in paragraph 53 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 53 of the SAC.

54.     Qualcomm admits that QTI, together with its subsidiaries, operates substantially all of Qualcomm's product and services business, including QCT and QCTAP, to supply baseband processor chipsets; Qualcomm denies the remaining allegations set forth in paragraph 54 of the SAC.

55.     Qualcomm states that the allegations set forth in paragraph 55 of the SAC state legal conclusions to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 55 of the SAC.

56.     Qualcomm states that no response is required to the allegations set forth in paragraph 56 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is

QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

required, Qualcomm admits that that QTL grants licenses or otherwise provides rights to use portions of Qualcomm's intellectual property portfolio. Qualcomm denies the remaining allegations set forth in paragraph 56 of the SAC.

57.     Qualcomm denies the allegations set forth in paragraph 57 of the SAC.

58.     Qualcomm states that the allegations set forth in paragraph 58 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 58 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 58 of the SAC.

59.     Qualcomm states that no response is required to the allegations set forth in paragraph 59 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 59 of the SAC.

60.     Qualcomm states that no response is required to the allegations set forth in paragraph 60 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 60 of the SAC.

61.     Qualcomm states that no response is required to the allegations set forth in paragraph 61 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the testimony cited in paragraph 61 of the SAC speaks for itself; Qualcomm denies the remaining allegations set forth in paragraph 61 of the SAC.

62.     Qualcomm states that the allegations set forth in paragraph 62 of the SAC state legal conclusions to which no response is required; moreover, no response is required to the allegations set forth in paragraph 62 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 62 of the SAC.

63.     Qualcomm states that the allegations set forth in paragraph 63 of the SAC state legal conclusions to which no response is required; moreover, no response is required to the allegations set forth in paragraph 63 of the SAC as Plaintiffs' tying claim has been dismissed. To

2095401

1    the extent a response is required, Qualcomm denies the allegations set forth in paragraph 63 of the

2    SAC.

3            64.     Qualcomm states that the allegations set forth in paragraph 64 of the SAC state

4    legal conclusions to which no response is required; moreover, no response is required to the

5    allegations set forth in paragraph 64 of the SAC as Plaintiffs' tying claim has been dismissed. To

6    the extent a response is required, Qualcomm denies the allegations set forth in paragraph 64 of the

7    SAC.

8            65.     Qualcomm states that no response is required to the allegations set forth in

9    paragraph 65 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is

10   required, Qualcomm states that Qualcomm's responses to Apple's interrogatories speak for

11   themselves and admits that Qualcomm does not sell baseband processor chipsets to unlicensed

12   cellular device manufacturers. Qualcomm denies the remaining allegations set forth in paragraph

13   65 of the SAC.

14           66.     Qualcomm states that no response is required to the allegations set forth in

15   paragraph 66 of the SAC as the tying claim has been dismissed; to the extent a response is

16   required, Qualcomm states that the cited deposition testimony speaks for itself and denies the

17   remaining allegations set forth in paragraph 66 of the SAC.

18           67.     Qualcomm states that no response is required to the allegations set forth paragraph

19   67 of the SAC as the tying claim has been dismissed; to the extent a response is required,

20   Qualcomm denies the allegations set forth in paragraph 67 of the SAC.

21           68.     Qualcomm states that no response is required to the allegations set forth in

22   paragraph 68 of the SAC as the tying claim has been dismissed; to the extent a response is

23   required, Qualcomm states that the documents referenced in paragraph 68 of the SAC speak for

24   themselves and denies the remaining allegations set forth in paragraph 68 of the SAC.

25           69.     Qualcomm states that no response is required to the allegations set forth in

26   paragraph 69 of the SAC as the tying claim has been dismissed; to the extent a response is

27   required, Qualcomm states that the document referenced in paragraph 69 of the SAC speaks for

28   itself and denies the remaining allegations set forth in paragraph 69 of the SAC.

2095401

70.      Qualcomm states that no response is required to the allegations set forth in paragraph 70 of the SAC as the tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 70 of the SAC.

71.      Qualcomm states that no response is required to the allegations set forth in paragraph 71 of the SAC as the tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 71 of the SAC.

72.      Qualcomm states that the materials referenced in paragraph 72 of the SAC speak for themselves. Qualcomm denies the remaining allegations set forth in paragraph 72 of the SAC and the corresponding table.

73.      Qualcomm denies the allegations set forth in paragraph 73 of the SAC.

74.      Qualcomm states that the allegations set forth in paragraph 74 of the SAC state legal conclusions to which no response is required; moreover, no response is required to the allegations set forth in paragraph 74 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 74 of the SAC.

75.      Qualcomm states that no response is required to the allegations set forth in paragraph 75 of the SAC as the tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 75 of the SAC.

76.      Qualcomm states that no response is required to the allegations set forth in paragraph 76 of the SAC as the tying claim has been dismissed; to the extent a response is required, Qualcomm states that Michael Lasinski's report speaks for itself, and that Qualcomm denies the allegations set forth in paragraph 76 of the SAC.

77.      Qualcomm states that no response is required to the allegations set forth in paragraph 77 of the SAC as the tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 77 of the SAC.

78.      Qualcomm states that no response is required to the allegations set forth in paragraph 78 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 78 of the SAC.

