Kalpana Srinivasan (237460)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: ksrinivasan@susmangodfrey.com

Joseph W. Cotchett (36324)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: jcotchett@cpmlegal.com

*Plaintiffs' Interim Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: QUALCOMM ANTITRUST LITIGATION | Case No. 17-md-2773-JSC |
| | **PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| This Document Relates To: | Date: July 20, 2023 |
| ALL ACTIONS | Time: 10:00 AM |
| | Dept.: Courtroom 8, 19th Floor |
| | Judge: Hon. Jacqueline Scott Corley |
| | Trial Date: TBD |

Qualcomm filed its Reply in support of its Motion for Summary Judgment on June 22, 2023. ECF No. 981-2. In its Reply, Qualcomm requested that the Court strike the Supplemental Expert Report of Dr. Kenneth Flamm. *Id.* at 1-8. Qualcomm's request was procedurally improper, seeking the relief of striking evidence in the body of the Reply instead of filing a separate motion to strike. If a motion to strike had been filed, Plaintiffs would have had an opportunity to respond to the motion as a matter of right. Plaintiffs therefore respectfully request that the Court grant Plaintiffs leave to file the attached very brief Sur-Reply, attached as Exhibit A, which is limited to responding to Qualcomm's request that the Court strike Dr. Flamm's supplemental expert report.

Dated:  June 29, 2023

By: /s/ *Kalpana Srinivasan*

Kalpana Srinivasan
Marc M. Seltzer
Steven G. Sklaver
Amanda Bonn
Oleg Elkhunovich
Krysta Kauble Pachman
Lora Krsulich
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: ksrinivasan@susmangodfrey.com
Email: mseltzer@susmangodfrey.com
Email: ssklaver@susmangodfrey.com
Email: abonn@susmangodfrey.com
Email: oelkhunovich@susmangodfrey.com
Email: kpachman@susmangodfrey.com
Email : lkrsulich@susmangodfrey.com

Joseph Grinstein
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: jgrinstein@susmangodfrey.com

By: /s/ *Joseph W. Cotchett*

Joseph W. Cotchett
Nanci E. Nishimura
Adam J. Zapala
Brian Danitz

1

1   James Dallal
    Andrew F. Kirtley
2   COTCHETT, PITRE & McCARTHY, LLP
    840 Malcolm Road, Suite 200
3   Burlingame, CA 94010
    Telephone: (650) 697-6000
4   Facsimile: (650) 697-0577
    Email: jcotchett@cpmlegal.com
5   Email: nnishimura@cpmlegal.com
    Email: azapala@cpmlegal.com
6   Email: bdanitz@cpmlegal.com
    Email: jdallal@cpmlegal.com
7   Email: akirtley@cpmlegal.com
8

9   *Plaintiffs' Co-Lead Counsel*

10  By:  /s/ *Steve W. Berman*
         Steve W. Berman
11       Rio Pierce
         HAGENS BERMAN SOBOL SHAPIRO LLP
12       1918 Eighth Avenue, Suite 3300
         Seattle, WA 98101
13       Telephone: (206) 268-9320
         Facsimile: (206) 623-0594
14       Email: steve@hbsslaw.com
         Email: riop@hbsslaw.com
15

16  *Plaintiffs' Steering Committee*

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Kalpana Srinivasan (237460)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
Email: ksrinivasan@susmangodfrey.com

Joseph W. Cotchett (36324)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: jcotchett@cpmlegal.com

*Plaintiffs' Interim Co-Lead Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: QUALCOMM ANTITRUST LITIGATION<br><br><br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 17-md-2773-JSC<br><br>**PLAINTIFFS' [PROPOSED] SUR-REPLY IN OPPOSITION TO QUALCOMM'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: July 20, 2023<br>Time: 10:00 AM<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Hon. Jacqueline Scott Corley<br><br>Trial Date: TBD |

1

## I.   INTRODUCTION

The relief Qualcomm seeks in its Reply—to strike the supplemental expert report of Dr. Kenneth Flamm—is procedurally improper and legally flawed. Qualcomm's significant request made on reply—namely for the Court to disregard admissible evidence contained in a sworn expert declaration—is only the latest in a series of repeated attempts to avoid the merits of Plaintiffs' remaining claims. Plaintiffs are entitled to present, and have this Court consider, a quantification of damages arising from their exclusive dealing claims. Plaintiffs long ago disclosed their theory of chip overcharge, and Dr. Flamm, using the existing record evidence, has now quantified how that charge caused antitrust injury and impact to a putative class of California indirect purchasers. Qualcomm doesn't attack Dr. Flamm's methodology or the admissibility of the report under *Daubert* and the Court should be able to consider it in deciding whether there are disputed issues of material fact on summary judgment. Finally, Qualcomm's suggestion that *Plaintiffs* have done something procedurally improper is without merit.

