KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest - # 84065
rvannest@keker.com
Eugene M. Paige - # 202849
epaige@keker.com
Cody S. Harris - #255302
charris@keker.com
Matan Shacham - # 262348
mshacham@keker.com
Kristin E. Hucek - # 321853
khucek@keker.com
Daniel B. Twomey - # 341488
dtwomey@keker.com
Jasmine K. Virk - # 347475
jvirk@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391 5400
Facsimile:    (415) 397 7188

MORGAN, LEWIS & BOCKIUS LLP
Richard S. Taffet *(pro hac vice)*
richard.taffet@morganlewis.com
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile:  (212) 309-6001

MORGAN, LEWIS & BOCKIUS LLP
Geoffrey T. Holtz (SBN 191370)
gholtz@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile:  (415) 442-1001

Attorneys for Defendant
QUALCOMM INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: QUALCOMM ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 3:17-md-02773-JSC<br><br>**DEFENDANT QUALCOMM INCORPORATED'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>Date:     Aug. 3, 2023<br>Time:     10:00 a.m.<br>Dept.:    Courtroom 8, 19th Floor<br>Judge:    Hon. Jacqueline Scott Corley<br><br>Trial Date:  Not Yet Set |

## I.    INTRODUCTION[1]

At the Case Management Conference on February 23, 2023, the Court authorized Defendant Qualcomm Incorporated to move for summary judgment based on the record that existed as of close of discovery, telling Qualcomm, "You've got all the evidence. You've got it all there." ECF 936-1, Ex. 7 ("CMC Tr.") at 12:11-12. The Court ordered the motion to be "fully briefed by June 22nd with a hearing on July 20 in person." *Id.* at 12:16-17.

Pursuant to a schedule that the parties negotiated, Qualcomm moved for summary judgment on April 7, 2023. Plaintiffs filed their opposition brief on May 25, which included a new, self-styled "Supplemental Expert Report of Dr. Kenneth Flamm." Plaintiffs made no attempt to justify that untimely submission or to explain how an expert report submitted after close of discovery could be permissible under Federal Rules of Civil Procedure 26 or 37. They made no effort at all to meet their burden under Rule 37(c) to show that considering the untimely Flamm report would be substantially justified or harmless. For its part, Qualcomm explained in its reply brief why the new Flamm report was untimely, inadmissible, and should be disregarded.

The day after Qualcomm filed its reply brief, Plaintiffs informed Qualcomm that they intended to seek a continuance of the hearing date, as well as leave to submit a sur-reply. Plaintiffs' motion for leave is a single paragraph, cites no authority, and fails to mention, much less satisfy, the demanding legal standard for sur-replies. The Court should deny the motion and disregard Plaintiffs' proposed sur-reply for these reasons alone. But the sur-reply itself only further confirms why the Court should disregard it.

## II.    LEGAL STANDARD

A party seeking leave to file a sur-reply must file a motion for administrative relief under Civil Local Rule 7-11. *Saul Reyes v. Fed. Express Corp.*, 2023 WL 4183473, at *5 (N.D. Cal. June 23, 2023). Pursuant to Civil Local Rule 7-3(d), "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval except where new evidence was submitted in the reply or a new judicial opinion was published after the date the opposition or reply was filed." *Spillard v. Lien*, 2020 WL 7696079, at *6 (N.D. Cal. Dec. 28,

---

[1] "Rule" refers to the Federal Rules of Civil Procedure, unless otherwise noted.

2020) (denying sur-reply). Courts in this district and others "strongly disfavor[]" requests for sur-replies. *Mostowfi v. I2 Telecom Int'l, Inc.*, 2005 WL 8162717, at *17 (N.D. Cal. May 23, 2005); *see also Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018) (noting that courts "thoroughly disfavor requests to file sur-replies" because they are often "merely an attempt to have the last word on [an] issue").

## III.    ARGUMENT

### A.    Plaintiffs' motion should be denied because it flouts Civil Local Rule 7-3.

Plaintiffs' one-paragraph motion (which is incorrectly styled as a "Motion for Leave to File Sur-reply" rather than as an administrative motion) cites no applicable rule, legal standard, or case law supporting Plaintiffs' request for an additional brief. It fails even to mention Local Rule 7-3(d), which instructs that sur-replies are permissible only where "new evidence has been submitted in the reply" or a "relevant judicial opinion" was published after briefing had concluded. Civ. L.R. 7-3(d). Neither situation is present here and Plaintiffs nowhere claim otherwise.