13
QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

79.     Qualcomm states that the allegations set forth in paragraph 79 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 79 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 79 of the SAC.

80.     Qualcomm states that no response is required to the allegations set forth in paragraph 80 of the SAC as the tying claim has been dismissed; to the extent a response is required, Qualcomm states that the cited documents and testimony speak for themselves. Qualcomm denies the remaining allegations set forth in paragraph 80 of the SAC.

81.     Qualcomm states that no response is required to the allegations set forth in paragraph 81 of the SAC as the tying claim has been dismissed; to the extent a response is required, Qualcomm states that the cited deposition testimony cited in paragraph 81 of the SAC speak for themselves, and denies the allegations set forth in paragraph 81 of the SAC.

82.     Qualcomm states that no response is required to the allegations set forth in paragraph 82 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the documents referenced in paragraph 82 of the SAC speak for themselves, and that Qualcomm denies the allegations set forth in paragraph 82 of the SAC.

83.     Qualcomm states that no response is required to the allegations set forth in paragraph 83 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the cited deposition testimony speaks for itself, and denies the allegations set forth in paragraph 83 of the SAC.

84.     Qualcomm states that no response is required to the allegations set forth in paragraph 84 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the documents cited in paragraph 84 of the SAC speak for themselves, and denies the allegations set forth in paragraph 84 of the SAC.

85.     Qualcomm states that no response is required to the allegations set forth in paragraph 85 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is

required, Qualcomm states that the documents cited in paragraph 85 of the SAC speak for themselves and denies the allegations set forth in paragraph 85 of the SAC.

86.     Qualcomm states that no response is required to the allegations set forth in paragraph 86 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the documents cited in paragraph 86 of the SAC speak for themselves, and denies the allegations set forth in paragraph 86 of the SAC.

87.     Qualcomm states that no response is required to the allegations set forth in paragraph 87 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 87 of the SAC.

88.     Qualcomm states that no response is required to the allegations set forth in paragraph 88 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the document cited in paragraph 88 of the SAC speaks for itself, and denies the allegations set forth in paragraph 88 of the SAC.

89.     Qualcomm states that the allegations set forth in paragraph 89 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 89 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 89 of the SAC.

90.     Qualcomm states that the allegations set forth in paragraph 90 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 90 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 90 of the SAC.

91.     Qualcomm states that the allegations set forth in paragraph 91 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 91 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 91 of the SAC.

15
QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

92.     Qualcomm states that no response is required to the allegations set forth in paragraph 92 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the cited documents speak for themselves and denies the allegations set forth in paragraph 92 of the SAC.

93.     Qualcomm states that no response is required to the allegations set forth in paragraph 93 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the cited documents speak for themselves and denies the allegations set forth in paragraph 93 of the SAC.

94.     Qualcomm states that no response is required to the allegations set forth in paragraph 94 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 94 of the SAC.

95.     Qualcomm states that the allegations set forth in paragraph 95 of the SAC state a legal conclusion to which no response is required; moreover, Qualcomm states that no response is required to the allegations set forth in paragraph 95 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 95 of the SAC.

96.     Qualcomm states that the allegations set forth in paragraph 96 of the SAC state a legal conclusion to which no response is required; moreover, Qualcomm states that no response is required to the allegations set forth in paragraph 96 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 96 of the SAC.

97.     Qualcomm states that the allegations set forth in paragraph 95 of the SAC state a legal conclusion to which no response is required; moreover, Qualcomm states that no response is required to the allegations set forth in paragraph 97 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 97 of the SAC.

98.     Qualcomm states that no response is required to the allegations set forth in paragraph 98 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is

required, Qualcomm states that the deposition testimony speaks for itself, and denies the allegations set forth in paragraph 98 of the SAC.

99.     Qualcomm states that no response is required to the allegations set forth in paragraph 99 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm admits that Qualcomm sued Meizu for patent infringement, and that the cited deposition testimony speaks for itself. Qualcomm denies the remaining allegations set forth in paragraph 99 of the SAC.

100.     Qualcomm states that no response is required to the allegations set forth in paragraph 100 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the cited document speaks for itself and denies the allegations set forth in paragraph 100 of the SAC.

101.     Qualcomm states that no response is required to the allegations set forth in paragraph 101 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the deposition of Finbarr Moynihan speaks for itself, and denies the allegations set forth in paragraph 101 of the SAC.

102.     Qualcomm states that no response is required to the allegations set forth in paragraph 102 of the SAC as Plaintiffs' tying claim has been dismissed. Qualcomm further states that the allegations set forth in paragraph 102 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 102 of the SAC.

103.     Qualcomm states that no further response is required to the allegations set forth in paragraph 103 as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103, and on that basis denies them.

104.     Qualcomm states that no further response is required to the allegations set forth in paragraph 104 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the deposition testimony cited in paragraph 104 of the SAC speaks for itself and denies the allegations set forth in paragraph 104 of the SAC.

QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

105.   Qualcomm states that no response is required to the allegations set forth in paragraph 105 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the testimony cited in paragraph 105 of the SAC speaks for itself, and denies the allegations set forth in paragraph 105 of the SAC.

106.   Qualcomm states that no response is required to the allegations set forth in paragraph 106 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in in paragraph 106 of the SAC.