All parties contemplated that Plaintiffs would rely on additional expert evidence to quantify damages in the changed landscape of this case on remand. Indeed, Qualcomm in its portion of the Joint Statement before the Court on February 16, 2023, expressly recognized this: "If this Court permits this case to proceed, Qualcomm agrees that further expert discovery will be required." ECF No. 920 (Joint Statement) at 16:9-13.  The case law is in accord that Plaintiffs' analysis targeted to the remaining legal theories is proper given the posture of this case.

## II.   ARGUMENT

### A.   The Court Should Decide this Case Based on the Evidence in the Record.

The Court has clearly indicated that it would, consistent with the Federal Rules of Civil Procedure, decide whether this case should be allowed to proceed based on its consideration of evidence and not the pleadings. In the Motion to Dismiss Order, the Court denied Qualcomm's attempt to dismiss Plaintiffs' Cartwright Act and UCL claims premised on Qualcomm's exclusive dealing conduct, concluding that "Plaintiffs may show substantial market foreclosure where the FTC failed." ECF No. 914 (MTD Order) at 32. At the February 23 Case Management Conference ("CMC"), the Court again denied Qualcomm's request to move for judgment on the pleadings,

reiterating its intent to consider the evidence. ECF No. 936-8 (CMC Transcript) at 4:19-25, 5:9-16. This is consistent with summary judgment procedures, which guide the court to draw all "justifiable inferences" against the moving party and in favor of an evidentiary trial. *See Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992) (setting forth summary judgment standard); *accord Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("a case should, whenever possible, be decided on the merits."); *Indect USA Corp. v. Park Assist, LLC*., No. 3:18-cv-02409, 2022 WL 272012, at *1 (S.D. Cal. Jan. 27, 2022) ("If evidence is not clearly inadmissible, evidentiary rulings should be deferred until trial . . . .").

Qualcomm's thinly disguised motion to strike is only the latest in a series of attempts to avoid the merits of Plaintiffs' remaining claims. Qualcomm does not challenge the admissibility of Dr. Flamm's Supplemental Expert Report, only Plaintiffs' right to submit it. Reply at 2. Yet, it is the usual and expected course in responding to a summary judgment motion to submit evidence to show that there are genuine issues of fact, including expert declarations. *See Trujillo v. Cnty. of Los Angeles*, 751 F. App'x 968, 971 (9th Cir. 2018) (concluding an expert declaration "should have been considered" at summary judgment although experts were not properly disclosed); *accord* Fed. R. Civ. P. 56(c)(1)(A) (permitting the use of declarations in opposition to summary judgment). Even where parties fail to disclose experts at all, the Ninth Circuit instructs district courts to consider the expert declaration at summary judgment: "It might arguably be speedier and less expensive to resolve this case without considering fact disputes raised by those declarations, but it would not be 'just' to do so without even a determination of the admissibility of their opinions." *Trujillo*, 751 F. App'x at 971; *see also id.* at 974. Plaintiffs have done nothing improper by marshalling the existing evidence in the record and presenting it to the Court in the form of an expert declaration.

**B.    Dr. Flamm's Supplemental Expert Report is Based Entirely on Record Evidence.**

Dr. Flamm's Supplemental Expert Report is consistent with this Court's instructions at the CMC. There, two issues were before the Court: (1) whether to permit Plaintiffs to conduct additional fact discovery related to their remaining claims, and (2) whether to permit expert reports

that rely upon the evidence already available in the record. Plaintiffs acknowledge that the Court denied their request to conduct additional fact discovery. But the CMC did not preclude Plaintiffs from updating their expert reports based on the existing record. To the contrary, the Court confirmed that it wished to decide this case on the merits: "I'm not inclined to give a judgment on the pleadings. I think that would – discovery is closed. The record is full. We should just go to summary judgment. And if the evidence is there to support it different, fine." ECF No. 936-8 at 4:19-25. "I want to decide it. You can make the same – whatever argument you want based on the evidence that's actually in the record." *Id.* at 10:19-23.

The Court directed the parties to marshal their evidence. The entirety of Dr. Flamm's Supplemental Expert Report is based on record evidence, or evidence that is publicly available to both parties. Plaintiffs did not conduct any additional discovery. Nor did Plaintiffs rely exclusively on Dr. Flamm's Supplemental Expert Report. Plaintiffs also submitted dozens of exhibits— uncontradicted by Qualcomm—illustrating the anti-competitive effect of Qualcomm's exclusive dealing arrangements with Apple, Samsung, and other OEMs, along with the expert report of Professor Einer Elhuage which the Plaintiffs previously submitted. Qualcomm's repeated attempts to avoid addressing the merits of Plaintiffs' remaining claims only highlight why the Court should deny summary judgment and allow this case to proceed to a full trial on the merits.