Indeed, Plaintiffs fail the standard they neglected to cite. They nowhere argue that Qualcomm submitted any "new evidence" in its reply. Civ. L.R. 7-3(d). Nor could they: Qualcomm did nothing more than point out that the untimely Flamm report contradicted both the Court's instruction that it was too late for Plaintiffs to introduce "alternative expert theories," CMC Tr. at 7:22-8:5, as well as settled law precluding "supplemental" expert reports that introduce new opinions, seek to strengthen or deepen opinions, or contradict the expert's prior sworn testimony. *See Fed. Deposit Ins. Corp. v. Van Dellen*, 2012 WL 12886825, at *1 (C.D. Cal. Nov. 6, 2012). Qualcomm is entitled to respond to arguments and evidence that Plaintiffs raised for the first time in their opposition brief without granting Plaintiffs the right to have the last word. *See CliniComp Int'l, Inc. v. Cerner Corp.*, 2022 WL 16985003, at *20 (S.D. Cal. Nov. 15, 2022) (denying leave to file a sur-reply when the defendant's reply brief "properly responded to . . . arguments that [the plaintiff] explicitly raised for the first time in its opposition brief and expert declaration"); *Synopsys, Inc. v. Siemens Indus. Software, Inc.*, 2021 WL 1238309, at *2 n.2 (N.D. Cal. Apr. 2, 2021) (denying leave to file a sur-reply when the new arguments and cases in

1   the defendant's reply brief were made "in direct response to the arguments raised in [the

2   plaintiff's] opposition").

3         Citing no legal authority, Plaintiffs argue that they are entitled to a sur-reply because

4   Qualcomm should have objected to Dr. Flamm's untimely expert report by filing a separate

5   motion to strike rather than demonstrating in its reply brief why that report is inadmissible and

6   cannot support denial of its summary judgment motion. Plaintiffs are wrong. Civil Local Rule 7-

7   3(c) states that "[a]ny evidentiary and procedural objections to the opposition must be contained

8   *within the reply brief* or memorandum." Civ. L.R. 7-3(c) (emphasis added). That includes

9   arguments regarding untimeliness under Rule 26, which are "procedural in nature" and should be

10   included in a party's brief. *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F. Supp. 2d 1111,

11   1119 n.2 (N.D. Cal. 2011), *abrogated on other grounds by Campbell v. City of Los Angeles*, 903

12   F.3d 1090 (9th Cir. 2018).

13         The case law is in accord. For example, in *In re PersonalWeb Techs., LLC Pat. Litig.*,

14   2020 WL 6821074 (N.D. Cal. Feb. 3, 2020), *aff'd sub nom. In re PersonalWeb Techs. LLC*, 2021

15   WL 3557196 (Fed. Cir. Aug. 12, 2021), the court struck a party's untimely expert declaration

16   based on argument presented in the reply brief. *Id.* at *6. And in *Caldwell v. City of San*

17   *Francisco*, 2020 WL 7643124 (N.D. Cal. Dec. 23, 2020), the court held that a separate motion to

18   strike that raised arguments under Rule 26(e) violated the Local Rule requiring evidentiary and

19   procedural objections to be contained within the brief, and the court required such arguments to

20   appear within the brief itself. *Id.* at *6.

21         In short, Qualcomm properly followed the Civil Local Rules by demonstrating in its reply

22   brief that the new Flamm report is untimely under Rule 26, inadmissible and excludable under

23   Rule 37, and cannot justify denial of Qualcomm's summary judgment motion. As is clear from

24   their improper motion for leave to file a sur-reply, Plaintiffs were fully aware of Qualcomm's

25   timeliness arguments when they filed their opposition and could have addressed them then. Their

26   tactical choice not to do so in no way entitles them to an additional brief.

27       **B.**    **Plaintiffs' proposed sur-reply confirms its impropriety.**

28       Plaintiffs' proposed sur-reply confirms that the Court should disregard it for at least the

following five reasons.

**First**, the proposed sur-reply makes no effort to argue that Dr. Flamm's improper new report is "substantially justified or harmless," such that it could possibly escape exclusion under Federal Rule of Civil Procedure 37(c)(1).