107.   Qualcomm states that no response is required to the allegations set forth in paragraph 107 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the cited testimony and documents speak for themselves, and denies the allegations set forth in in paragraph 107 of the SAC.

108.   Qualcomm states that no response is required to the allegations set forth in paragraph 108 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in in paragraph 108 of the SAC.

109.   Qualcomm states that no response is required to the allegations set forth in paragraph 109 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the testimony cited in paragraph 109 of the SAC speaks for itself, and denies the allegations set forth in paragraph 109 of the SAC.

110.   Qualcomm states that no response is required to the allegations set forth in paragraph 110 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the testimony cited in paragraph 110 of the SAC speaks for itself, and denies the allegations set forth in in paragraph 110 of the SAC.

111.   Qualcomm states that no response is required to the allegations set forth in paragraph 111 of the SAC as Plaintiffs' tying claim has been dismissed. Qualcomm further states that the allegations set forth in paragraph 111 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 111 of the SAC.

2095401

112.     Qualcomm states that no response is required to the allegations set forth in paragraph 112 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph 112 of the SAC, and on that basis denies them.

113.     Qualcomm states that no response is required to the allegations set forth in paragraph 113 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the testimony cited in paragraph 113 of the SAC speaks for itself, and denies the allegations set forth in in paragraph 113 of the SAC.

114.     Qualcomm states that no response is required to the allegations set forth in paragraph 114 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in in paragraph 114 of the SAC.

115.     Qualcomm states that no response is required to the allegations set forth in paragraph 115 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that cited document speaks for itself, and denies the allegations set forth in in paragraph 115 of the SAC.

116.     Qualcomm states that no response is required to the allegations set forth in paragraph 116 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the cited document and deposition testimony speak for themselves, and denies the allegations set forth in in paragraph 116 of the SAC.

117.     Qualcomm states that the allegations set forth in paragraph 117 of the SAC state legal conclusions to which no response is required; moreover, no response is required to the allegations set forth in paragraph 117 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 117 of the SAC.

118.     Qualcomm states that the allegations set forth in paragraph 118 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 118 of the SAC as Plaintiffs' tying claim has been dismissed. To

19

the extent a response is required, Qualcomm denies the allegations set forth in paragraph 118 of the SAC.

119.     Qualcomm states that no response is required to the allegations set forth in paragraph 119 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the Reifschneider communication speaks for itself, and denies the allegations set forth in in paragraph 119 of the SAC.

120.     Qualcomm states that no response is required to the allegations set forth in paragraph 120 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the correspondence cited in paragraph 120 of the SAC speaks for itself, and denies the allegations set forth in in paragraph 120 of the SAC.

121.     Qualcomm states that no response is required to the allegations set forth in paragraph 121 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the deposition testimony speaks for itself; Qualcomm admits that Broadcom and Qualcomm sued each other for infringement which the parties eventually settled; Qualcomm is without knowledge or information sufficient to form a belief as to remaining allegations set forth in paragraph 121 of the SAC, and on that basis denies them.

122.     Qualcomm states that no response is required to the allegations set forth in paragraph 122 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in in paragraph 122 of the SAC.

123.     Qualcomm states that no response is required to the allegations set forth in paragraph 123 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the cited document speaks for itself and denies the remaining allegations set forth in paragraph 123 of the SAC.

124.     Qualcomm states that no response is required to the allegations set forth in paragraph 124 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the cited document speaks for itself and denies the allegations set forth in paragraph 124 of the SAC.

125.     Qualcomm states that the allegations set forth in paragraph 125 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 125 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 125 of the SAC.

126.     Qualcomm states that the allegations set forth in paragraph 126 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 126 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 126 of the SAC.

127.     Qualcomm states that the allegations set forth in paragraph 127 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 127 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm states that Qualcomm's public filings for licensing revenues speak for themselves and denies the allegations set forth in paragraph 127 of the SAC.

128.     Qualcomm states that the allegations set forth in paragraph 128 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 128 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent that a response is required, Qualcomm denies the allegations set forth in paragraph 128 of the SAC.

129.     Qualcomm states that the allegations set forth in paragraph 129 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 129 of the SAC.

130.     Qualcomm admits that Apple sells iPhones and iPads and purchases modem chips; Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 130 of the SAC, and on that basis denies them.

QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

131.     Qualcomm admits that Apple employs contract manufacturers that both assemble iPhones and iPads and previously paid Qualcomm royalties on their sales of those iPhones and iPads to Apple under their license agreements with Qualcomm; Qualcomm denies the remaining allegations set forth in paragraph 131 of the SAC.

132.     Qualcomm states that no response concerning the allegations set forth in paragraph 132 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies these allegations and the remaining allegations set forth in paragraph 132 of the SAC.

133.     Qualcomm denies the allegations set forth in paragraph 133 of the SAC and the accompanying diagram.

134.     Qualcomm states that the Marketing Incentive Agreement, dated January 8, 2007 (the "MIA") speaks for itself; Qualcomm denies the allegations set forth in paragraph 134 of the SAC.

135.     Qualcomm states that the Strategic Terms Agreement, dated December 16, 2009 (the "STA"), and the Amended and Restated Strategic Terms Agreement, dated February 28, 2013 (the "ASTA") speak for themselves; Qualcomm denies the allegations set forth in paragraph 135 of the SAC.