### C.   Qualcomm Expressly Agreed that Additional Expert Analysis of the Existing Fact Record Was Appropriate.

Qualcomm was not "sandbagged" by Plaintiffs' reliance on Dr. Flamm's expert report. Plaintiffs disclosed their intent to file supplemental expert reports in their portion of the February 16, 2023, Joint Case Management Statement. ECF No. 920 (Joint Statement) at 2:17-20. Plaintiffs stated: "In light of these substantial developments [on appeal], Plaintiffs believe they need the opportunity to conduct limited, additional discovery related to their exclusive dealing claim and to submit expert reports, which will focus entirely on Plaintiffs' exclusive dealing claims and the antitrust impact those exclusive deals had on consumers." *Id.*; *see also id.* at 11:19-24 ("Plaintiffs anticipate that their experts may supplement opinions concerning Qualcomm's exclusive dealing based on the discovery described above. And Plaintiffs anticipate that their experts may quantify

Qualcomm's chipset overcharge and determine damages for purposes of seeking class certification of the new putative class of California consumers impacted by Qualcomm's exclusive dealing.") In the Joint Statement, Plaintiffs also acknowledged that they had not yet quantified damages "arising out of a California-only class for the exclusive dealing conduct under California law alone," given the different posture of this case during expert discovery in the fall of 2018. *Id.* at 5:1-5. Plaintiffs also made clear that they were actively consulting their experts about the remaining exclusive dealing and UCL claims. *Id.* at 3:13-15.

Qualcomm did not contest and in fact **agreed** that additional expert discovery was warranted. Qualcomm **expressly stated** in its own portion of the Joint Statement that:

> **2.** <u>Qualcomm agrees that expert discovery would be necessary</u>
>
> If this Court permits this case to proceed, Qualcomm agrees that further expert discovery will be required. Plaintiffs' prior expert reports focused on a nationwide class and many theories that have now been held to be meritless as a matter of law. But, as discussed below, any expert discovery should occur only **after** this Court has determined whether the SAC passes muster under Rule 12 and whether this case can proceed as a class action under Rule 23.

Joint Statement at 16:9-13 (emphasis in original); *see also id.* at 18:7-10 ("To the extent that Plaintiffs are suggesting a schedule similar to *In re Capacitors Antitrust Litigation*, No. 14-cv-03264, ECF No. 1405 (N.D. Cal. Nov. 22, 2016) in which formal expert reports relating to class certification precede class certification and merits expert reports follow class certification, that may be practicable.").

Qualcomm contested only the burden to it and third parties of conducting additional **fact** discovery (which did not ultimately occur), but it did not assert any reason to preclude supplementation of expert analyses to focus solely on exclusive dealing. Joint Statement at 7:18-20. Qualcomm never claimed—as it does now—that it was not expecting to receive or prepare supplemental expert reports. *Compare* Joint Statement at 16:9-13 ("Qualcomm agrees that expert discovery would be necessary" and "Qualcomm agrees that further expert discovery will be

1   required"), *with* Reply Br. at 6:20-22 ("Qualcomm expressly warned Plaintiffs that any new expert

2   report would be improper at this stage.").

3       **D.**    **Plaintiffs' Supplemental Report is Entirely Consistent with the Supreme
    Court's Ruling in *Comcast*, While Qualcomm's Position Violates It.**

4           Dr. Flamm's Supplemental Expert Report is consistent with federal practice regarding the

5   management of class action litigation on remand from an appellate court. Under Qualcomm's

6   theory, the U.S. Supreme Court in *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) should have

7   simply dismissed plaintiffs' case after concluding that only one theory of anticompetitive harm

8   survived from four interrelated theories. But that is not what occurred—either in the Supreme

9   Court's opinion, or on remand. On remand, the court permitted the parties to tailor their expert

10   reports to the remaining claim in that case. *Glaberson v. Comcast Corp.*, 295 F.R.D. 95, 98, 100-

11   102 (E.D. Pa. 2013). Other examples of such supplementation abound in the federal district courts.