**Second**, Plaintiffs argue that "Qualcomm does not challenge the admissibility of Dr. Flamm's Supplemental Expert Report, only Plaintiffs' right to submit it." Pls.' Mot. for Leave, Ex. A at 2, ECF No. 988. That claim is false. The first heading of Qualcomm's reply brief reads: "Dr. Flamm's untimely expert report is inadmissible." Def.'s Reply Br. at 2, ECF No. 982. Plaintiffs suggest that the absence of a *Daubert* motion means that the untimely report can simply come into evidence at summary judgment, but that claim lacks legal and logical merit. As the case law Qualcomm cited makes clear, a party cannot defeat summary judgment by lobbing in brand new expert theories and opinions—especially on subjects that the expert has disclaimed having an opinion or has issued contradictory opinions. *Id.* (citing caselaw). And it would make little sense (and waste judicial resources) to move to exclude untimely opinions under *Daubert* that are improper, inadmissible, and subject to "automatic" exclusion under Rule 37(c). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Plaintiffs cite no authority holding otherwise.

**Third**, Plaintiffs incorrectly argue that they can evade this Court's denial of their request to reopen expert discovery because Dr. Flamm's untimely expert report "is based on record evidence, or evidence that is publicly available." Pls. Mot. For Leave, Ex. A at 3. That misses the point, which is that Dr. Flamm's "supplemental" *opinions* themselves are new and appear nowhere in the record, which makes them improper and inadmissible regardless of whether they are "based on" the prior record. Indeed, Plaintiffs' concession that Dr. Flamm *could have* conducted his new analysis earlier but chose not to—expressly disclaiming any opinion on chip pricing—only confirms that his new opinions are untimely and improper supplementation. Flamm Dep. 60:1-6, ECF No. 982-1, Ex. 9.

**Fourth**, Plaintiffs grossly mischaracterize the Ninth Circuit's unpublished decision in *Trujillo v. Cnty. of Los Angeles*, 751 F. App'x 968 (9th Cir. 2018). There, the Ninth Circuit

affirmed the district court's discretionary decision to admit a defendant's expert declarations in support of its motion for summary judgment. The decision nowhere addresses a supplemental report or Rule 26(e)'s requirements at all. Indeed, far from mandating the admission of untimely expert opinions, the Ninth Circuit held that "the district court could have precluded the use of the witnesses' testimony when the witnesses were not appropriately disclosed," but that its decision to consider the testimony was not an abuse of discretion because the affected party had "not alleged a harm." *Id.* at 971. Here, Qualcomm established the prejudice from the untimely Flamm report, which Plaintiffs nowhere refute. Moreover, Plaintiffs' assertion that *Trujillo* "instructs district courts" to consider untimely expert reports is both frivolous in light of the litany of cases Qualcomm cited for the opposite proposition, and an egregious mischaracterization of *Trujillo*. Pls.' Mot. for Leave, Ex. A at 2. In the portion of the decision that Plaintiffs cite, the *Trujillo* court was addressing the district court's insistence on specific citations to different expert declarations that it admitted; it had nothing to do with considering untimely expert reports. 751 F. App'x at 971.

*Fifth*, Plaintiffs disingenuously insist that Qualcomm "agreed" in a joint CMC statement that Plaintiffs could submit an improper and untimely new expert opinion. Pls.' Mot. for Leave, Ex. A at 4. That argument not only ignores the fact that the Court ruled at the CMC that there would be no new discovery, but also misconstrues Qualcomm's position. Qualcomm proposed that further merits expert discovery would be warranted only if the Court were to determine that Plaintiffs' claim could proceed on the merits. Qualcomm had proposed litigating that question under Rule 12(c), but the Court preferred Rule 56. Qualcomm's summary judgment motion demonstrates that this case should ***not*** proceed on the merits because Plaintiffs cannot support their claims "on the record that [they] had" at close of discovery and on which they "were prepared to go to trial." CMC Tr. at 12:5-6.

## V.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' administrative motion seeking leave to file the proposed sur-reply.[2]

---

[2] No further briefing on this issue is permitted. *See* Civ. L.R. 7-11(c).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  July 7, 2023

KEKER, VAN NEST & PETERS LLP

By:    _s/ Robert A. Van Nest_
Robert A. Van Nest
Eugene M. Paige
Cody S. Harris
Matan Shacham
Kristin E. Hucek
Daniel B. Twomey
Jasmine K. Virk

Richard S. Taffet (pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel.:    (212) 309-6000
Fax:    (212) 309-6001
richard.taffet@morganlewis.com

Geoffrey T. Holtz (SBN 191370)
MORGAN, LEWIS & BOCKIUS LLP
One Market Plaza, Spear Street Tower
San Francisco, CA 94105-1596
Tel.:    (415) 442-1000
Fax:    (415) 442-1001
gholtz@morganlewis.com

Attorneys for Defendant
QUALCOMM INCORPORATED

DEF.'S OPP. TO PLS.' ADMIN. MOT. FOR LEAVE TO FILE SUR-REPLY
Case No. 3:17-md-02773-JSC

2202501