136.     The allegations set forth in paragraph 136 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 136 of the SAC.

137.     Qualcomm states that no response is required to the allegations set forth in paragraph 137 of the SAC concerning Qualcomm's supposed no-license, no chips policy, as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that cited document speaks for itself, and denies the allegations set forth in paragraph 137 of the SAC.

138.     Qualcomm states that the First Amendment to the Transition Agreement, dated January 1, 2013 (the "FATA"), speaks for itself, and denies the allegations set forth in paragraph 138 of the SAC.

2095401

139.     Qualcomm states that the Business Cooperation and Patent Agreement, dated February 28, 2013 (the "BCPA") speaks for itself, and denies the allegations set forth in paragraph 139 of the SAC.

140.     Qualcomm states that no response is required to the allegations set forth in paragraph 140 of the SAC concerning Qualcomm's supposed no-license, no chips practice, as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the Apple complaint's allegations speak for themselves, and denies the allegations set forth in paragraph 140 of the SAC.

141.     The allegations set forth in paragraph 141 of the SAC state legal conclusions to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 141 of the SAC.

142.     The allegations set forth in paragraph 142 of the SAC state legal conclusions to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 142 of the SAC.

143.     The allegations set forth in paragraph 143 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 143 of the SAC.

144.     The allegations set forth in paragraph 144 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 144 of the SAC.

145.     Qualcomm admits that Intel began supplying a portion of the chips Apple incorporated in the iPhone 7 and refers to the Intel announcement for its contents, and denies the remaining allegations set forth in paragraph 145 of the SAC.

146.     Qualcomm states that the Forbes article speaks for itself; Qualcomm denies the remaining allegations set forth in paragraph 146 of the SAC.

147.     Qualcomm states that the TA and FATA speak for themselves, and denies the allegations set forth in paragraph 147 of the SAC.

23
QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

148.    Qualcomm states that the Apple spreadsheet produced to the FTC speaks for itself, and denies the allegations set forth in paragraph 148 of the SAC.

149.    Qualcomm states that the licensing agreements referenced in paragraph 149 of the SAC speaks for themselves; Qualcomm denies the allegations set forth in paragraph 149 of the SAC.

150.    Qualcomm states that the allegations set forth in paragraph 150 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 150 of the SAC.

151.    Qualcomm denies the allegations set forth in paragraph 151 of the SAC.

152.    Qualcomm denies the allegations set forth in paragraph 152 of the SAC.

153.    Qualcomm states it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 153 of the SAC, and on that basis denies them. Qualcomm denies the remaining allegations set forth in paragraph 153 of the SAC.

154.    Qualcomm denies the allegations set forth in paragraph 154 of the SAC.

155.    Qualcomm states that the Apple complaint's allegations speak for themselves and denies the allegations set forth in paragraph 155 of the SAC.

156.    Qualcomm states that no response to the allegations set forth in paragraph 156 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm admits that Qualcomm and Apple exchanged correspondence regarding patent licensing on multiple occasions on or around early 2016, and that the correspondence speaks for itself. Qualcomm denies the remaining allegations set forth in paragraph 156 of the SAC.

157.    Qualcomm states that the Apple complaint's allegations speak for themselves, and denies the allegations set forth in paragraph 157 of the SAC.

158.    Qualcomm states that no response to the allegations set forth in paragraph 158 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies these and the remaining allegations set forth in paragraph 158 of the SAC.

2095401

159.    Qualcomm denies the allegations set forth in the first sentence of paragraph 159 of the SAC. Qualcomm is without knowledge or information sufficient to form a belief as to the allegations in the second and sentence of paragraph 159, and on that basis denies them.

160.    Qualcomm states that the correspondence from Steve Mollenkopf and additional documents cited in paragraph 160 of the SAC speak for themselves, and denies the allegations set forth in paragraph 160 of the SAC.

161.    Qualcomm states that the allegations set forth in paragraph 161 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 161 of the SAC.

162.    Qualcomm states that the testimony cited in paragraph 162 of the SAC speaks for itself and denies the allegations set forth in paragraph 162 of the SAC.

163.    Qualcomm states that the Apple Questionnaire Response to the European Commission speaks for itself, and denies the allegations set forth in paragraph 163 of the SAC.

164.    Qualcomm states that the Apple Questionnaire Response to the European Commission speaks for itself, and denies the allegations set forth in paragraph 164 of the SAC.

165.    Qualcomm states that the testimony cited in paragraph 165 of the SAC speaks for itself, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 165 of the SAC, and on that basis denies them.

166.    Qualcomm states that the testimony cited in paragraph 166 of the SAC speaks for itself, and denies the allegations set forth in paragraph 166 of the SAC.

167.    Qualcomm is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 167 of the SAC, and on that basis denies them.

168.    Qualcomm states that no response to the allegations set forth in paragraph 168 of the SAC concerning Qualcomm's supposed no-license no-chips practice is required as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies these and the remaining allegations set forth in paragraph 168 of the SAC.

169.    Qualcomm denies the allegations set forth in paragraph 169 of the SAC.

25
QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

170.     Qualcomm states that the allegations set forth in paragraph 170 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 170 of the SAC.