12   *See, e.g.*, *Dukes v. Wal-Mart Stores, Inc.*, 2012 WL 4329009, at *3 (N.D. Cal. Sept. 12, 2002)

13   ("Plaintiffs cannot be faulted for failing to anticipate a significant development in the Supreme

14   Court's class action jurisprudence . . . ."); *Dolphin Tours, Inc. v. Pacifico Creative Serv., Inc.*, 773

15   F.2d 1506, 1513 (9th Cir. 1985) (recognizing that "economic experts could provide the jury with []

16   information at trial" that had not been included in expert reports).

17           It simply cannot be the case, as Qualcomm now argues (contrary to its position before the

18   CMC), that an expert analysis filed in class action litigation involving multiple, interrelated theories

19   of anticompetitive harm must anticipate every potential outcome on appeal. *See* Reply at 5:25-6:9;

20   *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988) (recognizing that

21   expert reports in class action litigation are routinely tailored to events "occurring in the ordinary

22   course of litigation"). That is especially true in a case such as this one, where each litigant (and

23   *amici* on appeal) acknowledged that this litigation raised novel legal issues. Such a rule would only

24   encourage overcomplicated, inefficient, and overly expensive expert discovery. In a case involving

25   four interrelated theories of anticompetitive harm (as in *Comcast*), for example, class plaintiffs

26   cannot realistically be expected to model and isolate damages in twenty-eight different scenarios

27   on the mere chance that an appellate court may, at some later point in time, throw out one or more

28

1   of those theories. Plaintiffs are entitled to rely on the "law of the case" as it stands at the time of

2   their merits expert reports. This is precisely why Plaintiffs are routinely permitted to update their

3   expert analysis to reflect the current case status.

4          **E.**    **Plaintiffs' Previous Expert Report from Professor Elhauge Found that Qualcomm's Exclusive Dealing Caused Antitrust Injury and Impact**

5          Qualcomm is also wrong that the previous record failed to allege that exclusive dealing

6   caused injury. Plaintiffs previously proffered the expert testimony of Einer Elhauge, which

7   Qualcomm cited in its Motion for Summary Judgment. ECF No. 937-1 (MSJ) at 2. Professor

8   Elhauge's original merits report, submitted in this case on October 26, 2018, expressly found that

9   Qualcomm's exclusivity arrangements "anticompetitively increased both chip prices and SEP

10  royalty rates" and that they had "the anticompetitive effect of reducing, delaying, and sometimes

11  outright eliminating the ability of rival chipset makers to compete with and restrain the monopoly

12  power of Qualcomm in chipsets." Elhauge Report ¶ 8.

13         Dr. Flamm's Supplemental Expert Report simply takes these existing conclusions and the

14  evidence in the record to illustrate the anticompetitive effect and quantify the damages from

15  Qualcomm's exclusive deals alone, given the current status of the case. This is procedurally proper

16  under the federal rule permitting supplementation. Fed. R. Civ. P. 26(e)(1)(A).

17         Whether and to what extent Qualcomm's exclusive dealing arrangements had an

18  anticompetitive effect that harmed consumers are important questions that should be decided in this

19  case on the merits.

20  Dated:  June 29, 2023            By:  */s/ Kalpana Srinivasan*

21                                    Kalpana Srinivasan

22                                    Marc M. Seltzer
                                  Steven G. Sklaver

23                                    Amanda Bonn
                                  Oleg Elkhunovich

24                                    Krysta Kauble Pachman
                                  Lora Krsulich

25                                    SUSMAN GODFREY L.L.P.
                                  1900 Avenue of the Stars, Suite 1400

26                                    Los Angeles, CA 90067

27                                    Telephone: (310) 789-3100
                                  Facsimile: (310) 789-3150

28                                    Email: ksrinivasan@susmangodfrey.com

Email: mseltzer@susmangodfrey.com
Email: ssklaver@susmangodfrey.com
Email: abonn@susmangodfrey.com
Email: oelkhunovich@susmangodfrey.com
Email: kpachman@susmangodfrey.com
Email : lkrsulich@susmangodfrey.com

Joseph Grinstein
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: jgrinstein@susmangodfrey.com

By:  /s/ *Joseph W. Cotchett*
Joseph W. Cotchett
Nanci E. Nishimura
Adam J. Zapala
Brian Danitz
James Dallal
Andrew F. Kirtley
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: jcotchett@cpmlegal.com
Email: nnishimura@cpmlegal.com
Email: azapala@cpmlegal.com
Email: bdanitz@cpmlegal.com
Email: jdallal@cpmlegal.com
Email: akirtley@cpmlegal.com

***Plaintiffs' Co-Lead Counsel***

By:  /s/ *Steve W. Berman*
Steve W. Berman
Rio Pierce
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 268-9320
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: riop@hbsslaw.com

7

1

*Plaintiffs' Steering Committee*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8