171.     Qualcomm states that the allegations set forth in paragraph 171 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 171 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 171 of the SAC.

172.     Qualcomm states that the allegations set forth in paragraph 172 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 172 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 172 of the SAC.

173.     Qualcomm states that the allegations set forth in paragraph 173 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 173 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 173 of the SAC.

174.     Qualcomm states that the allegations set forth in paragraph 174 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 174 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 174 of the SAC.

175.     Qualcomm states that no response to the allegations set forth in paragraph 175 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm admits that (i) 2G standards were first deployed commercially in the early 1990s; (ii) 2G cellular technology included the GSM standard and a 2G Code Division Multiple Access ("CDMA") standard; and (iii) in the United States, AT&T and T-Mobile operated legacy GSM

26

QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

networks, while Verizon and Sprint operated legacy CDMA networks. Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 175, and on that basis denies them.

176.    Qualcomm states that no response is required to the allegations set forth in paragraph 176 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that it is without knowledge or information sufficient to form a belief about Verizon and Sprint's investment into their CDMA-based networks, and on that basis denies them. Qualcomm denies the remaining allegations set forth in paragraph 176 of the SAC.

177.    Qualcomm states that the contents of Qualcomm's submission to the USITC speak for themselves, and denies the remaining allegations set forth in paragraph 177 of the SAC.

178.    Qualcomm admits that the fourth-generation standard known as 4G LTE had to be backward compatible with existing 3G network standards. Qualcomm denies the remaining allegations set forth in paragraph 178 of the SAC.

179.    Qualcomm states that it is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 179, and on that basis denies them.

180.    Qualcomm states that it is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 180 of the SAC, and on that basis denies them.

181.    Qualcomm admits that that (i) baseband processor chipsets are used in cellular devices; and (ii) baseband processor chipsets are among the hardware components that, together with software and other components, enable mobile wireless devices to utilize a standardized telecommunications network; Qualcomm denies the remaining allegations set forth in paragraph 181 of the SAC.

182.    Qualcomm states that the documents and deposition testimony cited in paragraph 182 of the SAC speak for themselves. Qualcomm denies the remaining allegations set forth in the first, second, third, fourth, fifth, and seventh sentence of paragraph 182 of the SAC. Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the sixth sentence of paragraph 182 of the SAC, and on that basis denies them.

QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

183.     Qualcomm states that the testimony cited in paragraph 183 speaks for itself and denies the allegations in paragraph 183 of the SAC.

184.     Qualcomm admits that it has CDMA2000 and WCDMA functionality in all of its baseband processor chipsets. Qualcomm denies the remaining allegations set forth in paragraph 184 of the SAC.

185.     Qualcomm states that the allegations set forth in the first sentence of paragraph 185 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations and the remaining allegations set forth in paragraph 185 of the SAC.

186.     Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 186 of the SAC, and on that basis denies them.

187.     Qualcomm states that the testimony cited in paragraph 187 of the SAC speaks for itself, and denies the allegations in paragraph 187 of the SAC.

188.     Qualcomm states that the statements from the USITC case between Qualcomm and Broadcom, Case No. 337-TA-1065 (ITC) speak for themselves, and denies the allegations in paragraph 188 of the SAC.

189.     Qualcomm states that the allegations set forth in the paragraph 189 of the SAC concerning monopoly position state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies this allegation and the remaining allegations set forth in paragraph 189 of the SAC.

190.     Qualcomm states that the statements from the USITC case between Qualcomm and Broadcom, Case No. 337-TA-1065 (ITC) speak for themselves, and denies the allegations in paragraph 190 of the SAC.

191.     Qualcomm denies the allegations in paragraph 191 of the SAC.

192.     Qualcomm states that no response is required to the allegations set forth in paragraph 192 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations in paragraph 192 of the SAC.

28
QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

193.    Qualcomm states that no response is required to the allegations set forth in paragraph 193 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first, second, third, and fourth sentences of paragraph 193 of the SAC, and on that basis denies them. Qualcomm denies the remaining allegations set forth in paragraph 193 of the SAC.

194.    Qualcomm states that no response is required to the allegations set forth in paragraph 194 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations in paragraph 194 of the SAC.

195.    Qualcomm states that no response is required to the allegations set forth in paragraph 195 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 195 of the SAC concerning other licensors, and on that basis denies them. Qualcomm denies the remaining allegations set forth in paragraph 195 of the SAC.

196.    Qualcomm states that no response is required to the allegations set forth in paragraph 196 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 196 of the SAC concerning other licensors, and on that basis denies them. Qualcomm denies the remaining allegations set forth in paragraph 196 of the SAC.

197.    Qualcomm states that no response is required to the allegations set forth in paragraph 197 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the correspondence between Qualcomm and Huawei speaks for itself and denies the allegations in paragraph 197 of the SAC.

198.    Qualcomm states that no response is required to the allegations set forth in paragraph 198 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations in paragraph 198 of the SAC.

29
QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

199.    Qualcomm states that no response is required to the allegations set forth in sub-point (ii) and (iii) of paragraph 199 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies these allegations and the remaining allegations set forth in paragraph 199 of the SAC.

200.    Qualcomm states that the allegations set forth in paragraph 200 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm states that the quoted cases speak for themselves and denies the allegations set forth in paragraph 200 of the SAC.

201.    Qualcomm states that no response is required to the allegations set forth in paragraph 201 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations in paragraph 201 of the SAC.

202.    Qualcomm states that the allegations set forth in paragraph 202 of the SAC state a legal conclusion to which no response is required; moreover, Qualcomm states that no response is required to the allegations set forth in paragraph 202 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations in paragraph 202 of the SAC.

203.    Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 203 of the SAC, and on that basis denies them.

204.    Qualcomm states that the Motorola internal document speaks for itself, and that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 204 of the SAC, and on that basis denies them.

205.    Qualcomm states that the cited testimony speaks for itself, and states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 205 of the SAC, and on that basis denies them.

206.    Qualcomm states that no response is required to the allegations set forth in paragraph 206 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations in paragraph 206 of the SAC.

207.   Qualcomm states that no response is required to the allegations set forth in paragraph 207 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the various testimony cited in paragraph 207 speak for themselves, and denies the allegations in paragraph 207 of the SAC.

208.   Qualcomm states that no response is required to the allegations set forth in paragraph 208 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the testimony cited in paragraph 208 of the SAC speaks for itself, and denies the allegations in paragraph 208 of the SAC.

209.   Qualcomm states that the documents and statements cited to in paragraph 209 of the SAC speak for themselves, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 209 of the SAC, and on that basis denies them.

210.   Qualcomm states that no response is required to the allegations set forth in paragraph 210 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 210 of the SAC, and on that basis denies them.

211.   Qualcomm states that no response is required to the allegations set forth in paragraph 211 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the testimony cited in paragraph 211 of the SAC speaks for itself, and denies the allegations in paragraph 211 of the SAC.

212.   Qualcomm states that no response is required to the allegations set forth in paragraph 212 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that Dr. Flamm's expert report speaks for itself, and denies the allegations in paragraph 212 of the SAC.

213.   Qualcomm states that no response is required to the allegations set forth in paragraph 213 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response

2095401

is required, Qualcomm states that Dr. Flamm's expert report speaks for itself; Qualcomm denies the remaining allegations in paragraph 213 of the SAC.

214.    Qualcomm states that no response is required to the allegations set forth in paragraph 214 of the SAC concerning Qualcomm's alleged "no license, no chips policy" as Plaintiffs' tying claim has been dismissed. Qualcomm further states that the remaining allegations set forth in paragraph 214 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 214 of the SAC.

215.    Qualcomm states that no response is required to the allegations set forth in paragraph 215 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm admits that it made commitments to license its SEPs on FRAND terms and denies the remaining allegations in paragraph 215 of the SAC.

216.    Qualcomm states that no response is required to the allegations set forth in paragraph 216 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm admits that (i) Qualcomm has license agreements with certain contract manufacturers that make products for Apple; and (ii) those license agreements contain confidentiality provisions. Qualcomm denies the remaining allegations set forth in paragraph 216 of the SAC.

217.    Qualcomm states that no response is required to the allegations set forth in paragraph 217 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the allegations set forth in the Apple Complaint and the contents set forth in the Cooperation Agreement speak for themselves, and denies the allegations in paragraph 217 of the SAC.

218.    Qualcomm states that no response is required to the allegations set forth in paragraph 218 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm states that the Apple Complaint speaks for itself, and denies the allegations in paragraph 218 of the SAC.

2095401

219.     Qualcomm states that no response is required to the allegations set forth in paragraph 219 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations in paragraph 219 of the SAC.

220.     Qualcomm denies the allegations in paragraph 220 of the SAC.

221.     Qualcomm states that the contents of the cited UK tribunal judgment speak for themselves, and denies the allegations in paragraph 221 of the SAC.

222.     Qualcomm denies the allegations in paragraph 222 of the SAC.

223.     Qualcomm denies the allegations in paragraph 223 of the SAC.

224.     Qualcomm states that the allegations set forth in paragraph 224 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, admits that plaintiffs purport to bring claims on behalf of themselves and a putative class and denies the remaining allegations set forth in paragraph 224 of the SAC.

225.     Qualcomm states that the allegations set forth in paragraph 225 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 225 of the SAC.

226.     Qualcomm states that the allegations set forth in paragraph 226 of the SAC state a legal conclusion to which no response is required; to the extent that a response is required, Qualcomm states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 226 of the SAC, and on that basis denies them.

227.     Qualcomm states that the allegations set forth in paragraph 227 of the SAC state legal conclusions to which no response is required; to the extent that a response is required, Qualcomm denies the allegations in paragraph 227 of the SAC.

228.     Qualcomm states that the allegations set forth in paragraph 228 of the SAC state legal conclusions to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 228 of the SAC.

229.     Qualcomm states that the first sentence of paragraph 229 of the SAC is a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the remaining allegations set forth in the first sentence of paragraph 229 of the SAC.

33
QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

Qualcomm admits the second sentence of paragraph 229, that Plaintiffs are represented by counsel who are competent and experienced and denies the remaining allegations set forth in paragraph 229 of the SAC.

230.    Qualcomm states that the allegations set forth in paragraph 230 of the SAC state a legal conclusion to which no response is required; Qualcomm denies the allegations in paragraph 230 of the SAC.

231.    Qualcomm states that the allegations set forth in paragraph 231 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations in paragraph 231 of the SAC.

232.    In response to paragraph 232 of the SAC, Qualcomm repeats and re-alleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

233.    Qualcomm states that no response is required to sub-paragraph (i) of paragraph 233 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies sub-paragraph (i) as well as the remaining allegations set forth in paragraph 233 of the SAC.

234.    Qualcomm states that no response is required to sub-paragraph (c) of paragraph 234 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies sub-paragraph (c) as well as the remaining allegations set forth in paragraph 234 of the SAC.

235.    Qualcomm states that no response is required to the allegations set forth in the preamble and sub-parts (a) and (b) of paragraph 235 of the SAC as the tying claim has been dismissed; to the extent a response is required, Qualcomm denies these allegations, and denies the remaining allegations set forth in paragraph 235 of the SAC.

236.    Qualcomm states that no response is required to the allegations set forth in sub-part (a)-(c), and (e)-(f) in paragraph 236 as Plaintiffs tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations in paragraph 236 of the SAC, and denies the remaining allegations set forth in paragraph 236 of the SAC.

34
QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

237.     Qualcomm states that the allegations set forth in paragraph 237 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 237 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations in paragraph 237 of the SAC.

238.     Qualcomm states that the allegations set forth in paragraph 238 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 238 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations in paragraph 238 of the SAC.

239.     Qualcomm states that the allegations set forth in paragraph 239 of the SAC state a legal conclusion to which no response is required; moreover, no response is required to the allegations set forth in paragraph 239 of the SAC as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations in paragraph 239 of the SAC.

240.     Qualcomm states that the allegations set forth in paragraph 240 state a legal conclusion to which no response is required, and further states that no response to this allegation is required as Plaintiffs' tying claim has been dismissed. To the extent a response is required, Qualcomm denies the allegations in paragraph 240 of the SAC.

241.     Qualcomm states that no response to the allegations set forth in paragraph 241 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 241 of the SAC.

242.     Qualcomm states that the allegations set forth in paragraph 242 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 242 of the SAC.

243.     Qualcomm denies the allegations set forth in paragraph 243 of the SAC.

244.     Qualcomm admits that plaintiffs purport to describe the relief they seek, and denies the remaining allegations set forth in paragraph 244 of the SAC.

245.     Qualcomm denies the allegations set forth in paragraph 245 of the SAC.

246.     In response to paragraph 246 of the SAC, Qualcomm repeats and re-alleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

35
QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

247.     Qualcomm states that the allegations set forth in paragraph 247 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm states that California Business and Professions Code § 17200, *et seq.*, speaks for itself, and denies the allegations set forth in paragraph 247 of the SAC.

248.     Qualcomm denies the allegations set forth in paragraph 248 of the SAC.

249.     Qualcomm states that the allegations set forth in paragraph 249 of the SAC state a legal conclusion to which no response is required; Qualcomm further states that no response is required as to the allegations set forth in sub-part (a)-(c) of paragraph 249 of the SAC as Plaintiffs' tying claim has been dismissed; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 249 of the SAC.

250.     Qualcomm states that the allegations set forth in paragraph 250 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 250 of the SAC.

251.     Qualcomm states that no  response is required to the allegations set forth in sub-part (a), (b), (c), (e), (g), and (h) of paragraph 251 of the SAC as the tying claim has been dismissed. Qualcomm further states that the remaining allegations set forth in paragraph 251 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies these and the remaining allegations set forth in paragraph 251 of the SAC.

252.     Qualcomm states that the allegations set forth in paragraph 252 of the SAC state legal conclusions to which no response is required and that the caselaw referenced in paragraph 252 speaks for itself.  To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 252 of the SAC.

253.     Qualcomm states that the allegations set forth in paragraph 253 of the SAC state a legal conclusion to which no response is required and that the caselaw referenced in paragraph 253 speaks for itself.  To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 253 of the SAC.

36
QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

254.     Qualcomm states that no response is required to the allegations set forth in paragraph 254 as the UCL claim based on fraud has been dismissed; moreover, the allegations set forth in paragraph 254 of the SAC state a legal conclusion to which no response is required. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 254 of the SAC.

255.     Qualcomm states that no response is required to the allegations set forth in paragraph 255 as the tying claim and UCL claim based on fraud have been dismissed; moreover, the allegations set forth in paragraph 255 of the SAC state legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 255 of the SAC.

256.     Qualcomm states that no response is required to the allegations set forth in paragraph 256 as the tying claim and UCL claim based on fraud have been dismissed; moreover, the allegations set forth in paragraph 256 of the SAC state legal conclusions to which no response is required.  To the extent a response is required, Qualcomm denies the allegations set forth in paragraph 256 of the SAC.

257.     Qualcomm states that the allegations set forth in paragraph 257 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 257 of the SAC and refers to California Business and Professions Code § 17204 for its contents.

258.     Qualcomm states that the allegations set forth in paragraph 258 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 258 of the SAC.

259.     Qualcomm states that the allegations set forth in paragraph 259 of the SAC state legal conclusions to which no response is required; to the extent a response is required, Qualcomm admits that plaintiffs purport to describe the relief they seek and that the California Business and Professions Code § 17200, *et seq.*, speaks for itself and otherwise denies the allegations set forth in paragraph 259 of the SAC.

2095401

260.    Qualcomm states that the allegations set forth in paragraph 260 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm admits that plaintiffs purport to describe the relief they seek and otherwise denies the allegations set forth in paragraph 260 of the SAC.

261.    Qualcomm states that the allegations set forth in paragraph 261 of the SAC state a legal conclusion to which no response is required; to the extent a response is required, Qualcomm denies the allegations set forth in paragraph 261 of the SAC.

## AFFIRMATIVE AND OTHER DEFENSES

Qualcomm asserts the following affirmative and other defenses. In asserting these defenses, Qualcomm does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof on the Plaintiff.

Qualcomm reserves the right to assert additional defenses, as warranted by facts learned through investigation, and expressly reserves the right to amend its answer to assert such additional defenses.

1.     The SAC, and each and every claim stated therein, fails to state a claim on which relief can be granted.

2.     Plaintiffs' claims are barred in whole or in part because Qualcomm's alleged conduct did not lead to the acquisition or maintenance of monopoly power; and it was lawful, pro-competitive, and based on legitimate business and economic justifications.

3.     Plaintiffs' claims are barred in whole or in part because Qualcomm did not enter into agreements that unreasonably restrained trade; and its conduct was lawful, pro-competitive, and based on legitimate business and economic justifications.

4.     Plaintiffs' claims are barred in whole or in part because Qualcomm's alleged conduct (i) has not harmed competition or the competitive process; and (ii) was lawful, pro-competitive, and based on legitimate business and economic justifications.

5.     Plaintiffs' claims are barred in whole or in part because its complaint fails to allege any legally cognizable product market.

QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

6.      Plaintiffs are not entitled to injunctive relief on conduct that occurred solely in the past.

7.      Plaintiffs' California Unfair Competition Law claim is barred as Plaintiffs have an adequate remedy at law.

8.      The contemplated relief would not be in the public interest because it would, among other things, harm consumers.

9.      Plaintiffs' claims are barred in whole or in part because they do not have antitrust standing to bring this action.

10.     Plaintiffs' claims are barred in whole or in part by the statute of limitations.

11.     Plaintiffs' claims are barred in whole or in part because the alleged damages, if any, are speculative, and because ascertaining such alleged damages is impossible.

12.     Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to allege a cognizable theory of damages for the remaining claims now that its tying claim has been dismissed.

13.     Plaintiffs' claims, and those of the proposed class, are barred because this action is not properly maintainable as a class action as alleged by Plaintiffs.

14.     Plaintiffs' claims, and those of the proposed class, are not properly maintainable as a class action as alleged by Plaintiffs because Plaintiffs and the proposed class waived such treatment in agreeing to binding individual arbitration.

15.     Plaintiffs are not adequate representatives of the putative class.

16.     Plaintiffs' claims are not typical of the putative class.

17.     Plaintiffs' claims do not present sufficiently common issues of law and fact to proceed as a class action, and any common issues do not predominate over individual issues.

18.     A class action would not be superior to other available methods of adjudication of the controversy.

19.     Plaintiffs' claims, and those of the proposed class, are barred because such claims are subject to binding individual arbitration.

////

QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401

1

2

Dated:  March 6, 2023                                                  KEKER, VAN NEST & PETERS LLP

3

4                                                   By:    s/Robert A. Van Nest
                                                           Robert A. Van Nest
                                                           Eugene M. Paige
5                                                          Cody S. Harris
                                                           Matan Shacham
6                                                          Kristin E. Hucek
                                                           Daniel B. Twomey
7
                                                           Gary A. Bornstein (pro hac vice)
8                                                          Yonatan Even (pro hac vice)
                                                           CRAVATH, SWAINE & MOORE LLP
9                                                          Worldwide Plaza
                                                           825 Eighth Avenue
10                                                         New York, NY 10019-7475
                                                           Tel.:    (212) 474-1000
11                                                         Fax:    (212) 474-3700
                                                           gbornstein@cravath.com
12                                                         yeven@cravath.com

13                                                         Richard S. Taffet (pro hac vice)
                                                           MORGAN, LEWIS & BOCKIUS LLP
14                                                         101 Park Avenue
                                                           New York, NY 10178-0060
15                                                         Tel.:    (212) 309-6000
                                                           Fax:    (212) 309-6001
16                                                         richard.taffet@morganlewis.com

17                                                         Geoffrey T. Holtz (SBN 191370)
                                                           MORGAN, LEWIS & BOCKIUS LLP
18                                                         One Market Plaza, Spear Street Tower
                                                           San Francisco, CA 94105-1596
19                                                         Tel.:    (415) 442-1000
                                                           Fax:    (415) 442-1001
20                                                         donn.pickett@morganlewis.com
                                                           gholtz@morganlewis.com
21
                                                           Attorneys for Defendant
22                                                         QUALCOMM INCORPORATED

23

24

25

26

27

28

QUALCOMM INCORPORATED'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION
CONSOLIDATED COMPLAINT
Case No. 3:17-md-02773-JSC

2095401